**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(A) AUTHORIZING DEBTORS TO (I) FILE A CONSOLIDATED CREDITOR
MATRIX, (II) FILE A CONSOLIDATED LIST OF 50 LARGEST UNSECURED
CREDITORS, (III) WAIVE REQUIREMENTS TO FILE A LIST OF, AND
PROVIDE NOTICE TO, ALL EQUITY HOLDERS, (IV) REDACT CERTAIN
PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL
CREDITORS, AND (B) GRANTING RELATED RELIEF**

The debtors and debtors in possession (collectively, the "**Debtors**," and, together with their non-Debtor affiliates, the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an interim order substantially in the form attached hereto as **Exhibit A** (the "**Interim Order**") and a final order substantially in the form attached hereto as **Exhibit B** (the "**Final Order**," together with the Interim Order, the "**Orders**") granting the relief described below.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Jamere Jackson in Support of the Debtors' Petitions and Requests for First Day Relief* (the "**First Day Declaration**"),[2] filed concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

---

[1]	The last four digits of The Hertz Corporation's tax identification number are 8568.  The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928.  Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at https://restructuring.primeclerk.com/hertz.

[2]	Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## RELIEF REQUESTED

1.      By this Motion, pursuant to sections 105(a), 107(c), 342(a), and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors seek entry of the Interim Order and the Final Order: (a) authorizing the Debtors to (i) file a consolidated creditor matrix in lieu of submitting a separate mailing matrix and creditor list for each Debtor, (ii) file a consolidated list of the Debtors' fifty (50) largest general unsecured creditors, (iii) waive the requirement to file a list of equity holders (the "**HGH Equity List**") for Hertz Global Holdings, Inc. ("**HGH**") and modify equity holder notice requirements to HGH's equity security holders (the "**HGH Equity Holders**"), (iv) redact in the creditor matrix certain personal identification information for individual creditors; and (b) granting related relief.

2.      In addition, the Debtors request that the Court schedule a final hearing (the "**Final Hearing**")[3] to consider the relief requested herein on a final basis and entry of the Final Order.

3.      For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

4.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding

---

[3]      The period between the date this Motion was filed and the Final Hearing is referred to herein as the "**Interim Period**."  The Debtors estimate that the Interim Period will last thirty (30) days where such an estimate is required for the purposes of the relief requested herein.

2

under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

6.      The predicates for the relief requested by this Motion are sections 105(a), 107(c), 342(a), and 521 of title 11 of the Bankruptcy Code, Rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1007-2 and 2002-1(f)(v) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

7.      On May 22, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Debtors have filed a separate procedural motion requesting that the Chapter 11 Cases be jointly administered.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

8.      The Company is a leading provider of vehicle rentals around the world, serving customers under the Hertz, Dollar, Thrifty, and Firefly brands.  The Company and its franchisees operate a total of more than 10,000 locations across North America, Europe, Latin America, Africa, Asia, Australia, the Caribbean, the Middle East and New Zealand.  Hertz's

AMERICAS 102864053
RLF1 23473420v.1

motto, "we're here to get you there," reflects the Company's fundamental function: to help its customers move about and explore, whether close to home or on the other side of the globe.

9.    In addition to their vehicle rental businesses, the Debtors offer leasing and fleet management services in the United States and Canada through Debtor Donlen Corporation ("**Donlen**") and certain of its subsidiaries.  Donlen provides a variety of fleet services to North American companies that operate vehicle fleets of all different sizes, allowing customers to focus on their core businesses while Donlen helps them achieve efficiencies in their fleet operations.

10.    With air travel at record levels in 2018 and 2019, the Company was prospering.  It reported adjusted corporate EBITDA of $433 million and $649 million in those years, respectively, and, through the end of 2019, achieved ten consecutive quarters of year-over-year revenue growth.  In March of 2020, however, the Company's business was acutely impacted by reductions in travel and restrictions on movement brought about by the coronavirus pandemic.  Whether voluntarily or by government mandate, the air travelers the Company serves largely stopped flying and its local customers largely stopped driving.  The effect on the Company's revenue was devastating.

