## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) CONFIRMING, RESTATING, AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF

The debtors and debtors in possession (collectively, the "**Debtors**," and, together with their non-Debtor affiliates, the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") granting the relief described below. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Jamere Jackson in Support of Debtors' Petitions and Requests for First Day Relief* (the "**First Day Declaration**"),[2] filed concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

---

[1]     The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at https://restructuring.primeclerk.com/hertz.

[2]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## RELIEF REQUESTED

1.      By this Motion, pursuant to sections 105(a),  363, 365, 525, and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors seek entry of the Order (a) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (b) approving the form and manner of notice related thereto, substantially in the form attached as **Exhibit 1** to the Order (the "**Notice**"), and (c) granting related relief.

2.      The Debtors further seek authority, but not direction, to translate the Order and the Notice to better inform creditors, governmental units, and interested parties or parties otherwise affected by this Order of the relief requested herein.

3.      For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

4.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5.      The predicates for the relief requested by this Motion are sections 105(a), 362, 365, 525, and 541 of the Bankruptcy Code.

6.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is

determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

### A.    Overview

7.    On May 22, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Debtors have filed a separate procedural motion requesting that these Chapter 11 Cases be jointly administered.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

8.    The Company is a leading provider of vehicle rentals around the world, serving customers under the Hertz, Dollar, Thrifty, and Firefly brands.  The Company and its franchisees operate a total of more than 10,000 locations across North America, Europe, Latin America, Africa, Asia, Australia, the Caribbean, the Middle East and New Zealand.  Hertz's motto, "we're here to get you there," reflects the Company's fundamental function: to help its customers move about and explore, whether close to home or on the other side of the globe.

9.    In addition to their vehicle rental businesses, the Debtors offer leasing and fleet management services in the United States and Canada through Debtor Donlen Corporation ("**Donlen**") and certain of its subsidiaries.  Donlen provides a variety of fleet services to North American companies that operate vehicle fleets of all different sizes, allowing customers to focus on their core businesses while Donlen helps them achieve efficiencies in their fleet operations.

3

10.     With air travel at record levels in 2018 and 2019, the Company was prospering.  It reported adjusted corporate EBITDA of $433 million and $649 million in those years, respectively, and, through the end of 2019, achieved ten consecutive quarters of year-over-year revenue growth. In March of 2020, however, the Company's business was acutely impacted by reductions in travel and restrictions on movement brought about by the coronavirus pandemic.  Whether voluntarily or by government mandate, the air travelers the Company serves largely stopped flying and its local customers largely stopped driving.  The effect on the Company's revenue was devastating.

11.     At the same time, the crisis subjected the Company to unanticipated demands on its cash reserves.  A sharp and unexpected reduction in used car values precipitated by the coronavirus crisis burdened the Company with a substantial cash payment due April 27, 2020 in connection with its primary U.S. rental fleet financing arrangement.  The Company elected not to consume its precious liquidity and did not make that payment.  A short forbearance and waiver period allowed the Company to reach accords with creditors in Europe and Australia on additional temporary or permanent waivers.  However, it failed to yield a longer-term solution with the Company's primary U.S. and Canadian creditor groups.  Accordingly, the Debtors commenced these Chapter 11 Cases with the goals of stabilizing their operations, assessing their options, and charting a course for a strong future.

12.     The international reach of the Debtors' businesses and the Debtors' dealings with non-U.S. creditors and otherwise affected parties who may be unfamiliar with the protections afforded chapter 11 debtors under the Bankruptcy Code necessitates the entry of the Order by this Court out of an abundance of caution.  For the avoidance of doubt, the Debtors do not seek to expand or enlarge the rights afforded to them under the Bankruptcy Code.  Instead, the Debtors

4

seek to affirm those rights and assist their non-U.S. creditors and parties in interest to better understand them.

13.    Additional background and information regarding the Company, including its business operations, its corporate and capital structure, its restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

## BASIS FOR RELIEF

I.    **Confirming the Protections of Sections 362, 365, 525, and 541 of the Bankruptcy Code Is Authorized By and Appropriate Under the Bankruptcy Code.**

14.    As a result of the commencement of these Chapter 11 Cases, and by operation of section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other things, taking any action to obtain possession of property of or from the estate or to exercise control over property of the estate.  *See* 11 U.S.C. § 362(a)(3).  The injunction contained in section 362 is a core protection for debtors, providing them with a "breathing spell" from their creditors, which, in combination with other provisions of the Bankruptcy Code, is essential to a debtor's ability to reorganize.  *See*, *e.g.*, *McCartney v. Integra Nat. Bank North*, 106 F.3d 506, 509 (3d Cir. 1997) (citing *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991)); *Cuffee v. Atl. Bus. & Cmty. Dev. Corp. (In re Atl. Bus. & Cmty. Corp.)*, 901 F.2d 325, 327 (3d Cir. 1990) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors.") (internal citation omitted).

