## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 387** |

### DEBTORS' MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS AND SETTING PROCEDURES WITH RESPECT TO DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO ENTER INTO A SALE AGREEMENT WITH JEFFERIES AND TO SELL SHARES OF COMMON STOCK OF DEBTOR HERTZ GLOBAL HOLDINGS, INC. THROUGH AT-THE-MARKET TRANSACTIONS

The debtors and debtors in possession (collectively, the "**Debtors**," and, together with their non-Debtor affiliates, the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to Rules 2002, 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9006-1(c) and 9006-1(e) of the Local Rules for the United States District Court for the District of Delaware (the "**Local Rules**"), shortening the notice and objection periods and setting certain dates and procedures with respect to the hearing to consider *Debtors' Emergency Motion for Authority to Enter into a Sale Agreement with Jefferies LLC and to Sell up to 246,775,008 Shares of Common Stock of Debtor Hertz Global Holdings, Inc. Through At-the-Market Transactions* (the "**Sale Agreement Motion**") [ECF

---

[1]    The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

No. 387], filed concurrently herewith.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Jamere Jackson in Support of the Debtors' Petitions and Requests for First Day Relief* (the "**First Day Declaration**"),[2] filed on May 22, 2020.  In further support of the Motion, the Debtors, by and through their undersigned counsel, state as follows:

<u>**RELIEF REQUESTED**</u>

1.      By this Motion, pursuant to Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1(c) and 9006-1(e), the Debtors respectfully request that this Court (a) enter the Proposed Order (i) shortening notice on the Sale Agreement Motion, (ii) setting a hearing (the "**Sale Agreement Hearing**") on the Sale Agreement Motion before the United States Bankruptcy Court for the District of Delaware (the "**Court**") on June 12, 2020 or as soon thereafter as the Court's calendar permits, (iii) approving certain notice procedures for the Sale Agreement Motion, and (iv) ordering that any responses and/or objections by any party in interest to the Sale Agreement Motion be presented at or filed prior to the Sale Agreement Hearing; and (b) grant such other and further relief as the Court deems just and proper.

2.      For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

<u>**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**</u>

3.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28

---

[2]      Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4.       The predicates for the relief requested by this Motion are Bankruptcy Rules 2002, 9006(c)(1) and 9007, and Local Rules 9006-1(c) and 9006-1(e).

5.       Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## **BACKGROUND**

6.       On May 22, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (as defined below) (collectively, the "**Chapter 11 Cases**").  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

7.       The relevant factual background with respect to the relief sought in this Motion is set forth in the Sale Agreement Motion filed substantially contemporaneously herewith.  Further background information is set forth in the First Day Declaration.  The Court may find therein a description of the Debtors' Chapter 11 Cases, as well the Debtors' business operations, their

AMERICAS 102564697

corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases.

## BASIS FOR RELIEF

8.      Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."  Bankruptcy Rule 2002 requires 21-days' notice be provided for "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving service." Fed. R. Bankr. P. 2002(a)(2).  Local Rule 9006-1(e) further provides, in pertinent part, that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).  Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." *Id.* 9006-1(c)(ii).

9.      Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an ex parte basis. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *In re Celadon Grp., Inc.*, No. 19-12606 (Bankr. D. Del. May 11, 2020) [ECF No. 943]; *In re Chateaugay Corp.*, 111 B.R. 399, 407-08 (S.D.N.Y. 1990) (affirming bankruptcy court's decision to shorten notice period where there was no prejudice to the non-moving party and cause was shown); *State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1084 (10th Cir. 1996) ("Bankruptcy Rule 9006(c) permits the bankruptcy court 'for

4

cause shown' in its discretion, with or without motion or notice, to reduce the notice period, and ex parte motions for material reductions in the notice period are routinely granted by bankruptcy courts.") (internal citations and quotations omitted; *Hester v. NCNB Texas Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n. 3 (5th Cir. 1990) (same). Ample cause exists to shorten the notice period for the Sale Agreement Motion.

10.    In the Sale Agreement Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing, but not requiring, the Debtors to enter into a Sale Agreement with Jefferies LLC and to sell shares of common stock of Debtor Hertz Global Holdings, Inc. ("**Hertz**") through at-the-market transactions for an aggregate offering price of up to and including $1,000,000,000, which in no event will result in the issuance of more than 246,775,008 shares of common stock.