11.    At the same time, the crisis subjected the Company to unanticipated demands on its cash reserves.  A sharp and unexpected reduction in used car values precipitated by the coronavirus crisis burdened the Company with a substantial cash payment due April 27, 2020 in connection with its primary U.S. rental fleet financing arrangement.  The Company elected not to consume its precious liquidity and did not make that payment.  A short forbearance and waiver period allowed the Company to reach accords with creditors in Europe and Australia on additional temporary or permanent waivers.  However, it failed to yield a longer-term solution with the Company's primary U.S. and Canadian creditor groups.  Accordingly, the Debtors

commenced these Chapter 11 Cases with the goals of stabilizing their operations, assessing their options, and charting a course for a strong future.

12.     Additional background and information regarding the Company, including its business operations, its corporate and capital structure, its restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

## **BASIS FOR RELIEF**

I.     **Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix.**

13.     Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-2(a) require the Debtors to file a list containing the name and complete address of each creditor.  11 U.S.C. § 521(a)(1)(A); Fed. R. Bankr. P. 1007(a)(1); Del. Bankr. L.R. 1007-2(a).  Moreover, Local Rule 2002-1(f)(v) requires each debtor or its duly retained agent in jointly administered cases to maintain a separate creditor mailing matrix.  Local Rule 1001-1(c) permits the Court to modify the Local Rules if it is "in the interest of justice."  Del. Bankr. L.R. 1001-1(c); 2002-1(f)(v).

14.     The Debtors have contemporaneously filed an application to retain Prime Clerk LLC as claims and noticing agent (the "**Claims and Noticing Agent**") and as agent for the Office of the Clerk of Court (the "**Clerk's Office**") to assist the Clerk's Office with, among other things, the notices to be provided in these Chapter 11 Cases.  The Claims and Noticing Agent has prepared a consolidated list of creditors and potential parties-in-interest (the "**Creditor Matrix**") based on the names and addresses that the Debtors maintained in their databases or were otherwise readily ascertainable by the Debtors prior to the Petition Date.  The Creditor Matrix is

5

in a format ordinarily used by the Claims and Noticing Agent and may not comply with all or some of the various requirements under the Bankruptcy Rules for a creditor matrix.

15.     The Debtors submit that permitting them to maintain a single consolidated list of creditors, in lieu of filing a separate creditor matrix for each Debtor, is warranted.  Under the current circumstances, reformatting the consolidated list, preparing and filing separate formatted creditor matrices, and otherwise complying with the creditor matrix requirements will unnecessarily burden the Debtors and result in duplicate mailings, without any corresponding benefit to their estates.  Granting the relief requested herein would avoid these consequences and would allow the Debtors' business operations to continue without interruption during the Chapter 11 Cases.

16.     Moreover, this Court has granted similar relief to the relief requested in this Motion in other recent complex chapter 11 cases.  *See, e.g.*, *In re VIP Cinema Holdings, Inc.*, No. 20-10345 (MFW) (Bankr. D. Del. Feb. 2, 2020); *In re EdgeMarc Energy Holdings, LLC*, No. 19-11104 (BLS) (Bankr. D. Del. June 13, 2019)*; In re Pernix Sleep, Inc.*, No. 19-10323 (CSS) (Bankr. D. Del. Apr. 11, 2019); *In re Beauty Brands, LLC*, No. 19-10031 (CSS) (Bankr. D. Del. Jan. 8, 2019); *In re ATD Corporation*, No. 18-12221 (KJC) (Bankr. D. Del. Oct. 5, 2018); *In re Videology, Inc.*, No. 18-11120 (BLS) (Bankr. D. Del. May 11, 2018); *In re J & M Sales, Inc.*, No. 18-11801 (LSS) (Bankr. D. Del. Aug. 7, 2018).[4]

## II.     Cause Exists to Authorize the Debtors to File a Single Consolidated List of the Debtors' Fifty Largest Unsecured Creditors.

17.     The Debtors also submit that the filing of a single consolidated list of the Debtors' largest unsecured creditors is appropriate in these Chapter 11 Cases.  Bankruptcy Rule

---

[4]     Due to their voluminous nature, the orders are not attached to this Motion, but are available on request.