15.    Given its fundamental importance to a debtor's reorganization, courts broadly construe the Bankruptcy Code's automatic stay provisions.  *See*, *e.g.*, *In re Fannie Askew*, 312 B.R. 274, 280 (Bankr. D.N.J.) (citing *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1203 (3d Cir. 1991)).  As such, the automatic stay has been held to preclude unilateral actions by

5

non-debtor parties to terminate or otherwise interfere with contracts without court order, protecting a debtor's property and contracts wherever located and by whoever held.  *See*, *e.g.*, *Broadstripe, LLC v. Nat'l Cable Tel. Coop., Inc.* (*In re Broadstripe, LLC*), 402 B.R. 646, 659 (Bankr. D. Del. 2009) (holding that the debtor's interest in executory contracts and leases are property of the estate, "protected against termination or other interference that would have the effect of removing or hindering the debtor's rights in violation of" the automatic stay); *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1075 (3d Cir. 1992) (holding a nondebtor party to an executory contract cannot enforce contractual rights against a debtor without seeking relief from the automatic stay); *see also ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006) ("Section 362(a)(3) . . . applies to actions against third parties as well as actions against the debtor.").

16.    Furthermore, section 362 of the Bankruptcy Code applies worldwide.  *See*, *e.g.*, *Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) (upholding the bankruptcy court's decision to enforce the automatic stay extraterritorially); *SIPC v. Bernard L. Madoff Secs. LLC* (*In re Bernard Madoff Inv. Sec. LLC*), 474 B.R. 76 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Hong Kong & Shanghai Banking Corp. v. Simon* (*In re Simon*), 153 F.3d 991, 996 (9th Cir. 1998).  The Court has authority to fashion appropriate remedies for violations of the automatic stay.  *See* 11 U.S.C. § 105(a); *see also In re Odom*, 570 B.R. 718, 722 (Bankr. E.D. Pa. 2017) (holding that a bankruptcy court has considerable discretion in fashioning a remedy in connection with a violation of the automatic stay once a finding of civil contempt has been made).

17.    The protections of the automatic stay apply to a debtor's property wherever located and by whomever held.  *See* 11 U.S.C. § 541(a); *In re Allen*, 768 F.3d 274, 276, 279 (3d Cir. 2014) (stating that "[b]ankruptcy jurisdiction, at its core, is in rem" and holding that actual possession by

6

the debtor is not required for property to be part of the debtor's estate) (internal citation and quotation marks omitted) (alteration and emphasis in original); *Underwood v. Hilliard (In re Rimsat, Ltd.)*, 98 F.3d 956, 961 (7th Cir. 1996) (bankruptcy court's in rem jurisdiction over property of estate permits injunctions against foreign proceedings pursuant to the automatic stay). The automatic stay, therefore, applies to the Debtors' assets and operations around the world.

18.     Furthermore, provisions in agreements, transfer instruments, or applicable nonbankruptcy law are unenforceable if such provision "restricts or conditions transfer of such interest by the debtor" or if any such provision:

> is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

19.     Similarly, section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to debtor contracts from terminating or modifying such contracts, including rights or obligations thereunder, solely on account of a debtor's bankruptcy filing—invalidating such "ipso facto" provisions.  Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from enforcing the terms of a contract against the Debtors.  *See In re Broadstripe, LLC*, 402 B.R. at 659 (holding that the debtor's interest in executory contracts and leases are property of the estate, "protected against termination or other interference that would have the effect of removing or hindering the debtor's rights in violation of" the automatic stay); *In re Univ. Med. Ctr.*, 973 F.2d at 1075 (holding that a nondebtor party to an executory contract cannot enforce contractual rights against a debtor without seeking relief from the automatic stay).

7

20.     In addition, section 525 of the Bankruptcy Code prohibits governmental units from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases, or are insolvent during the pendency of these Chapter 11 Cases.  11 U.S.C. § 525(a); *see also In re Exquisito Servs., Inc.*, 823 F.2d 151, 155 (5th Cir. 1987) ("[T]he impetus behind section 525(a) is to prevent governmental units from frustrating the policies of the Bankruptcy Code by discriminating against persons seeking relief under that Code.").