11.    As described further in the Sale Agreement Motion, the provisional relief requested is urgently needed. The recent market prices of and the trading volumes in Hertz's common stock could potentially present a unique opportunity for the Debtors to raise capital on terms that are far superior to any debtor-in-possession financing. If successful, the Company could potentially offer up to and including an aggregate of $1.0 billion of common stock, the net proceeds of which would be available for general working capital purposes. Unlike typical debtor-in-possession financing, the common stock issuance would not impose restrictive covenants on the Debtors and not impair any of the creditors of the Debtors. Given the volatile state of trading in Hertz's stock, however, it is vital for the Court to determine the disposition of the Sale Agreement Motion as soon as possible to ensure that the Debtors are in a position to capture the potential value of Hertz's unissued shares.

AMERICAS 102564697

12.     Importantly, shortening notice for the Sale Agreement Motion will not prejudice any parties in interest.  First, the Debtors believe that unissued shares are not property of the estate and seek the relief in the Sale Agreement Motion out of an abundance of caution.  Second, the Debtors will provide timely notice of the Sale Agreement Motion, the objection deadline thereto, and any hearing thereon as expeditiously as possible under the circumstances.  In that regard, Local Rule 9036-1(b) provides that "[s]ervice will be made on registered CM/ECF users through the CM/ECF system."  In addition, (i) the Sale Agreement Motion, (ii) the proposed order approving the Sale Agreement Motion, and (iii) a copy of the signed order granting the relief requested herein, has been or will be served upon all parties (the "**Notice Parties**") listed in paragraph 14 of this Motion by email or by overnight mail consistent with the requirements of Local Rule 9036-1(b).  Notice of the Sale Agreement Motion will therefore swiftly and effectively reach interested parties, all of which will have an opportunity to respond, object, and be heard at the Sale Agreement Hearing if they choose.  The Debtors respectfully submit that any inconvenience to any parties caused by shortened notice is far outweighed by the risk of irreparable harm the Debtors and their estates will face if the Motion is not granted.  Pursuant to Local Rule 9006-1(e), no hearing on this Motion is required.

## COMPLIANCE WITH LOCAL RULE 9006-1(e)

13.     Before filing this Motion, counsel to the Debtors notified the U.S. Trustee.  The U.S. Trustee has indicated that it has no position on the relief requested herein.

## NOTICE

14.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the U.S. Notes Agent; (iii) the Senior Credit Agreement Agent; (iv) the administrative agent under the ALOC Facility; (v) the successor trustee under the

7.00% Senior Notes due 2028; (vi) the U.S. ABS Agent; (vii) the indenture trustee under the HFLF ABS Notes; (viii) the administrative agent and collateral agent under the U.S. Vehicle RCF; (ix) the indenture trustee under the European Vehicle Notes; (x) the administrative agent and collateral agent under the European ABS Notes; (xi) the indenture trustee and collateral agent under the Hertz Canadian Securitization Notes; (xii) the lender under the Donlen Canada Securitization Program; (xiii) the administrative agent and the security trustee under the Australian Securitization Notes; (xiv) the lender under the New Zealand RCF; (xv) the lender under the U.K. Financing Facility; (xvi) the successor trustee under the Promissory Notes; (xvii) holders of the fifty (50) largest unsecured claims against the Debtors (on a consolidated basis); (xviii) the Internal Revenue Service; (xix) the Securities and Exchange Commission; (xx) United States Attorney for the District of Delaware; and (xxi) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

15.    No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

Court grant the relief requested in this Motion and the Proposed Order, and such other and further

relief as is just and proper.

Dated: June 11, 2020                    **RICHARDS, LAYTON & FINGER, P.A.**

_/s/ Brett M. Haywood_
Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
Christopher M. De Lillo (No. 6355)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Collins@rlf.com
Knight@rlf.com
Haywood@rlf.com
DeLillo@rlf.com
Noble@rlf.com

—and—

**WHITE & CASE LLP**

Thomas E Lauria (admitted _pro hac vice_)
Matthew C. Brown (admitted _pro hac vice_)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:    (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (admitted _pro hac vice_)
David M. Turetsky (admitted _pro hac vice_)
1221 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 819-8200
cshore@whitecase.com

david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone:    (312) 881-5400
jzakia@whitecase.com

Ronald K. Gorsich (admitted *pro hac vice*)
Aaron Colodny (admitted *pro hac vice*)
Andrew Mackintosh (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:    (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
amackintosh@whitecase.com
doah.kim@whitecase.com

*Proposed Co-Counsel to the Debtors and*
*Debtors-in-Possession*

AMERICAS 102564697