1007(d) requires the Debtors to file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims." Fed. R. Bankr. P. 1007(d). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

18.     Here, the Debtors operate as a cohesive global enterprise and share many of the same creditors. Compiling separate lists for each Debtor would consume a substantial amount of the Debtors' limited time and resources. Moreover, since the Debtors will request that the U.S. Trustee appoint a single committee of unsecured creditors for the Chapter 11 Cases, a single consolidated list of the Debtors' fifty (50) largest unsecured creditors will better represent the Debtors' most significant unsecured creditors.

19.     The Court has granted similar relief to the relief requested in this Motion in other recent complex chapter 11 cases. *See, e.g. In re John Varvatos Enters., Inc.*, No. 20-11043 (MFW) (Bankr. D. Del. May 7, 2020); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019); *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 12, 2019).[5]

### III.    Cause Exists to Waive the Requirement to File the HGH Equity List and Modify Notice Requirements to HGH Equity Holders.

20.     Bankruptcy Rule 1007(a)(3) provides that, "unless the court orders otherwise, the debtor shall file within 14 days after entry of the order for relief a list of the debtor's equity security holders," including last known addresses of each holder. Fed. R. Bank.

---

[5]     Due to their voluminous nature, the orders are not attached to this Motion, but are available on request.

AMERICAS 102864053
RLF1 23473420v.1

P. 1007(a)(3).  Bankruptcy Rule 2002(d) further provides that, "unless otherwise ordered by the court," notice of the order for relief shall be given to all equity security holders.  Fed. R. Bankr. P. 2002(d); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

21.    The Debtors submit that waiver of the requirement to file the HGH Equity List and provide notice of the order for relief or commencement of the Chapter 11 Cases to all of the HGH Equity Holders is appropriate.  As an initial matter, HGH is a publicly held company with approximately 142.29 million common shares outstanding.  Preparing a list of HGH's equity security holders with last known addresses and sending notices to all parties on such list would require substantial costs and resources.  Instead, the Debtors propose to provide notice by: (i) publishing the notice of commencement on the Debtors' case website located at https://restructuring.primeclerk.com/hertz; (ii) filing a Form 8-K with the SEC within four business days following the Petition Date, notifying their investors and other parties of the commencement of the Chapter 11 Cases, as well any other filings with the SEC, as necessary, and other public announcements; and (iii) including the notice of commencement in their proposed noticing program.[6]  To the extent the HGH Equity Holders are entitled to vote on a chapter 11 plan, the Debtors will provide them notice of the bar date and the opportunity to assert their interests.  The Debtors submit that these efforts provide adequate notice to the HGH Equity Holders.

22.    The Court has granted similar relief in recent complex chapter 11 cases. *See, e.g.*, *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019);

---

[6]    These procedures are further explained in the *Debtors' Motion for Entry of Interim and Final Orders Establishing Notice and Hearing Procedures for Trading in Claims and Equity Securities in the Debtors and Setting Record Date for Notice and Sell-Down Procedures*, filed concurrently herewith.

8

*In re Pernix Sleep, Inc.*, No. 19-10323 (CSS) (Bankr. D. Del. Apr. 11, 2019); *In re Ciber, Inc.*, No. 17-10772 (BLS) (Bankr. D. Del. Apr. 28, 2017); *In re Hercules Offshore, Inc.*, No. 16-11685 (KJC) (Bankr. D. Del. June 7, 2016); *In re Swift Energy Co.*, No. 15-12670 (MFW) (Bankr. D. Del. Jan 5, 2016); *In re Radioshack Corp.*, No. 15-10197 (BLS) (Bankr. D. Del. Feb. 9, 2015). [7]

## IV. Causes Exists to Redact Certain Personal Identification Information for Individual Creditors.

23.     Section 107(c) of the Bankruptcy Code provides that this Court:

. . . for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create *undue risk of identity theft or other unlawful injury to the individual* or the individual's property:

(A) *Any* means of identification (as defined in section 1028(d) of title 18) contained in a paper filed in a case under this title.

(B) *Other information* contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1)(A)-(B) (emphasis added).