21.     The stay precludes acts against not only property of the estate but also property in the debtor's possession.  11 U.S.C. § 362(a)(3) (staying "any act to obtain possession of property of the estate *or of property from the estate*" (emphasis added)); *see also Borman v. Raymark*, 946 F.2d 1031, 1035 (3d Cir. 1991) ("[T]he automatic stay was intended to apply to actions that do not necessarily involve property of the estate.").

22.     Finally, pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction.  *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (section 105(a) grants a bankruptcy court "broad authority" to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings).  Such orders are appropriate where they are crucial to the debtor's reorganization efforts and do not unduly burden creditors.  *See id.*

8

23.     The application of the protections afforded a debtor by sections 362, 365, 525, and 541 of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition. *See*, *e.g.*, 11 U.S.C. § 362(a)(3) ("[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of, [among other things,] any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."); 11 U.S.C. § 365(e)(1) ("[A]ny right or obligation under [an executory contract or unexpired lease of the debtor] may not be terminated or modified, at any time after the commencement of the case solely because" of an *ipso facto* provision); 11 U.S.C. § 525(a) ("[A governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against [. . .] a person that is or has been a debtor under this title.").

24.     Notwithstanding the self-executing and global effect of sections 363, 365, 541, and 525, not all parties affected, or potentially affected, by the commencement of these Chapter 11 Cases are aware of these statutes and their significance and impact.  Indeed, non-U.S. creditors or other parties unfamiliar with the Bankruptcy Code may attempt to proceed against the Debtors' property outside the United States, or take other actions against property of the Debtors or property in the Debtors' possession, even after the Debtors file voluntary petitions triggering the automatic relief provided under the Bankruptcy Code.  Such unilateral self-help, litigation, or collection actions could adversely impact the Debtors' ordinary course operations, thereby jeopardizing the Debtors' reorganization and resulting in irreparable harm to the estates and interested parties.

25.     This is particularly true in these Chapter 11 Cases given the size and global nature of the Company's enterprise.  For example, in the ordinary course of business, the Debtors rely on, and incur obligations to, suppliers of goods and/or services and other creditors that are based

9

outside the United States.[3]  The goods and services provided by these non-U.S. creditors are essential to the Debtors' operations and are crucial aspects of ensuring that they are able to operate their various business segments safely and without incident.  Without continued support from their non-U.S. suppliers and other creditors, the Debtors could face severe interruptions to their daily operations and safety standards could be jeopardized.

26.    Additionally, the Debtors are party to certain leases and executory contracts, that are necessary to the smooth operation of their business, including the Debtors' joint venture agreements, proprietary licenses, insurance policies, and franchise agreements.  Non-U.S. counterparties to these contracts and leases or affected third parties could attempt to terminate or otherwise interfere with them upon the commencement of these Chapter 11 Cases pursuant to *ipso facto* provisions in violation of sections 362 and 365 of the Bankruptcy Code.  Similarly, governmental units outside the United States may deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, franchises, or other similar grants held by a chapter 11 debtor and required for the Debtors' ongoing business operations, violating section 525 of the Bankruptcy Code.

27.    Granting the relief requested herein will also better enable the Debtors to inform non-U.S. creditors and interested or otherwise affected parties of debtor protections that may be unfamiliar to them.  The relief requested herein will facilitate the Debtors' orderly transition into

---

[3]    Concurrently herewith, the Debtors have filed the *Debtors' Motion for Entry of Interim and Final Orders (i) Authorizing, But Not Directing, the Debtors to Pay Prepetition Claims of Foreign and Critical Vendors, (ii) Confirming Administrative Expense Priority Status for Outstanding Prepetition Purchase Orders, and (iii) Granting Related Relief Thereto* (the "**Critical Vendors Motion**").  Pursuant to the Critical Vendors Motion, the Debtors seek authority to continue their business in the ordinary course and satisfy certain prepetition and postpetition claims of foreign trade creditors, among others, as and when they come due.  The Debtors anticipate that such relief will help deter those parties in interest from attempting to exercise remedies or take adverse action against the Debtors in non-U.S. jurisdictions on account of the commencement of these Chapter 11 Cases.

chapter 11 and minimize the disruption of their businesses. To that end, the Debtors submit that service of the Notice in appropriate circumstances will advance the efficient administration of these Chapter 11 Cases and that this Court's entry of the Order is necessary and appropriate to help enforce creditor compliance with the Bankruptcy Code.

28.    Courts in this and other Districts routinely grant relief of the kind here requested where, as here, debtors have significant global operations or creditors.[4] *See, e.g.*, *In re Bumble Bee Parent, Inc.*, No. 19-12502 (LSS) (Bankr. D. Del. Nov. 26, 2019); *In re FTD Companies, Inc.*, No. 19-11240 (LSS) (Bankr. D. Del. July 2, 2019); *In re Maurice Sporting Goods, Inc.*, No. 17-12481 (CSS) (Bankr. D. Del. Nov. 21, 2017).