24.     Section 1028(d)(7)(A) of title 18 defines "means of identification" as: "*any* name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, *including* any (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number . . . ." 18 U.S.C. § 1028(d)(7)(A) (emphasis added).

25.     The Debtors' personal mailing addresses of their individual creditors also fall within the protections afforded under section 1028(d)(7)(A). Although personal addresses

---

[7]        Due to their voluminous nature, the orders are not attached to this Motion, but are available on request.

are not enumerated in the "means of identification" definition, this list is, as noted in the statute, inclusive and non-exhaustive.   Moreover, section 1028(d)(7)(A) provides as a "means of identification," "any name or number . . . used alone or in conjunction with any other information" to identify an individual.  18 U.S.C. § 1028(d)(7)(A).  The combination of an individual's name and personal home address constitutes the type of "means of identification" contemplated under section 1028(d)(7)(A).

26.    Cause exists here to authorize the Debtors to redact personal mailing addresses of individual creditors, many of whom are the Debtors' current or former employees or customers.  The inclusion of such personally identifiable information of such individual creditors and interest holders may, among other things, (a) create an undue risk of identity theft contemplated by section 107(c), and (b) expose such individuals to other types of unlawful injury such as harassment or violence by abusive former partners or past perpetrators.  Indeed, the risk of individuals is not merely speculative.  In at least one chapter 11 case in this district, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the case to track the employee at her new address that had not been publicly available until then, forcing the employee to change her address again for her safety.[8]

27.    Moreover, certain of the Debtors' creditors are located in countries in the European Union, which regulates the disclosure of personal information.  Specifically, the European General Data Protection Regulation (the "**GDPR**"), which applies to all European Union member countries and affords important protections to its citizens, imposes significant

---

[8]    This incident is further described in the creditor matrix motion filed in *In re Charming Charlie Holdings, Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul 11, 2019) [Docket No. 4].

constraints on the disclosure of "personally identifiable information" (which includes home addresses of individuals) with severe penalties for violations of the GDPR.  If an organization is found to have disclosed information in breach of the GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover of the preceding financial year.  *See* General Data Protection Regulation (EU) 2016/679, art. 83(5).  Violation of the GDPR can result in severe monetary penalties or expose the Debtors to tangible economic risk and civil liability that could threaten the Debtors' operations during this critical stage of restructuring.

28.    Given potentially thousands of individual creditors in these Chapter 11 Cases, including the Debtors' current and former employees and the Debtors' customers, located not just in the U.S. but internationally, the Debtors are unable to know with sufficient certainty whether disclosing such individual creditors' personally identifiable information could potentially jeopardize their safety or expose the Debtors to penalties.  Accordingly, the Debtors believe it would be prudent to proactively exercise all measures to protect their employees, customers, or other individual creditors by redacting from public view, all personal home addresses.

29.    To be clear, the Debtors are not seeking to seal or redact the entire Creditor Matrix.  In fact, the Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other applicable filings to (a) the Court, the U.S. Trustee, counsel to an official committee of unsecured creditors appointed in these Chapter 11 Cases (if any), and (b) upon a request to the Debtors or to the Court that is reasonably related to these Chapter 11 Cases, any party in interest.  In addition, the Debtors will distribute to their current employees any notices that are received at the Debtors' corporate headquarters and are intended for an employee.  The Debtors respectfully submit that this tailored approach of maintaining

11

public access to the Creditor Matrix – without publishing sensitive personally identifiable information of individuals on the worldwide web – is warranted and reasonable given the circumstances.

30.     Moreover, Courts in this jurisdiction and others have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re Anna Holdings, Inc.*, No. 19-12-551-CSS (Bankr. D. Del. Dec. 3, 2019); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019); *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019); *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 12, 2019); *In re Cloud Peak Energy Inc.*, No. 19-11047 (KG) (Bankr. D. Del. May 14, 2019).

31.     To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief requested in this Motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)). Notwithstanding the foregoing, if there are any such Confidentiality Rights, then undersigned counsel respectfully certifies that they are unable to confer with all Holders of such Confidentiality Rights and that attempting to confer with all known or potential Holders of Confidentiality Rights would be futile due to the significant number of such Holders with respect to this Motion.