## **RESERVATION OF RIGHTS**

29.    The Debtors reserve all rights. Without limiting the generality of the foregoing, nothing contained herein is or should be construed as: (a) an admission as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor, interest holder, or otherwise affected party; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume

---

[4]    Due to their voluminous nature, the orders are not attached to this Motion, but are available on request.

or reject any executory contract or unexpired lease with any party subject to this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.

## NOTICE

30.    Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the U.S. Notes Agent; (iii) the Senior Credit Agreement Agent; (iv) the administrative agent under the ALOC Facility; (v) the successor trustee under the Promissory Notes; (vi) the U.S. ABS Agent; (vii) the indenture trustee under the HFLF ABS Notes; (viii) the administrative agent and collateral agent under the U.S. Vehicle RCF; (ix) the indenture trustee under the European Vehicle Notes; (x) the administrative agent and collateral agent under the European ABS Notes; (xi) the indenture trustee and collateral agent under the Hertz Canadian Securitization Notes; (xii) the lender under the Donlen Canada Securitization Program; (xiii) the administrative agent and the security trustee under the Australian Securitization Notes; (xiv) the lender under the New Zealand RCF; (xv) the lender under the U.K. Financing Facility; (xvi) holders of the fifty (50) largest unsecured claims against the Debtors (on a consolidated basis); (xvii) the Internal Revenue Service; (xviii) the Securities and Exchange Commission; (xix) the United States Attorney for the District of Delaware; (xx) the state attorneys general for all states in which the Debtors conduct business; (xxi) any such other party entitled to notice pursuant to Local Rule 9013-1(m); and (xxii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

31.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion, the Order, and such other and further relief as is just and proper.

Dated: May 24, 2020

*/s/ Mark D. Collins*
**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
Christopher M. De Lillo (No. 6355)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Collins@rlf.com
Knight@rlf.com
Haywood@rlf.com
DeLillo@rlf.com
Noble@rlf.com

—and—

**WHITE & CASE LLP**

Thomas E. Lauria (*pro hac vice* pending)
Matthew C. Brown (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:     (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (*pro hac vice* pending)
David M. Turetsky (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone:     (212) 819-8200
cshore@whitecase.com
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* pending)
111 South Wacker Drive
Chicago, IL 60606
Telephone:     (312) 881-5400
jzakia@whitecase.com

13

Ronald K. Gorsich (*pro hac vice* pending)
Aaron Colodny (*pro hac vice* pending)
Andrew Mackintosh (*pro hac vice* pending)
Doah Kim (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:    (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
amackintosh@whitecase.com
doah.kim@whitecase.com

*Proposed Co-Counsel to the Debtors and
Debtors-in-Possession*

14

**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| | (Joint Administration Requested) |
| Debtors. | **Re:  Docket No. ____** |

### ORDER (I) CONFIRMING, RESTATING, AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") (a) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (b) approving the form and manner of notice, and (c) granting related relief, all as more fully set forth in the Motion, pursuant to sections 105(a), 362, 365, 525, and 541 of the Bankruptcy Code, and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]     The last four digits of The Hertz Corporation's tax identification number are 8568.  The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928.  Due to the large number of debtors in these Chapter 11 Cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at https://restructuring.primeclerk.com/hertz.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and the record of the Hearing; and upon consideration of the First Day Declaration; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to and to the extent set forth in section 362 of the Bankruptcy Code, the commencement of these Chapter 11 Cases shall operate as a stay, applicable to all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and all foreign and domestic governmental units (and all those acting on their behalf) of:

> (a) the commencement or continuation (including the issuance or employment of process) of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' Chapter 11 Cases or to recover a claim against the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases;
>
> (b) the enforcement, against the Debtors or against property of their estates, of a judgment obtained before the commencement of the Debtors' Chapter 11 Cases;
>
> (c) any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of the estates;
>
> (d) any act to create, perfect, or enforce any lien against the property of the estates;
>
> (e) any act to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' Chapter 11 Cases;

2

(f)  the setoff of any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases against any claim against the Debtors; and

(g)  the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the Court may determine.