## NOTICE

32.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the U.S. Notes Agent; (iii) the Senior Credit Agreement Agent; (iv) the administrative agent under the ALOC Facility; (v) the successor trustee under the Promissory Notes; (vi) the U.S. ABS Agent; (vii) the indenture trustee under

12

the HFLF ABS Notes; (viii) the administrative agent and collateral agent under the U.S. Vehicle RCF; (ix) the indenture trustee under the European Vehicle Notes; (x) the administrative agent and collateral agent under the European ABS Notes; (xi) the indenture trustee and collateral agent under the Hertz Canadian Securitization Notes; (xii) the lender under the Donlen Canada Securitization Program; (xiii) the administrative agent and the security trustee under the Australian Securitization Notes; (xiv) the lender under the New Zealand RCF; (xv) the lender under the U.K. Financing Facility; (xvi) holders of the fifty (50) largest unsecured claims against the Debtors (on a consolidated basis); (xvii) the Internal Revenue Service; (xviii) the Securities and Exchange Commission; (xix) the United States Attorney for the District of Delaware; (xx) any such other party entitled to notice pursuant to Local Rule 9013-1(m); (xxi) the state attorneys general for all states in which the Debtors conduct business; and (xxii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

33.    No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion, the Order, and such other and further relief as is just and proper.

13

Dated: May 24, 2020

*/s/ Mark D. Collins*

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
Christopher M. De Lillo (No. 6355)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Collins@rlf.com
Knight@rlf.com
Haywood@rlf.com
DeLillo@rlf.com
Noble@rlf.com

—and—

**WHITE & CASE LLP**

Thomas E. Lauria (*pro hac vice* pending)
Matthew C. Brown (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:    (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (*pro hac vice* pending)
David M. Turetsky (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 819-8200
cshore@whitecase.com
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* pending)
111 South Wacker Drive
Chicago, IL 60606
Telephone:    (312) 881-5400
jzakia@whitecase.com

Ronald K. Gorsich (*pro hac vice* pending)
Aaron Colodny (*pro hac vice* pending)
Andrew Mackintosh (*pro hac vice* pending)
Doah Kim (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:    (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
amackintosh@whitecase.com
doah.kim@whitecase.com

*Proposed Co-Counsel to the Debtors and
Debtors-in-Possession*

## EXHIBIT A

### Proposed Interim Order

AMERICAS 102864053

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| | (Joint Administration Requested) |
| Debtors. | **Re: Docket No. ____** |

## INTERIM ORDER (A) AUTHORIZING DEBTORS TO (I) FILE A CONSOLIDATED CREDITOR MATRIX, (II) FILE A CONSOLIDATED LIST OF 50 LARGEST UNSECURED CREDITORS, (III) WAIVE REQUIREMENTS TO FILE A LIST OF, AND PROVIDE NOTICE TO, ALL EQUITY HOLDERS, (IV) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS, AND (B) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Interim Order**") (a) authorizing the Debtors to (i) file a consolidated creditor matrix in lieu of submitting a separate mailing matrix and creditor list for each Debtor, (ii) file a consolidated list of the Debtors' fifty (50) largest general unsecured creditors, (iii) waive the requirement to file the HGH Equity List and modify equity holder notice requirements for the HGH Equity Holders, (iv) redact certain personal identification information for individual creditors, and (b) granting related relief; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1]     The last four digits of The Hertz Corporation's tax identification number are 8568.  The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928.  Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at https://restructuring.primeclerk.com/hertz.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and the record of the Hearing; and upon consideration of the First Day Declaration; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The requirements in Local Rules 1007-2 and 2002-1 that separate mailing matrices be maintained and submitted for each Debtor are waived.  The Debtors are authorized to file a consolidated Creditor Matrix; *provided*, *however*, if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file and provide its own separate creditor mailing matrix to the Clerk's Office for the converted case.

3.      The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in these Chapter 11 Cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4.      The requirement under Bankruptcy Rule 1007(a)(3) to file the HGH Equity List is waived.