3.      This Order shall not affect the substantive rights of any party.  This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

4.      Pursuant to and to the extent set forth in section 365(e) of the Bankruptcy Code, notwithstanding a provision in an executory contract or unexpired lease or any applicable law, any executory contracts or unexpired leases to which the Debtors are party or signatory may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of these Chapter 11 Cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of any or all of the Debtors or (b) commencement of these Chapter 11 Cases. Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

5.      Pursuant to and to the extent set forth in section 525 of the Bankruptcy Code, a foreign or domestic governmental unit may not deny, revoke, suspend, or refuse to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to any such grant against, the Debtors solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases, are insolvent during the pendency of these Chapter 11 Cases, or have not paid a debt that is dischargeable in these Chapter 11 Cases.

3

6.      This Court retains the jurisdiction to take appropriate remedial action against any persons that violate the relief granted herein outside of the United States, including, but not limited to, (i) holding such persons in contempt, (ii) enjoining any such persons from further violations of the automatic stay, and/or (iii) issuing any appropriate sanctions that may be enforced against such persons' assets that are located in the United States or subject to the jurisdiction of the courts of the United States.

7.      The form of Notice, substantially in the form attached as **Exhibit 1** hereto, is approved.  The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested or otherwise affected parties wherever located.

8.      The Debtors are authorized, but not directed, to cause the Notice to be translated into as many languages as many be deemed necessary and to distribute such notice as the Debtors deem appropriate.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2020
          Wilmington, Delaware


                                               _____
                                               UNITED STATES BANKRUPTCY JUDGE

4

**<u>EXHIBIT 1</u>**

**Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Debtors. | (Joint Administration Requested) |

### NOTICE OF ORDER CONFIRMING, RESTATING, AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on May 22, 2020, the above-captioned debtors and debtors in possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing the chapter 11 cases (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  The Debtors' Chapter 11 Cases are pending before the Honorable Mary F. Walrath, United States Bankruptcy Judge, and are being jointly administered under the lead case The Hertz Corporation, *et al.*, Case No. 20-11218 (MFW).

**PLEASE TAKE FURTHER NOTICE** that pursuant to and to the extent set forth in section 362(a) of the Bankruptcy Code, the commencement of these Chapter 11 Cases shall operate as a stay, applicable to all entities, of: (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been

---

[1]     The last four digits of The Hertz Corporation's tax identification number are 8568.  The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928.  Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at https://restructuring.primeclerk.com/hertz.

commenced before the commencement of the Debtors' Chapter 11 Cases; or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' Chapter 11 Cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (I) Confirming, Restating, and Enforcing The Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of The Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* (the "**Order**") [Docket No. ___], entered on May ___, 2020, and attached hereto as **Exhibit A**, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), persons party to an executory contract or unexpired lease with the Debtors, foreign or domestic governmental units (and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a foreign or domestic governmental unit may not deny, revoke, suspend, or refuse to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to any such grant against, the Debtors solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases, are insolvent

---

[2] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment or any other claims of the Debtors against any party to the above-captioned cases. The Debtors expressly reserve the right to contest any claims, which may be asserted against the Debtors.

2

during the pendency of these Chapter 11 Cases, or have not paid a debt that is dischargeable in these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, notwithstanding a provision in an executory contract or unexpired lease or any applicable law, an executory contract or unexpired lease of the Debtors may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of these Chapter 11 Cases because of a provision in such contract or lease that is conditioned on (a) any Debtor's bankruptcy filing or (b) the insolvency or financial condition of any Debtor.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law—including contempt proceedings, which may result in fines, sanctions, and damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding these Chapter 11 Cases, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly available docket of the Debtors' Chapter 11 Cases at http://www.ecf.deb.uscourts.gov (PACER login and password required), (b) accessing the Debtors' publicly available website providing information regarding these Chapter 11 Cases, located online at

3

https://restructuring.primeclerk.com/hertz, or (c) contacting the following proposed co-counsel for

the Debtors.

Dated: May ___, 2020

_____
**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
Christopher M. De Lillo (No. 6355)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Collins@rlf.com
Knight@rlf.com
Haywood@rlf.com
DeLillo@rlf.com
Noble@rlf.com

—and—

**WHITE & CASE LLP**

Thomas E. Lauria (*pro hac vice* pending)
Matthew C. Brown (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:    (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (*pro hac vice* pending)
David M. Turetsky (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 819-8200
cshore@whitecase.com
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* pending)
111 South Wacker Drive
Chicago, IL 60606
Telephone:    (312) 881-5400
jzakia@whitecase.com

Ronald K. Gorsich (*pro hac vice* pending)
Aaron Colodny (*pro hac vice* pending)
Andrew Mackintosh (*pro hac vice* pending)
Doah Kim (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:    (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
amackintosh@whitecase.com
doah.kim@whitecase.com

*Proposed Co-Counsel to the Debtors and
Debtors-in-Possession*