AMERICAS 102864053
RLF1 23473420v.1

5.      The requirement under Bankruptcy Rule 2002(d) to provide notice of the orders for relief or commencement of the Chapter 11 Cases to all of the HGH Equity Holders is waived.

6.      The Debtors are authorized to redact in their Creditor Matrix (a) the home addresses of all individual creditors; and (b) the names and address information of individuals the Debtors believe to be protected by the GDPR; *provided, however*, that the Claims and Noticing Agent shall maintain the unredacted version of the Creditor Matrix on a confidential basis and the Debtors or the Claims and Noticing Agent shall submit an unredacted version of the Creditor Matrix to the Clerk's Office and, upon request, to the U.S. Trustee, this Court, counsel to an official committee of unsecured creditors appointed in these Chapter 11 Cases (if any), and any party in interest upon a request to the Debtors or the Court for information that is reasonably related to these Chapter 11 Cases.

7.      When serving any notice in these Chapter 11 Cases on individual creditors, the Debtors' Claims and Noticing Agent shall use such individual creditor's home address.

8.      The Debtors are authorized to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9.      Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be effective immediately upon entry.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

3

11.     The deadline by which objections to entry of a final order on the Motion must be

filed is _____, 2020 at _____ __.m. (Eastern Time) (the "**Objection Deadline**").  The Final

Hearing, if required, will be held on _____, 2020 at _____ __.m. (Eastern Time).


Dated: _____, 2020
         Wilmington, Delaware


                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE

4

# **EXHIBIT B**

## **Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| | (Joint Administration Requested) |
| Debtors. | **Re: Docket No. ____** |

**FINAL ORDER (A) AUTHORIZING DEBTORS TO (I) FILE A CONSOLIDATED CREDITOR MATRIX, (II) FILE A CONSOLIDATED LIST OF 50 LARGEST UNSECURED CREDITORS, (III) WAIVE REQUIREMENTS TO FILE A LIST OF, AND PROVIDE NOTICE TO, ALL EQUITY HOLDERS, (IV) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS, AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") (a) authorizing the Debtors to (i) file a consolidated creditor matrix in lieu of submitting a separate mailing matrix and creditor list for each Debtor, (ii) file a consolidated list of the Debtors' fifty (50) largest general unsecured creditors, (iii) waive the requirement to file the HGH Equity List and modify equity holder notice requirements for the HGH Equity Holders, (iv) redact certain personal identification information for individual creditors, and (b) granting related relief; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1]     The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at https://restructuring.primeclerk.com/hertz.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the record of the Hearing, if any; and upon consideration of the First Day Declaration; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The requirements in Local Rules 1007-2 and 2002-1 that separate mailing matrices be maintained and submitted for each Debtor are waived.  The Debtors are authorized to file a consolidated Creditor Matrix; *provided* that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file and provide its own separate creditor mailing matrix to the Clerk's Office for the converted case.

3.      The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in these Chapter 11 Cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

2

4.      The requirement under Bankruptcy Rule 1007(a)(3) to file the HGH Equity List is waived.

5.      The requirement under Bankruptcy Rule 2002(d) to provide notice of the orders for relief or commencement of the Chapter 11 Cases to all of the HGH Equity Holders is waived.

6.      The Debtors are authorized to redact in their Creditor Matrix (a) the home addresses of all individual creditors; and (b) the names and address information of individuals the Debtors believe to be protected by the GDPR; *provided, however*, that the Claims and Noticing Agent shall maintain the unredacted version of the Creditor Matrix on a confidential basis and the Debtors or the Claims and Noticing Agent shall submit an unredacted version of the Creditor Matrix to the Clerk's Office and, upon request, to the U.S. Trustee, this Court, counsel to an official committee of unsecured creditors appointed in these Chapter 11 Cases (if any), and any party in interest upon a request to the Debtors or the Court for information that is reasonably related to these Chapter 11 Cases.

7.      When serving any notice in these Chapter 11 Cases on individual creditors, the Debtors' claims agent shall use such individual creditor's home address.

8.      The Debtors are authorized to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9.      Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be effective immediately upon entry.

3

10.    This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2020
       Wilmington, Delaware

 

 

_____
UNITED STATES BANKRUPTCY JUDGE

4