# EXHIBIT B

HERTZ GLOBAL HOLDINGS, INC.

AMENDED AND RESTATED BY-LAWS

Table of Contents

**Section**                                                                                                                                          **Page**


**ARTICLE I STOCKHOLDERS** ...................................................................................................1

Section 1.01. Annual Meetings .............................................................................................1
Section 1.02. Special Meetings .............................................................................................1
Section 1.03. Participation in Meetings by Remote Communication .....................................1
Section 1.04. Notice of Meetings; Waiver of Notice .............................................................1
Section 1.05. Quorum ...........................................................................................................2
Section 1.06. Voting .............................................................................................................2
Section 1.07. Voting Lists .....................................................................................................2
Section 1.08. Adjournment ...................................................................................................3
Section 1.09. Proxies ............................................................................................................3
Section 1.10. Organization; Procedure; Inspection of Elections. ..........................................3
Section 1.11. No Stockholder Action by Written Consent .....................................................4
Section 1.12. Notice of Stockholder Business and Nominations. ..........................................4

**ARTICLE II BOARD OF DIRECTORS** .....................................................................................10

Section 2.01. General Powers ...............................................................................................10
Section 2.02. Number and Term of Office ............................................................................11
Section 2.03. Annual and Regular Meetings; Notice .............................................................11
Section 2.04. Special Meetings; Notice ................................................................................12
Section 2.05. Quorum ...........................................................................................................12
Section 2.06. Voting .............................................................................................................12
Section 2.07. Adjournment ...................................................................................................12
Section 2.08. Action Without a Meeting ...............................................................................12
Section 2.09. Regulations; Manner of Acting .......................................................................12
Section 2.10. Action by Telephonic Communications ...........................................................13
Section 2.11. Resignations ...................................................................................................13
Section 2.12. Removal of Directors ......................................................................................13
Section 2.13. Vacancies and Newly Created Directorships ...................................................13
Section 2.14. Director Fees and Expenses .............................................................................13
Section 2.15. Reliance on Accounts and Reports, etc ............................................................13

**ARTICLE III COMMITTEES** .................................................................................................14

Section 3.01. How Constituted .............................................................................................14
Section 3.02. Powers ............................................................................................................14
Section 3.03. Proceedings .....................................................................................................14
Section 3.04. Quorum and Manner of Acting ........................................................................14
Section 3.05. Action by Telephonic Communications ...........................................................14
Section 3.06. Resignations ...................................................................................................15
Section 3.07. Removal ..........................................................................................................15
Section 3.08. Vacancies ........................................................................................................15

Table of Contents
(continued)

Page

**ARTICLE IV OFFICERS** ...................................................................................15

Section 4.01. Number ...................................................................................15
Section 4.02. Election ...................................................................................15
Section 4.03. Salaries ...................................................................................15
Section 4.04. Removal and Resignation; Vacancies ....................................16
Section 4.05. Authority and Duties of Officers ...........................................16
Section 4.06. Chair of the Board ..................................................................16
Section 4.07. Chief Executive Officer .........................................................16
Section 4.08. Vice President .........................................................................16
Section 4.09. Secretary .................................................................................17
Section 4.10. Chief Financial Officer ..........................................................18
Section 4.11. Treasurer .................................................................................18
Section 4.12. General Counsel ......................................................................18
Section 4.13. Controller ................................................................................18
Section 4.14. Additional Officers .................................................................19
Section 4.15. Security ...................................................................................19

**ARTICLE V CAPITAL STOCK** .......................................................................19

Section 5.01. Certificates of Stock; Uncertificated Shares ..........................19
Section 5.02. Signatures; Facsimile .............................................................19
Section 5.03. Lost, Stolen or Destroyed Certificates ...................................20
Section 5.04. Transfer of Stock ....................................................................20
Section 5.05. Registered Stockholders .........................................................20
Section 5.06. Transfer Agent and Registrar .................................................20

**ARTICLE VI INDEMNIFICATION** ................................................................20

Section 6.01. Nature of Indemnity ...............................................................20
Section 6.02. Successful Defense .................................................................21
Section 6.03. Determination That Indemnification Is Proper .......................21
Section 6.04. Advance of Expenses ..............................................................21
Section 6.05. Procedure for Indemnification of Directors and Officers .......22
Section 6.06. Contract Right; Non-Exclusivity; Survival ............................22
Section 6.07. Insurance .................................................................................23
Section 6.08. Subrogation .............................................................................23
Section 6.09. Employees and Agents ............................................................23
Section 6.10. Interpretation, Severability .....................................................23

**ARTICLE VII OFFICES** ...................................................................................23

Section 7.01. Registered Office ....................................................................23
Section 7.02. Other Offices ..........................................................................24

Table of Contents
(continued)

Page

ARTICLE VIII GENERAL PROVISIONS ................................................................24

    Section 8.01. Dividends ........................................................................................24
    Section 8.02. Reserves .........................................................................................24
    Section 8.03. Execution of Instruments ...............................................................24
    Section 8.04. Voting as Stockholder ....................................................................24
    Section 8.05. Fiscal Year .....................................................................................25
    Section 8.06. Seal ................................................................................................25
    Section 8.07. Books and Records; Inspection ......................................................25
    Section 8.08. Electronic Transmission .................................................................25

ARTICLE IX AMENDMENT OF BY-LAWS ........................................................25

    Section 9.01. Amendment .....................................................................................25

ARTICLE X CONSTRUCTION ..............................................................................26

    Section 10.01. Construction ..................................................................................26

# HERTZ GLOBAL HOLDINGS, INC.

## AMENDED AND RESTATED BY-LAWS

Effective as of June 30, 2016

## ARTICLE I

## STOCKHOLDERS

Section 1.01.  Annual Meetings.  The annual meeting of the stockholders of the Corporation for the election of directors (each, a "Director") to succeed Directors whose terms expire and for the transaction of such other business as properly may come before such meeting shall be held each year, either within or without the State of Delaware, at such place, if any, and on such date and at such time, as may be fixed from time to time by resolution of the Board of Directors and set forth in the notice or waiver of notice of the meeting.

Section 1.02.  Special Meetings  Special meetings of the stockholders may be called only in accordance with the provisions of Article Seventh of the Certificate of Incorporation (defined below).

Section 1.03.  Participation in Meetings by Remote Communication.  The Board of Directors, acting in its sole discretion, may establish guidelines and procedures in accordance with applicable provisions of the General Corporation Law of the State of Delaware, as amended from time to time (the "DGCL"), and any other applicable law for the participation by stockholders and proxyholders in a meeting of stockholders by means of remote communications, and may determine that any meeting of stockholders will not be held at any place but will be held solely by means of remote communication.  Stockholders and proxyholders complying with such procedures and guidelines and otherwise entitled to vote at a meeting of stockholders shall be deemed present in person and entitled to vote at a meeting of stockholders, whether such meeting is to be held at a designated place or solely by means of remote communication.

Section 1.04.  Notice of Meetings; Waiver of Notice.

(a)  The Secretary or any Assistant Secretary shall cause notice of each meeting of stockholders to be given in writing in a manner permitted by the DGCL not less than 10 nor more than 60 days prior to the meeting, to each stockholder of record entitled to vote at such meeting, subject to such exclusions as are then permitted by the DGCL.  The notice shall specify (i) the place, if any, date and time of such meeting of the stockholders, (ii) the means of remote communications, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, (iii) in the case of a special meeting, the purpose or purposes for which such meeting is called and (iv) such other information as may be required by law or as may be deemed appropriate by the Board of Directors, the Chief Executive Officer or the Secretary of the Corporation.  If the stockholder list referred to in Section 1.07 of these By-Laws is made accessible on an electronic network, the notice of meeting must indicate how the stockholder list can be accessed.  If a stockholder meeting is to be held solely by means of

1

electronic communications, the notice of such meeting must provide the information required to access such stockholder list.

(b)  A written waiver of notice of meeting signed by a stockholder or a waiver by electronic transmission by a stockholder, whether given before or after the meeting, is deemed equivalent to notice.  Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the stockholders need be specified in a waiver of notice.  The attendance of any stockholder at a meeting of stockholders is a waiver of notice of such meeting, except when the stockholder attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business at the meeting on the ground that the meeting is not lawfully called or convened.

Section 1.05.  Quorum.  Except as otherwise required by law or by the Amended and Restated Certificate of Incorporation of the Corporation (the "Certificate of Incorporation"), the presence in person or by proxy of the holders of record of a majority of the shares entitled to vote at a meeting of stockholders shall constitute a quorum for the transaction of business at such meeting, provided, however, that where a separate vote by a class or series is required, the holders of a majority in voting power of all issued and outstanding stock of such class or series entitled to vote on such matter, present in person or represented by proxy, shall constitute a quorum entitled to take action with respect to such matter.  In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.08 of these By-Laws until a quorum shall attend.

Section 1.06.  Voting.  Except as otherwise provided in the Certificate of Incorporation or by law, every holder of record of shares entitled to vote at a meeting of stockholders shall be entitled to one vote for each such share outstanding in his or her name on the books of the Corporation at the close of business on the record date for such vote.  If no record date has been fixed for a meeting of stockholders, then every holder of record of shares entitled to vote at a meeting of stockholders shall be entitled to one vote (unless otherwise provided by the Certificate of Incorporation or by law) for each such share of stock outstanding in his or her name on the books of the Corporation at the close of business on the day next preceding the day on which notice of the meeting is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held.  Except as otherwise required by law, the Certificate of Incorporation, these By-Laws, the rules and regulations of any stock exchange applicable to the Corporation or pursuant to any other rule or regulation applicable to the Corporation or its stockholders, the vote of a majority of the shares entitled to vote at a meeting of stockholders on the subject matter in question represented in person or by proxy at any meeting at which a quorum is present shall be sufficient for the transaction of any business at such meeting.  The stockholders do not have the right to cumulate their votes for the election of Directors.

Section 1.07.  Voting Lists.  The officer of the Corporation who has charge of the stock ledger of the Corporation shall prepare, at least 10 days before every meeting of the stockholders (and before any adjournment thereof for which a new record date has been set), a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order and showing the address of each stockholder and the number of shares registered in the name of each stockholder.

This list shall be open to the examination of any stockholder prior to and during the meeting for any purpose germane to the meeting in the manner required by the DGCL and other applicable law. The stock ledger shall be the only evidence as to who are the stockholders entitled by this section to examine the list required by this section or to vote in person or by proxy at any meeting of stockholders.

Section 1.08. <u>Adjournment</u>. Any meeting of stockholders may be adjourned from time to time, by the chairperson of the meeting or by the vote of a majority of the shares of stock present in person or represented by proxy at the meeting, to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the place, if any, and date and time thereof (and the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting) are announced at the meeting at which the adjournment is taken unless the adjournment is for more than 30 days or a new record date is fixed for the adjourned meeting after the adjournment, in which case notice of the adjourned meeting in accordance with Section 1.04 of these By-Laws shall be given to each stockholder of record entitled to vote at the meeting. At the adjourned meeting, the Corporation may transact any business that might have been transacted at the original meeting.

Section 1.09. <u>Proxies</u>. Any stockholder entitled to vote at any meeting of the stockholders or to express consent to or dissent from corporate action in writing without a meeting may authorize another person or persons to act for such stockholder by proxy. A stockholder may authorize a valid proxy by executing a written instrument signed by such stockholder, or by causing his or her signature to be affixed to such writing by any reasonable means including, but not limited to, by facsimile signature, or by transmitting or authorizing an electronic transmission setting forth an authorization to act as proxy to the person designated as the holder of the proxy, a proxy solicitation firm or a like authorized agent. No proxy may be voted or acted upon after the expiration of three years from the date of such proxy, unless such proxy provides for a longer period. Every proxy is revocable at the pleasure of the stockholder executing it unless the proxy states that it is irrevocable and applicable law makes it irrevocable. A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by filing an instrument in writing revoking the proxy or by filing another duly executed proxy bearing a later date with the Secretary. Proxies by electronic transmission must either set forth or be submitted with information from which it can be determined that the electronic transmission was authorized by the stockholder. Any copy, facsimile telecommunication or other reliable reproduction of a writing or transmission created pursuant to this section may be substituted or used in lieu of the original writing or transmission for any and all purposes for which the original writing or transmission could be used, <u>provided</u> that such copy, facsimile telecommunication or other reproduction shall be a complete reproduction of the entire original writing or transmission.

Section 1.10. <u>Organization; Procedure; Inspection of Elections</u>.

(a) At every meeting of stockholders the presiding officer shall be the Chair of the Board or, in the event of his or her absence or disability, the Chief Executive Officer or, in the event of his or her absence or disability, a presiding officer chosen by resolution of the Board of Directors. The Secretary, or in the event of his or her absence or disability, any Assistant Secretary, if any, or if there be no Assistant Secretary, in the absence of the Secretary, an

appointee of the presiding officer, shall act as secretary of the meeting.  The Board of Directors may make such rules or regulations for the conduct of meetings of stockholders as it shall deem necessary, appropriate or convenient.  Subject to any such rules and regulations, the presiding officer of any meeting shall have the right and authority to prescribe rules, regulations and procedures for such meeting and to take all such actions as in the judgment of the presiding officer are appropriate for the proper conduct of such meeting.  Such rules, regulations or procedures, whether adopted by the Board of Directors or prescribed by the presiding person of the meeting, may include, without limitation, the following: (i) the establishment of an agenda or order of business for the meeting; (ii) rules and procedures for maintaining order at the meeting and the safety of those present; (iii) limitations on attendance at or participation in the meeting to stockholders of record of the Corporation, their duly authorized and constituted proxies or such other persons as the presiding person of the meeting shall determine; (iv) restrictions on entry to the meeting after the time fixed for the commencement thereof; and (v) limitations on the time allotted to questions or comments by participants.  The presiding person at any meeting of stockholders, in addition to making any other determinations that may be appropriate to the conduct of the meeting, shall, if the facts warrant, determine and declare to the meeting that a matter or business was not properly brought before the meeting and if such presiding person should so determine, such presiding person shall so declare to the meeting and any such matter of business not properly brought before the meeting shall not be transacted or considered.  Unless and to the extent determined by the Board of Directors or the person presiding over the meeting, meetings of stockholders shall not be required to be held in accordance with the rules of parliamentary procedure.

(b)  Preceding any meeting of the stockholders, the Board of Directors may, and when required by law shall, appoint one or more persons to act as inspectors of elections, and may designate one or more alternate inspectors.  If no inspector or alternate so appointed by the Board of Directors is able to act, or if no inspector or alternate has been appointed and the appointment of an inspector is required by law, the person presiding at the meeting shall appoint one or more inspectors to act at the meeting.  No Director or nominee for the office of Director shall be appointed as an inspector of elections.  Each inspector, before entering upon the discharge of the duties of an inspector, shall take and sign an oath faithfully to execute the duties of inspector with strict impartiality and according to the best of his or her ability.  The inspectors shall discharge their duties in accordance with the requirements of applicable law.

Section 1.11.  <u>No Stockholder Action by Written Consent</u>.  Any action required or permitted to be taken at any annual or special meeting of stockholders of the Corporation may be taken only upon the vote of the stockholders at an annual or special meeting duly called and may not be taken by written consent of the stockholders.

Section 1.12.  <u>Notice of Stockholder Business and Nominations</u>.

(a)  *Annual Meetings of Stockholders.*  (i) Nominations of persons for election to the Board of Directors and the proposal of business to be considered by the stockholders may be made at an annual meeting of stockholders only (A) as specified in the Corporation's notice of the meeting (or any supplement thereto), (B) by or at the direction of the Board of Directors or a Committee appointed by the Board for such purpose, or (C) by any stockholder of the Corporation who is entitled to vote at the meeting, who complies with the notice procedures and

other provisions set forth in this Section 1.12(a) as to such nominations or other business and who was a stockholder of record at the time of the giving of the stockholder's notice required in this Section 1.12(a) to the Secretary of the Corporation and on the record date for the determination of stockholders entitled to vote at the meeting. For the avoidance of doubt, the foregoing clause (C) shall be the exclusive means for a stockholder to make nominations of persons for election to the Board of Directors or propose business to be considered (other than business properly brought under and in compliance with Rule 14a-8 (or any successor thereof) under the Securities Exchange Act of 1934, as amended (the "Exchange Act") and included in the Corporation's proxy statement that has been prepared to solicit proxies for such annual meeting) at an annual meeting of stockholders.

(ii)  For any nominations or any other business to be properly brought before an annual meeting by a stockholder pursuant to subclause (C) of Section 1.12(a)(i) of these By-Laws, (x) the stockholder must have given timely notice thereof in writing and in proper form to the Secretary of the Corporation, (y) the stockholder must provide to the Secretary of the Corporation any updates or supplements to such notice at the times and in the forms specified in this Section 1.12(a) and (z) any such proposed business other than nominations must constitute a proper matter for stockholder action. To be timely, a stockholder's notice shall be delivered to the Secretary of the Corporation at the principal executive offices of the Corporation not fewer than 90 days nor more than 120 days prior to the first anniversary of the preceding year's annual meeting; provided that if the date of the annual meeting is more than 30 days before or more than 70 days after such anniversary date of the preceding year's annual meeting, notice by the stockholder to be timely must be so delivered not earlier than 120 days prior to the date of such annual meeting and not later than the close of business on the later of the 90th day prior to the date of such annual meeting or the 10th day following the day on which public announcement of the date of such meeting is first made by the Corporation; provided further that with respect to the Corporation's 2017 annual meeting, notice by the stockholder to be timely must be so delivered not later than the close of business on the 30th day following the day on which public announcement of the date of such meeting is first made by the Corporation. To be in proper form, a stockholder's notice (whether given pursuant to this Section 1.12(a)(ii) or Section 1.12(b)) shall set forth:

(A)      as to each person, if any, whom the stockholder proposes to nominate for election or re-election as a Director, (1) all information relating to such person that would be required to be disclosed in a proxy statement or any other filings required to be made in connection with solicitations of proxies for the election of such person as a Director in a contested election pursuant to and in accordance with Section 14 of the Exchange Act and the rules and regulations promulgated thereunder, (2) such person's written consent to serving as a Director if elected, (3) a description of all direct and indirect compensation and other material agreements, arrangements and understandings during the past three years, and any other material relationships, between or among any Proposing Person (as defined in Section 1.12(c)(vi)), any Associated Person (as defined in Section 1.12(c)(vii)) thereof, or any other person or persons (including their names) acting in concert therewith, on the one hand, and each proposed nominee or any of his or her respective "affiliates" and "associates" (each within the meaning of Rule 12b-2 under the Exchange Act), on the other hand, including all information that would be required to be disclosed

5

pursuant to Item 404 of Regulation S-K promulgated under the Exchange Act if the Proposing Person, Associated Person thereof, or any other person or persons acting in concert therewith were the "registrant" for purposes of such rule and the nominee were a director or executive officer of such registrant, (4) all information with respect to such person that would be required to be set forth in a stockholder's notice pursuant to this Section 1.12 if such person (x) was a stockholder or beneficial owner on whose behalf the nomination was made and (y) was submitting a notice providing for the nomination of a person or persons for election as a Director or Directors of the Corporation in accordance with this Section 1.12 and (5) a signed statement from such person that, if elected as a Director, he or she would tender, promptly following his or her election, an irrevocable resignation effective upon such person's failure to receive the required vote for reelection at the next meeting at which he or she would face reelection and upon acceptance of such resignation by the Board of Directors, in accordance with the policies and procedures adopted by the Nominating and Governance Committee for such purpose pursuant to Section 2.02 of these By-Laws and the Corporation's Corporate Governance Guidelines;

(B)      if the stockholder's notice relates to any business other than the nomination of a Director or Directors that the stockholder proposes to bring before the meeting, (1) a brief description of the business desired to be brought before the meeting (including the text of any resolution proposed for consideration and if such business includes proposed amendments to the Certificate of Incorporation or By-Laws, the text of the proposed amendments), the reasons for conducting such business at the meeting and any material interest in such business of any Proposing Person or Associated Person thereof and (2) a description of all agreements, arrangements and understandings between any Proposing Person or Associated Person thereof and any other person or persons (including their names) in connection with the proposal of such business;

(C)      as to each Proposing Person, (1) the name and address of such Proposing Person (including, if applicable, the name and address that appear on the Corporation's books), (2) the class or series and number of shares of the Corporation which are, directly or indirectly, "beneficially owned" (within the meaning of Rule 13d-3 under the Exchange Act) (provided that a person shall in all events be deemed to beneficially own any shares of any class or series and number of shares of the Corporation as to which such person has a right to acquire beneficial ownership at any time in the future) and owned of record by such Proposing Person or any Associated Person thereof, (3) the class or series, if any, and number of options, warrants, puts, calls, convertible securities, stock appreciation rights or similar rights, commitments or obligations with an exercise or conversion privilege or a settlement payment or mechanism at a price related to any class or series of shares or other securities of the Corporation or with a value derived in whole or in part from the value of any class or series of shares or other securities of the Corporation, whether or not such instrument, right, obligation or commitment shall be subject to settlement in the underlying class or series of shares or other securities of the Corporation (each, a "Derivative Instrument") that are, directly or indirectly, beneficially owned by such Proposing Person or any Associated Person thereof, (4) a description of all agreements, arrangements, understandings or relationships, including any repurchase or similar so-called "stock borrowing" agreement or arrangement and any short interest,

engaged in, directly or indirectly, by such Proposing Person or any Associated Person thereof, the purpose or effect of which is to mitigate loss to, reduce the economic risk (of ownership or otherwise) of any class or series of capital stock or other securities of the Corporation by, manage the risk of share price changes for, or increase or decrease the voting power of, such Proposing Person or any Associated Person thereof with respect to any class or series of shares or other securities of the Corporation, or that provide, directly or indirectly, the opportunity to profit from any decrease in the price or value of any class or series of capital stock or other securities of the Corporation, (5) a description of any other direct or indirect opportunity for such Proposing Person or any Associated Person thereof to profit or share in any profit (including any performance-based fees) derived from any increase or decrease in the value of any class or series of shares or other securities of the Corporation, (6) a description of any proxy, contract, arrangement, understanding or relationship pursuant to which such Proposing Person or any Associated Person thereof has a right to vote any shares or other securities of the Corporation, (7) a description of any rights to dividends on the shares of the Corporation owned beneficially by such Proposing Person or any Associated Person thereof that are separated or separable from the underlying shares of the Corporation, (8) a description of any proportionate interest in shares of the Corporation or Derivative Instruments held, directly or indirectly, by a general or limited partnership in which such Proposing Person or any Associated Person thereof is a general partner or, directly or indirectly, beneficially owns an interest in a general partner, if any, (9) a description of all agreements, arrangements and understandings between any Proposing Person or Associated Person thereof and any other person or persons (including their names) in connection with or related to the ownership or voting of shares of the Corporation or Derivative Instruments, (10) a representation as to whether such Proposing Person intends or is part of a group which intends (x) to deliver a proxy statement and/or form of proxy to holders of at least the percentage of the Corporation's outstanding capital stock required to approve or adopt the proposal or elect the nominee and/or (y) otherwise to solicit proxies from stockholders in support of such proposal or nomination and (11) any other information relating to such Proposing Person that would be required to be disclosed in a proxy statement or other filings required to be made in connection with solicitations of proxies for, as applicable, the proposal of other business and/or the election of Directors in an election contest pursuant to and in accordance with Section 14 of the Exchange Act and the rules and regulations promulgated thereunder (whether or not such Proposing Person intends to deliver a proxy statement or conduct its own proxy solicitation); and

      (D)     as to the stockholder giving the notice, a representation that the stockholder is a holder of record of stock of the Corporation entitled to vote at such meeting and intends to appear in person or by proxy at the meeting to propose such business or nomination.

The notice and updating requirements of this Section 1.12(a) shall not apply to a stockholder with respect to (and only with respect to) business properly brought under Rule 14a-8 (or any successor thereof) if the stockholder has notified the Corporation of his, her or its intention to present a proposal with respect to such particular business at an annual meeting pursuant to and

in compliance with Rule 14a-8 (or any successor thereof) promulgated under the Exchange Act and such stockholder's proposal with respect to such particular business has been included in a proxy statement that has been prepared by the Corporation to solicit proxies for such annual meeting.  The Corporation may also require any proposed nominee to furnish such other information as it may reasonably require to determine the eligibility of such proposed nominee to serve as an independent Director of the Corporation, or that could be material to a stockholder's understanding of the independence, or lack thereof, of such nominee.

(iii)  Notwithstanding anything in the second sentence of Section 1.12(a)(ii) of these By-Laws to the contrary, in the event that the number of Directors to be elected to the Board of Directors at an annual meeting is increased and there is no public announcement naming all of the nominees for Director or specifying the size of the increased Board of Directors made by the Corporation at least 70 days prior to the first anniversary of the preceding year's annual meeting, a stockholder's notice under this Section 1.12(a) shall also be considered timely, but only with respect to nominees for any new positions created by such increase, if it shall be delivered to the Secretary of the Corporation at the principal executive offices of the Corporation not later than the close of business on the 10th day following the day on which such public announcement is first made by the Corporation.

(iv)  A stockholder providing notice of a proposed nomination or other business proposed to be brought before a meeting (whether given pursuant to Section 1.12(a) or Section 1.12(b)) shall further update and supplement such notice, if necessary, so that the information provided or required to be provided in such notice shall be true and correct as of the record date for the meeting and as of the date that is 10 business days prior to the meeting or any adjournment or postponement thereof, and such update and supplement shall be delivered to the Secretary of the Corporation at the principal executive offices of the Corporation not later than five business days after the record date for the meeting (in the case of the update and supplement required to be made as of the record date), and not later than eight business days prior to the date for the meeting or, if practicable, any adjournment or postponement thereof (and, if not practicable, on the first practicable date prior to the date to which the meeting has been adjourned or postponed) (in the case of the update and supplement required to be made as of 10 business days prior to the meeting or any adjournment or postponement thereof).

(b)  *Special Meetings of Stockholders*.  At any special meeting of the stockholders, only such business shall be conducted or considered as shall have been properly brought before the meeting pursuant to the Corporation's notice of meeting.  To be properly brought before a special meeting, proposals of business must be (x) specified in the Corporation's notice of meeting (or any supplement thereto) given by or at the direction of the Board of Directors, (y) otherwise properly brought before the special meeting by or at the direction of the Board of Directors or (z) specified in the Corporation's notice of meeting (or any supplement thereto) given by the Corporation pursuant to a valid stockholder request in accordance with Article Seventh of the Certificate of Incorporation.  Nominations of persons for election to the Board of Directors may be made at a special meeting of stockholders at which Directors are to be elected pursuant to the Corporation's notice of meeting (i) by or at the direction of the Board of Directors or (ii) provided that the Board of Directors has determined

that Directors shall be elected at such meeting, by any stockholder of the Corporation who is entitled to vote at the meeting, who complies with the notice procedures and other provisions set forth in this Section 1.12 as to such nomination and who was a stockholder of record at the time of the giving of the stockholder's notice required in this Section 1.12(b) to the Secretary of the Corporation and on the record date for the determination of stockholders entitled to vote at the special meeting.  For the avoidance of doubt, the foregoing clause (ii) shall be the exclusive means for a stockholder to make nominations of persons for election to the Board of Directors at a special meeting of stockholders except in the case of Sections 2.12 and 2.13.  In the event the Corporation calls a special meeting of stockholders for the purpose of electing one or more Directors of the Corporation, any stockholder entitled to vote at such meeting may nominate a person or persons, as the case may be, for election to such position(s) as specified in the Corporation's notice of meeting only if (x) the stockholder delivers notice in writing to the Secretary of the Corporation at the principal executive offices of the Corporation not earlier than 120 days prior to such special meeting and not later than the close of business on the later of the 90th day prior to such special meeting or the 10th day following the day on which public announcement is first made of the date of the special meeting and of the nominees proposed by the Board of Directors to be elected at such meeting, (y) such notice sets forth all of the information and other items that would have been required in a notice under Section 1.12(a)(ii) of these By-Laws (including the information and other items specified in subclauses (A), (C) and (D) thereof) if the stockholder (or any beneficial owner on whose behalf the nomination is made) was proposing to nominate such person or persons, as the case may be, for election as a Director at an annual meeting and (z) the stockholder provides to the Secretary of the Corporation any updates or supplements to such notice at the times and in the forms specified in Section 1.12(a)(iv).

(c)  *General.*  (i)  Except as otherwise provided by law, the Certificate of Incorporation or these By-Laws, the presiding officer of a meeting of stockholders shall have the power and duty (x) to determine whether a nomination or any business proposed to be brought before the meeting was made or proposed, as the case may be, in accordance with the procedures set forth in this Section 1.12 (including whether the Proposing Person solicited (or is part of a group which solicited) or did not so solicit, as the case may be, proxies in support of such stockholder's nominee or proposal in compliance with the representation required by clause (a)(ii)(C)(10) of this Section 1.12), and (y) if any proposed nomination or business was not made or proposed, as the case may be, in compliance with this Section 1.12, to declare that such nomination shall be disregarded or that such proposed business shall not be transacted.

(ii)  Notwithstanding anything to the contrary in this Section 1.12, if the stockholder (or a qualified representative of the stockholder) making a nomination or proposal of business under this Section 1.12 does not appear (in person or by proxy) at a meeting of stockholders to present such nomination or proposed business, the nomination shall be disregarded and the proposed business shall not be transacted, notwithstanding that proxies in respect of such vote may have been received by the Corporation.  For purposes of this Section 1.12, to be considered a qualified representative of the stockholder, a person must be authorized by a writing executed by such stockholder or an electronic transmission delivered by such stockholder to act for such stockholder as proxy at the meeting of stockholders and

such person must produce such writing or electronic transmission, or a reliable reproduction of the writing or electronic transmission, at the meeting of stockholders.

(iii)  For purposes of this Section 1.12, "public announcement" shall mean disclosure in a press release reported by the Dow Jones News Service, Associated Press or comparable national news service or in a document publicly filed by the Corporation with the Securities and Exchange Commission pursuant to Section 13, 14 or 15(d) of the Exchange Act and the rules and regulations promulgated thereunder.

(iv)  Notwithstanding the foregoing provisions of this Section 1.12, a stockholder shall also comply with any and all applicable requirements of the Exchange Act and the rules and regulations promulgated thereunder with respect to the matters set forth in this Section 1.12; provided, however, that (except as explicitly provided in the penultimate sentence of Section 1.12(a)(ii) of these By-Laws) any references in these By-Laws to the Exchange Act or the rules and regulations promulgated thereunder are not intended to, and shall not, limit the separate and additional requirements set forth in these By-Laws with respect to nominations or proposals as to any other business to be considered pursuant to this Section 1.12.  Nothing in this Section 1.12 shall be deemed to affect any rights of (x) stockholders to request inclusion of proposals in the Corporation's proxy statement pursuant to Rule 14a-8 (or any successor thereof) under the Exchange Act or (y) the holders of any series of preferred stock to elect Directors pursuant to any applicable provisions of the Certificate of Incorporation or of the relevant preferred stock certificate of designation.

(v)  In no event shall the announcement of an adjournment or postponement of an annual or special meeting commence a new time period (or extend any time period) for the giving of a stockholder's notice of a stockholder nomination or a stockholder proposal as described in this Section 1.12.

(vi)  For purposes of this Section 1.12, the term "Proposing Person" means (x) the stockholder providing the notice of a proposed nomination or other business proposed to be brought before a meeting and (y) any beneficial owner or beneficial owners on whose behalf the proposed nomination or other business proposed to be brought before a meeting is made.

(vii)  For purposes of this Section 1.12, the term "Associated Person" means, with respect to any Proposing Person, any "affiliate" or "associate" (each within the meaning of Rule 12b-2 under the Exchange Act) of such Proposing Person.

ARTICLE II

BOARD OF DIRECTORS

Section 2.01.  General Powers.  Except as may otherwise be provided by law, by the Certificate of Incorporation or by these By-Laws, the property, affairs and business of the Corporation shall be managed by or under the direction of the Board of Directors and the Board of Directors may exercise all the powers and authority of the Corporation.

Section 2.02.  <u>Number and Term of Office</u>.  Subject to any special rights of any holders of any class or series of preferred stock to elect Directors, the precise number of Directors who shall constitute the Board of Directors shall be the number (which shall not be less than three) that is fixed from time to time exclusively by resolution of the Board of Directors. Each Director (whenever elected) shall hold office until his or her successor is duly elected and qualified, or until such Director's earlier death, resignation or removal.  No decrease in the number of Directors shall shorten the term of any incumbent Director.  At each meeting of the stockholders for the election of Directors, provided a quorum is present, each Director subject to election shall be elected by a majority of the votes validly cast with respect to that Director in such election, provided that if the number of nominees exceeds the number of Directors to be elected, the Directors shall be elected by the vote of a plurality of the shares represented in person or by proxy at such meeting and entitled to vote on the election of directors. For purposes of this Section 2.02, a majority of the votes cast means that the number of shares voted "for" a Director must exceed the number of votes cast "against" that Director.  The Corporation's Corporate Governance Guidelines shall provide that, and the Nominating and Governance Committee shall establish procedures under which, any nominee shall tender a contingent resignation to the Board of Directors.  The Nominating and Governance Committee will make a recommendation to the Board of Directors on whether to accept or reject the resignation, or whether other action should be taken. The Board of Directors will act on such Committee's recommendation and publicly disclose its decision, along with the rationale for such decision, within 90 days from the date of the certification of the election results. In making their decision, the Nominating and Governance Committee and the Board of Directors will evaluate the best interests of the Corporation and its stockholders and shall consider all factors and information that they deem relevant.

Section 2.03.  <u>Annual and Regular Meetings: Notice</u>.  The annual meeting of the Board of Directors for the purpose of electing officers and for the transaction of such other business as may come before the meeting shall be held on (or as soon as possible following) the date of the annual meeting of the stockholders either (<u>i</u>) at the place of such annual meeting of the stockholders, in which event notice of such annual meeting of the Board of Directors need not be given, or (<u>ii</u>) at such other time and place as shall have been specified in advance notice given to members of the Board of Directors of the date, place and time of such meeting.  Any such notice shall be given at least 48 hours in advance if sent by to each Director by facsimile, by email or by any other form of electronic transmission approved by such Director (each, a "<u>Specified Transmission</u>"), or delivered to him or her personally, or at least five days' in advance, if notice is mailed to each Director, addressed to him or her at his or her usual place of business or other designated address.  Any such notice need not be given to any Director who attends such meeting without protesting the lack of notice to him or her, prior to or at the commencement of such meeting, or to any Director who submits a signed waiver of notice, whether before or after such meeting.

The Board of Directors from time to time may by resolution provide for the holding of regular meetings and fix the place (which may be within or without the State of Delaware) and the date and time of such meetings.  Advance notice of regular meetings need not be given; <u>provided</u> if the Board of Directors shall fix or change the time or place of any regular meeting, notice of such action shall be given to each member of the Board of Directors of the place, date and time of such meeting which shall be at least 48 hours' notice, if such notice is sent by

Specified Transmission, to each Director, or delivered to him or her personally, or at least five days' notice, if such notice is mailed to each Director, addressed to him or her at his or her usual place of business or other designated address. Notice of such a meeting need not be given to any Director who attends such meeting without protesting the lack of notice to him or her, prior to or at the commencement of such meeting, or to any Director who submits a signed waiver of notice, whether before or after such meeting.

Section 2.04. <u>Special Meetings; Notice</u>. Special meetings of the Board of Directors shall be held whenever called by any member of the Board of Directors, at such place (within or without the State of Delaware), date and time as may be specified in the respective notices or waivers of notice of such meetings. Special meetings of the Board of Directors may be called on 48 hours' notice, if such notice is sent by Specified Transmission, to each Director, or delivered to him or her personally, or on five days' notice, if notice is mailed to each Director, addressed to him or her at his or her usual place of business or other designated address. Notice of any special meeting need not be given to any Director who attends such meeting without protesting the lack of notice to him or her, prior to or at the commencement of such meeting, or to any Director who submits a signed waiver of notice (including by Specified Transmission), whether before or after such meeting. Any business may be conducted at a special meeting.

Section 2.05. <u>Quorum</u>. A quorum for meetings of the Board of Directors shall consist of a majority of the total authorized membership of the Board of Directors.

Section 2.06. <u>Voting</u>. Except as otherwise required by law, the Certificate of Incorporation or these By-Laws, the vote of a majority of the Directors present at any meeting at which a quorum is present shall be the act of the Board of Directors.

Section 2.07. <u>Adjournment</u>. A majority of the Directors present, whether or not a quorum is present, may adjourn any meeting of the Board of Directors to another date, time or place, <u>provided</u> such adjourned meeting is no earlier than 48 hours after written notice (in accordance with these By-Laws) of such postponement has been given to the Directors (or such notice is waived in accordance with these By-Laws), and, at any such postponed meeting, a quorum shall consist of a majority of the total authorized membership of the Board of Directors.

Section 2.08. <u>Action Without a Meeting</u>. Any action required or permitted to be taken at any meeting of the Board of Directors may be taken without a meeting if all members of the Board of Directors consent thereto in writing or by Specified Transmission, and such writing or writings or Specified Transmissions are filed with the minutes of proceedings of the Board of Directors. Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 2.09. <u>Regulations; Manner of Acting</u>. To the extent consistent with applicable law, the Certificate of Incorporation and these By-Laws, the Board of Directors may adopt such rules and regulations for the conduct of meetings of the Board of Directors and for the management of the property, affairs and business of the Corporation as the Board of Directors may deem appropriate. In addition to the election of the Chair of the Board, the Board may elect one or more vice-chairpersons or lead Directors to perform such other duties as may be designated by the Board.

Section 2.10.  <u>Action by Telephonic Communications</u>.  Members of the Board of Directors may participate in a meeting of the Board of Directors by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this provision shall constitute presence in person at such meeting.

Section 2.11.  <u>Resignations</u>.  Any Director may resign at any time by submitting a Specified Transmission or by delivering a written notice of resignation to the Chair of the Board, the Chief Executive Officer or the Secretary.  Such resignation shall take effect upon delivery unless the resignation specifies a later effective date or an effective date determined upon the happening of a specific event.

Section 2.12.  <u>Removal of Directors</u>.  Subject to any special rights of any holders of any class or series of preferred stock to elect Directors, any Director may be removed at any time for or without cause, upon the affirmative vote of holders of at least a majority of the votes to which all the stockholders of the Corporation would be entitled to cast in any election of Directors, acting at a meeting of the stockholders in accordance with the DGCL, the Certificate of Incorporation and these By-Laws.

Section 2.13.  <u>Vacancies and Newly Created Directorships</u>.  Subject to any special rights of any holders of any class or series of preferred stock to elect Directors, any vacancy in the Board of Directors that results from the death, disability, resignation, disqualification, removal of any Director or from any other cause shall be filled solely by a majority of the total number of Directors then in office, even if less than a quorum, or by a sole remaining Director. Notwithstanding the foregoing, any vacancy in the Board of Directors that results from the removal of a Director in accordance with the DGCL and Section 2.12 of these By-Laws may be filled by the stockholders at a special meeting of the stockholders called in accordance with the provisions of Article Seventh of the Certificate of Incorporation.  A Director elected to fill a vacancy or newly created Directorship shall hold office until his or her successor has been elected and qualified or until his or her earlier death, resignation or removal.

Section 2.14.  <u>Director Fees and Expenses</u>.  The amount, if any, that each Director shall be entitled to receive as compensation for his or her services shall be fixed from time to time by the Board of Directors or a duly authorized Committee.  The Corporation will cause each non-employee Director serving on the Board of Directors to be reimbursed for all reasonable out-of-pocket costs and expenses incurred by him or her in connection with such service.

Section 2.15.  <u>Reliance on Accounts and Reports, etc</u>.  A Director, or a member of any Committee designated by the Board of Directors shall, in the performance of his or her duties, be fully protected in relying in good faith upon the records of the Corporation and upon information, opinions, reports or statements presented to the Corporation by any of the Corporation's officers or employees, or Committees designated by the Board of Directors, or by any other person as to the matters the member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

ARTICLE III

COMMITTEES

Section 3.01.  How Constituted.  The Board of Directors shall have such committees as the Board of Directors may determine (collectively, the "Committees"). Each Committee shall consist of such number of Directors as from time to time may be fixed by a majority of the total authorized membership of the Board of Directors, and any Committee may be abolished or re-designated from time to time by the Board of Directors. Each member of any such Committee (whether designated at an annual meeting of the Board of Directors or to fill a vacancy or otherwise) shall hold office until his or her successor shall have been designated or until he or she shall cease to be a Director, or until his or her earlier death, resignation or removal.

Section 3.02.  Powers.  Any Committee, to the extent provided in a resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation and may authorize the seal of the Corporation to be affixed to all papers that may require such seal, but no Committee shall have power or authority in reference to the following matters: (i) approving or adopting, or recommending to the stockholders, any action or matter (other than the election or removal of directors) expressly required by the DGCL to be submitted to stockholders for approval, or (ii) adopting, amending or repealing the By-Laws of the Corporation.

Section 3.03.  Proceedings.  Each Committee may fix its own rules of procedure and may meet at such place (within or without the State of Delaware), at such time and upon such notice, if any, as it shall determine from time to time, provided that the Board of Directors may adopt other rules and regulations for the governance of any Committee not inconsistent with the provisions of these By-Laws.  Each such Committee shall keep minutes of its proceedings and shall report such proceedings to the Board of Directors at the meeting of the Board of Directors following any such proceedings.

Section 3.04.  Quorum and Manner of Acting.  Except as may be otherwise provided in the resolution creating such Committee, at all meetings of any Committee the presence of members constituting a majority of the total authorized membership of such Committee shall constitute a quorum for the transaction of business.  The act of the majority of the members present at any meeting at which a quorum is present shall be the act of such Committee.  Any action required or permitted to be taken at any meeting of any such Committee may be taken without a meeting, if all members of such Committee shall consent to such action in writing or by Specified Transmission, and such writing or writings or Specified Transmission or Specified Transmissions are filed with the minutes of the proceedings of the Committee.  Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.  The members of any such Committee shall act only as a Committee, and the individual members of such Committee shall have no power as such.

Section 3.05.  Action by Telephonic Communications.  Members of any Committee designated by the Board of Directors may participate in a meeting of such Committee by means of conference telephone or similar communications equipment by means of which all persons

participating in the meeting can hear each other, and participation in a meeting pursuant to this provision shall constitute presence in person at such meeting.

Section 3.06.  Resignations.  Any member of any Committee may resign at any time by submitting a Specified Transmission or by delivering a written notice of resignation to the Chair of the Board, the Chief Executive Officer or the Secretary.  Unless otherwise specified therein, such resignation shall take effect upon delivery.

Section 3.07.  Removal.  Any member of any Committee may be removed from his or her position as a member of such Committee at any time, either for or without cause, by resolution adopted by a majority of the whole Board of Directors.

Section 3.08.  Vacancies.  If any vacancy shall occur in any Committee, by reason of disqualification, death, resignation, removal or otherwise, the remaining members shall continue to act, and any such vacancy may be filled by the Board of Directors subject to Section 3.01 of these By-Laws.

## ARTICLE IV

## OFFICERS

Section 4.01.  Number.  The officers of the Corporation shall be chosen by the Board of Directors and, subject to the last sentence of this Section 4.01, shall be a Chair of the Board, a Chief Executive Officer, one or more Vice Presidents, a Secretary, a Chief Financial Officer, a Treasurer, a General Counsel and a Controller, and any other officers appointed pursuant to Section 4.14.  The Board of Directors also may elect and the Chief Executive Officer may appoint one or more Assistant Secretaries, Assistant Treasurers and Assistant Controllers in such numbers as the Board of Directors or the Chief Executive Officer may determine who shall have such authority, exercise such powers and perform such duties as may be specified in these By-Laws or determined by the Board of Directors.  Any number of offices may be held by the same person, except that one person may not hold both the office of Chief Executive Officer and Secretary.  The Chair of the Board (whether or not an officer) shall be a Director, but no other officer need be a Director.  The Board of Directors may determine that the Chair of the Board will not be an officer of the Corporation.

Section 4.02.  Election.  Unless otherwise determined by the Board of Directors, the officers of the Corporation shall be elected by the Board of Directors at the annual meeting of the Board of Directors, and shall be elected to hold office until the next succeeding annual meeting of the Board of Directors at which his or her successor has been elected and qualified.  In the event of the failure to elect officers at such annual meeting, officers may be elected at any regular or special meeting of the Board of Directors.  Each officer shall hold office until his or her successor has been elected and qualified, or until his or her earlier death, resignation or removal.

Section 4.03.  Salaries.  The salaries of all officers of the Corporation shall be fixed or established in the manner authorized by the Board of Directors, subject to any applicable legal or regulatory requirements.

Section 4.04.  Removal and Resignation; Vacancies.  Any officer may be removed for or without cause at any time by the Board of Directors or by the Chief Executive Officer as permitted pursuant to Section 4.07.  Any officer may resign at any time by delivering notice of resignation, either in writing signed by such officer or by electronic transmission, to the Chair of the Board, the Chief Executive Officer or the Secretary.  Unless otherwise specified therein, such resignation shall take effect upon delivery.  Any vacancy occurring in any office of the Corporation by death, resignation, removal or otherwise, shall be filled by the Board of Directors, or, if the Chief Executive Officer has authority pursuant to Section 4.07 of these By-Laws to fill such office, then by the Chief Executive Officer subject to Section 4.07 of these By-Laws or by the Board of Directors.

Section 4.05.  Authority and Duties of Officers.  The officers of the Corporation shall have such authority and shall exercise such powers and perform such duties as may be specified in these By-Laws or in a resolution of the Board of Directors, except that in any event each officer shall exercise such powers and perform such duties as may be required by law.

Section 4.06.  Chair of the Board.  The Chair of the Board shall preside at all meetings of the Board of Directors and stockholders at which he or she is present.

Section 4.07.  Chief Executive Officer.  The Chief Executive Officer shall, subject to the direction of the Board of Directors, be the chief executive officer of the Corporation, shall have general control and supervision of the policies and operations of the Corporation and shall see that all orders and resolutions of the Board of Directors are carried into effect.  He or she shall manage and administer the Corporation's business and affairs and shall also perform all duties and exercise all powers usually pertaining to the office of a chief executive officer, president or chief operating officer, of a corporation, including, without limitation under the DGCL.  He or she shall have the authority to sign, in the name and on behalf of the Corporation, checks, orders, contracts, leases, notes, drafts and any other documents and instruments in connection with the business of the Corporation, and together with the Secretary or an Assistant Secretary, conveyances of real estate and other documents and instruments to which the seal of the Corporation may need to be affixed.  Except as otherwise determined by the Board of Directors, he or she shall have the authority to cause the employment or appointment of such employees (other than the Chief Executive Officer) and agents of the Corporation as the conduct of the business of the Corporation may require, to fix their compensation and to remove or suspend any such employees or agents elected or appointed by the Chief Executive Officer or the Board of Directors.  Except as otherwise determined by the Board of Directors, he or she shall also have the authority to remove any officer of the Corporation with, if the Chief Executive Officer is not the Chair of the Board, the approval of the Chair of the Board, or, if the Chief Executive Officer is the Chair of the Board, the approval of the lead Director or such other Director designated by the Board for such purpose.  The Chief Executive Officer shall perform such other duties and have such other powers as the Board of Directors or the Chair of the Board may from time to time prescribe.

Section 4.08.  Vice President.  Except as otherwise determined by the Board of Directors, each Vice President shall perform such duties and exercise such powers as may be assigned to him or her from time to time by the Chief Executive Officer.  Except as otherwise determined by the Board of Directors, in the absence of the Chief Executive Officer, the duties of the Chief

16

Executive Officer shall be performed and his or her powers may be exercised by such Vice President as shall be designated by the Chief Executive Officer, or failing such designation, such duties shall be performed and such powers may be exercised by each Vice President in the order of their earliest election to that office; subject in any case to review and superseding action by the Chief Executive Officer.

Section 4.09.  Secretary.  Except as otherwise determined by the Board of Directors, the Secretary shall have the following powers and duties:

(a)  He or she shall keep or cause to be kept a record of all the proceedings of the meetings of the stockholders and of the Board of Directors and all Committees of which a secretary has not been appointed in books provided for that purpose.

(b)  He or she shall cause all notices to be duly given in accordance with the provisions of these By-Laws and as required by law.

(c)  Whenever any Committee shall be appointed pursuant to a resolution of the Board of Directors, he or she shall furnish a copy of such resolution to the members of such Committee.

(d)  He or she shall be the custodian of the records and of the seal of the Corporation and cause such seal (or a facsimile thereof) to be affixed to all certificates representing shares of the Corporation prior to the issuance thereof and to all instruments the execution of which on behalf of the Corporation under its seal shall have been duly authorized in accordance with these By-Laws, and when so affixed he or she may attest the same.

(e)  He or she shall properly maintain and file all books, reports, statements, certificates and all other documents and records required by law, the Certificate of Incorporation or these By-Laws.

(f)  He or she shall have charge of the stock books and ledgers of the Corporation and shall cause the stock and transfer books to be kept in such manner as to show at any time the number of shares of stock of the Corporation of each class issued and outstanding, the names (alphabetically arranged) and the addresses of the holders of record of such shares, the number of shares held by each holder and the date as of which each became such holder of record.

(g)  He or she shall sign (unless the Treasurer, an Assistant Treasurer or an Assistant Secretary shall have signed) certificates representing shares of the Corporation the issuance of which shall have been authorized by the Board of Directors.

(h)  He or she shall perform, in general, all duties incident to the office of secretary and such other duties as may be specified in these By-Laws or as may be assigned to him or her from time to time by the Board of Directors, or the Chief Executive Officer.

Section 4.10.  Chief Financial Officer.  Except as otherwise determined by the Board of Directors, the Chief Financial Officer shall be the chief financial officer of the Corporation and shall have the following powers and duties:

(a)  He or she shall have charge and supervision over and be responsible for the moneys, securities, receipts and disbursements of the Corporation, and shall keep or cause to be kept full and accurate records of all receipts of the Corporation.

(b)  He or she shall render to the Board of Directors, whenever requested, a statement of the financial condition of the Corporation and of all his or her transactions as Chief Financial Officer, and render a full financial report at the annual meeting of the stockholders, if called upon to do so.

(c)  He or she shall be empowered from time to time to require from all officers or agents of the Corporation reports or statements giving such information as he or she may desire with respect to any and all financial transactions of the Corporation.

(d)  He or she shall perform, in general, all duties incident to the office of chief financial officer and such other duties as may be specified in these By-Laws or as may be assigned to him or her from time to time by the Board of Directors or the Chair of the Board.

Section 4.11.  Treasurer.  Except as otherwise determined by the Board of Directors, the Treasurer shall have the following powers and duties:

(a)  He or she may sign (unless an Assistant Treasurer or the Secretary or an Assistant Secretary shall have signed) certificates representing stock of the Corporation the issuance of which shall have been authorized by the Board of Directors.

(b)  He or she shall perform, in general, all duties incident to the office of treasurer and such other duties as may be specified in these By-Laws or as may be assigned to him or her from time to time by the Board of Directors, the Chair of the Board or the Chief Financial Officer.

Section 4.12.  General Counsel.  Except as otherwise determined by the Board of Directors, the General Counsel shall have the following powers and duties:

(a)  He or she shall have general supervision of all matters of a legal nature concerning the Corporation.

(b)  He or she shall perform all such duties incident to his or her office and such other duties as may be specified in these By-Laws or as may be assigned to him or her by the Board of Directors, the Chair of the Board or the Chief Executive Officer.

Section 4.13.  Controller.  Except as otherwise determined by the Board of Directors, the Controller shall have the following powers and duties:

(a)  He or she shall keep and maintain the books of account of the Corporation in such manner that they fairly present the financial condition of the Corporation and its subsidiaries.

(b)  He or she shall perform all such duties incident to the office of controller and such other duties as may be specified in these By-Laws or as may be assigned to him or her by the Board of Directors, the Chair of the Board or the Chief Financial Officer.

Section 4.14.  <u>Additional Officers</u>.  The Board of Directors may appoint such other officers and agents as it may deem appropriate, and such other officers and agents shall hold their offices for such terms and shall exercise such powers and perform such duties as may be determined from time to time by the Board of Directors.  The Board of Directors from time to time may delegate to any officer or agent the power to appoint subordinate officers or agents and to prescribe their respective rights, terms of office, authorities and duties.  Any such officer or agent may remove any such subordinate officer or agent appointed by him or her, for or without cause.

Section 4.15.  <u>Security</u>.  The Board of Directors may require any officer, agent or employee of the Corporation to provide security for the faithful performance of his or her duties, in such amount and of such character as may be determined from time to time by the Board of Directors.

ARTICLE V

CAPITAL STOCK

Section 5.01.  <u>Certificates of Stock; Uncertificated Shares</u>.  The shares of the Corporation shall be represented by certificates, except to the extent that the Board of Directors has provided by resolution or resolutions that some or all of any or all classes or series of the stock of the Corporation shall be uncertificated shares.  Any such resolution shall not apply to shares represented by a certificate until such certificate is surrendered to the Corporation.  Every holder of stock in the Corporation represented by certificates shall be entitled to have, and the Board may in its sole discretion permit a holder of uncertificated shares to receive upon request a certificate signed by the appropriate officers of the Corporation, representing the number of shares registered in certificate form.  Such certificate shall be in such form as the Board of Directors may determine, to the extent consistent with applicable law, the Certificate of Incorporation and these By-Laws.

Section 5.02.  <u>Signatures; Facsimile</u>.  All signatures on the certificates referred to in Section 5.01 of these By-Laws may be in facsimile, engraved or printed form, to the extent permitted by law.  In case any officer, transfer agent or registrar who has signed, or whose facsimile, engraved or printed signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if he or she were such officer, transfer agent or registrar at the date of issue.

Section 5.03.  <u>Lost, Stolen or Destroyed Certificates</u>.  A new certificate may be issued in place of any certificate theretofore issued by the Corporation alleged to have been lost, stolen or destroyed, only upon delivery to Corporation of an affidavit of the owner or owners (or their legal representatives) of such certificate, setting forth such allegation, and a bond or undertaking as may be satisfactory to a financial officer of the Corporation to indemnify the Corporation against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of any such new certificate.

Section 5.04.  <u>Transfer of Stock</u>.  Upon surrender to the Corporation or the transfer agent of the Corporation of a certificate for shares, duly endorsed or accompanied by appropriate evidence of succession, assignment or authority to transfer, the Corporation shall issue a new certificate to the person entitled thereto, cancel the old certificate and record the transaction upon its books.  Within a reasonable time after the transfer of uncertificated stock, the Corporation shall send to the registered owner thereof a written notice containing the information required to be set forth or stated on certificates pursuant to Sections 151, 156, 202(a) or 218(a) of the DGCL. Subject to the provisions of the Certificate of Incorporation and these By-Laws, the Board of Directors may prescribe such additional rules and regulations as it may deem appropriate relating to the issue, transfer and registration of shares of the Corporation.

Section 5.05.  <u>Registered Stockholders</u>.  The Corporation may treat the registered owner of shares of the Corporation as the person exclusively entitled to receive dividends and other distributions, to vote, to receive notice and otherwise to exercise all the rights and powers of the owner of such, and the Corporation shall not be bound to recognize any equitable or legal claim to or interest in such shares on the part of any other person, whether or not the Corporation shall have notice of such claim or interests.

Section 5.06.  <u>Transfer Agent and Registrar</u>.  The Board of Directors may appoint one or more transfer agents and one or more registrars, and may require all certificates representing shares to bear the signature of any such transfer agents or registrars.

ARTICLE VI

<u>INDEMNIFICATION</u>

Section 6.01.  <u>Nature of Indemnity</u>.  The Corporation shall indemnify, to the fullest extent permitted by the DGCL and other applicable law, any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (each, a "proceeding"), by reason of the fact that he or she is or was or has agreed to become a Director or officer of the Corporation, or while serving as a Director or officer of the Corporation, is or was serving or has agreed to serve at the request of the Corporation as a Director, officer, employee, manager or agent of another corporation, partnership, joint venture, trust or other enterprise, or by reason of any action alleged to have been taken or omitted in such capacity, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him or her or on his or her behalf in connection with such proceeding and any appeal therefrom, if he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal proceeding had no

20

reasonable cause to believe his or her conduct was unlawful; provided that in the case of an action or suit by or in the right of the Corporation to procure a judgment in its favor (i) such indemnification shall be limited to expenses (including attorneys' fees) actually and reasonably incurred by such person in the defense or settlement of such action or suit, and (ii) no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the Corporation unless and only to the extent that the Delaware Court of Chancery or the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the Delaware Court of Chancery or such other court shall deem proper. Notwithstanding the foregoing, but subject to Section 6.05 of these By-Laws, the Corporation shall not be obligated to indemnify a Director or officer of the Corporation in respect of a proceeding (or part thereof) instituted by such Director or officer, unless such proceeding (or part thereof) has been authorized in the specific case by the Board of Directors.

The termination of any proceeding by judgment, order, settlement, conviction, or upon a plea of <u>nolo contendere</u> or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he or she reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal proceeding, had reasonable cause to believe that his or her conduct was unlawful.

Section 6.02.  <u>Successful Defense</u>.  To the extent that a present or former Director or officer of the Corporation has been successful on the merits or otherwise in defense of any proceeding referred to in Section 6.01 of these By-Laws or in defense of any claim, issue or matter therein, he or she shall be indemnified by the Corporation against expenses (including attorneys' fees) actually and reasonably incurred by him or her in connection therewith.

Section 6.03.  <u>Determination That Indemnification Is Proper</u>.  Any indemnification of a present or former Director or officer of the Corporation under Section 6.01 of these By-Laws (unless ordered by a court) shall be made by the Corporation only upon a determination that indemnification of such person is proper in the circumstances because such person has met the applicable standard of conduct set forth in Section 6.01 of these By-Laws.  Any such determination shall be made, with respect to a person who is a Director or officer at the time of such determination (<u>i</u>) by a majority vote of the Directors who are not parties to such proceeding, even though less than a quorum, or (<u>ii</u>) by a Committee of such Directors designated by majority vote of such Directors, even though less than a quorum, or (<u>iii</u>) if there are no such Directors, or if such Directors so direct, by independent legal counsel in a written opinion, or (<u>iv</u>) by the stockholders.

Section 6.04.  <u>Advance of Expenses</u>.  Expenses (including attorneys' fees) incurred by a present or former Director or officer in defending any civil, criminal, administrative or investigative proceeding shall be paid by the Corporation prior to the final disposition of such proceeding upon written request by such person and delivery of an undertaking by such person to repay such amount if it shall ultimately be determined that he or she is not entitled to be indemnified by the Corporation under this Article or applicable law; <u>provided</u> that the Board of Directors may not require such Director or officer to post any bond or otherwise provide any security for such undertaking.  The Corporation or, in respect of a present Director or officer, the

Board of Directors may authorize the Corporation's counsel to represent (subject to applicable conflict of interest considerations) such present or former Director or officer in any proceeding, whether or not the Corporation is a party to such proceeding.

Section 6.05. <u>Procedure for Indemnification of Directors and Officers</u>. Any indemnification of a Director or officer of the Corporation under Sections 6.01 and 6.02 of these By-Laws, or advance of expenses to such persons under Section 6.04 of these By-Laws, shall be made promptly, and in any event within 30 days, upon the written request by or on behalf of such person (together with supporting documentation). If a determination by the Corporation that such person is entitled to indemnification pursuant to this Article is required, and the Corporation fails to respond within 60 days to a written request for indemnity, the Corporation shall be deemed to have approved such request. If the Corporation denies a written request for indemnity or advancement of expenses, in whole or in part, or if payment in full pursuant to such request is not made within 30 days, the right to indemnification or advances as granted by this Article shall be enforceable by such person in any court of competent jurisdiction. Such person's costs and expenses incurred in connection with successfully establishing his or her right to indemnification, in whole or in part, in any such action shall also be indemnified by the Corporation. It shall be a defense to any such action (other than an action brought to enforce a claim for the advance of costs, charges and expenses under Section 6.04 of these By-Laws where the required undertaking, if any, has been received by or tendered to the Corporation) that the claimant has not met the standard of conduct set forth in Section 6.01 of these By-Laws, but the burden of proving such defense shall be on the Corporation. Neither the failure of the Corporation (including its Board of Directors or any Committee thereof, its independent legal counsel, and its stockholders) to have made a determination prior to the commencement of such action that indemnification of the claimant is proper in the circumstances because he or she has met the applicable standard of conduct set forth in Section 6.01 of these By-Laws, nor the fact that there has been an actual determination by the Corporation (including its Board of Directors or any Committee thereof, its independent legal counsel, and its stockholders) that the claimant has not met such applicable standard of conduct, shall be a defense to the action or create a presumption that the claimant has not met the applicable standard of conduct.

Section 6.06. <u>Contract Right; Non-Exclusivity; Survival</u>.

(a) The rights to indemnification and advancement of expenses provided by this Article shall be deemed to be separate contract rights between the Corporation and each Director and officer who serves in any such capacity at any time while these provisions as well as the relevant provisions of the DGCL are in effect and any repeal or modification thereof shall not adversely affect any right or obligation then existing with respect to any state of facts then or previously existing or any proceeding previously or thereafter brought or threatened based in whole or in part upon any such state of facts. Such "contract rights" may not be modified retroactively as to any present or former Director or officer without the consent of such Director or officer.

(b) The rights to indemnification and advancement of expenses provided by this Article shall continue as to a person who has ceased to be a Director or officer and shall not be deemed exclusive of any other rights to which a present or former Director or officer of the

Corporation seeking indemnification or advancement of expenses may be entitled under any by-law, agreement, vote of stockholders or disinterested Directors, or otherwise.

(c)  The rights to indemnification and advancement of expenses provided by this Article to any present or former Director or officer shall inure to the benefit of the heirs, executors and administrators of such a person.

Section 6.07.  <u>Insurance</u>.  The Corporation shall purchase and maintain insurance on behalf of any person who is or was or has agreed to become a Director or officer of the Corporation, or is or was serving at the request of the Corporation as a Director or officer of another corporation, partnership, joint venture, trust or other enterprise against any liability asserted against him or her and incurred by him or her or on his or her behalf in any such capacity, or arising out of his or her status as such, whether or not the Corporation would have the power to indemnify him or her against such liability under the provisions of this Article, <u>provided</u> that such insurance is available on commercially reasonable terms consistent with the then prevailing rates in the insurance market.

Section 6.08.  <u>Subrogation</u>.  In the event of payment under this Article VI, the Corporation shall be subrogated to the extent of such payment to all of the rights of recovery of the indemnitee, who shall execute all documents, and do all acts, that as the Corporation may reasonably request to secure such rights, including the execution of such documents as the Corporation may reasonably request to enable the Corporation effectively to bring suit to enforce such rights.

Section 6.09.  <u>Employees and Agents</u>.  The Board, or any officer authorized by the Board generally or in the specific case to make indemnification decisions, may cause the Corporation to indemnify any present or former employee or agent of the Corporation in such manner and for such liabilities as the Board may determine, up to the fullest extent permitted by the DGCL and other applicable law.

Section 6.10.  <u>Interpretation, Severability</u>.  Terms defined in Sections 145(h) or (i) of the DGCL have the meanings set forth in such sections when used in this Article.  If this Article or any portion hereof shall be invalidated on any ground by any court of competent jurisdiction, then the Corporation shall nevertheless indemnify each Director or officer as to costs, charges and expenses (including attorneys' fees), judgments, fines and amounts paid in settlement with respect to any proceeding, whether civil, criminal, administrative, investigative or otherwise, including an action by or in the right of the Corporation, to the fullest extent permitted by any applicable portion of this Article that shall not have been invalidated and to the fullest extent permitted by applicable law.

## ARTICLE VII

## <u>OFFICES</u>

Section 7.01.  <u>Registered Office</u>.  The registered office of the Corporation in the State of Delaware shall be located at the location provided in the Certificate of Incorporation of the Corporation.

Section 7.02.  <u>Other Offices</u>.  The Corporation may maintain offices or places of business at such other locations within or without the State of Delaware as the Board of Directors may from time to time determine or as the business of the Corporation may require.

ARTICLE VIII

<u>GENERAL PROVISIONS</u>

Section 8.01.  <u>Dividends</u>.  Subject to any applicable provisions of law and the Certificate of Incorporation, dividends upon the shares of the Corporation may be declared by the Board of Directors at any regular or special meeting of the Board of Directors and any such dividend may be paid in cash, property, or shares of the Corporation's capital stock.

A member of the Board of Directors, or a member of any Committee designated by the Board of Directors shall be fully protected in relying in good faith upon the records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or Committees of the Board of Directors, or by any other person as to matters the Director reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation, as to the value and amount of the assets, liabilities and/or net profits of the Corporation, or any other facts pertinent to the existence and amount of surplus or other funds from which dividends might properly be declared and paid.

Section 8.02.  <u>Reserves</u>.  There may be set aside out of any funds of the Corporation available for dividends such sum or sums as the Board of Directors from time to time, in its absolute discretion, thinks proper as a reserve or reserves to meet contingencies, or for equalizing dividends, or for repairing or maintaining any property of the Corporation or for such other purpose as the Board of Directors shall think conducive to the interest of the Corporation, and the Corporation's stockholders and the Board of Directors may similarly modify or abolish any such reserve.

Section 8.03.  <u>Execution of Instruments</u>.  Except as otherwise provided by law or the Certificate of Incorporation, the Board of Directors or the Chief Executive Officer may authorize the Chief Executive Officer or any other officer or agent to enter into any contract or execute and deliver any instrument in the name and on behalf of the Corporation.  Any such authorization may be general or limited to specific contracts or instruments.

Section 8.04.  <u>Voting as Stockholder</u>.  Unless otherwise determined by resolution of the Board of Directors, the Chair of the Board or the Chief Executive Officer or any Vice President or any officer of the Corporation authorized by any of them shall have full power and authority on behalf of the Corporation to attend any meeting of stockholders of any corporation in which the Corporation may hold stock, and to act, vote (or execute proxies to vote) and exercise in person or by proxy all other rights, powers and privileges incident to the ownership of such stock at any such meeting, or through action without a meeting.  The Board of Directors may by resolution from time to time confer such power and authority (in general or confined to specific instances) upon any other person or persons.

Section 8.05.  <u>Fiscal Year</u>.  The fiscal year of the Corporation shall commence on the first day of January of each year and shall terminate in each case on December 31.

Section 8.06.  <u>Seal</u>.  The seal of the Corporation shall be circular in form and shall contain the name of the Corporation, the year of its incorporation and the words "Corporate Seal" and "Delaware".  The form of such seal shall be subject to alteration by the Board of Directors.  The seal may be used by causing it or a facsimile thereof to be impressed, affixed or reproduced, or may be used in any other lawful manner.

Section 8.07.  <u>Books and Records; Inspection</u>.  Except to the extent otherwise required by law, the books and records of the Corporation shall be kept at such place or places within or without the State of Delaware as may be determined from time to time by the Board of Directors.

Section 8.08.  <u>Electronic Transmission</u>.  "Electronic transmission", as used in these By-laws, means any form of communication, not directly involving the physical transmission of paper, that creates a record that may be retained, retrieved and reviewed by a recipient thereof, and that may be directly reproduced in paper form by such a recipient through an automated process.

ARTICLE IX

<u>AMENDMENT OF BY-LAWS</u>

Section 9.01.  <u>Amendment</u>.  Subject to the provisions of the Certificate of Incorporation, these By-Laws may be amended, altered or repealed:

(a)  by resolution adopted by a majority of the Board of Directors at any special or regular meeting of the Board of Directors if, in the case of such special meeting only, notice of such amendment, alteration or repeal is contained in the notice or waiver of notice of such meeting, or

(b)  at any regular or special meeting of the stockholders upon the affirmative vote of the holders of a majority of the combined voting power of the outstanding shares of the Corporation entitled to vote in any election of Directors if, in the case of such special meeting only, notice of such amendment, alteration or repeal is contained in the notice or waiver of notice of such meeting.

Notwithstanding the foregoing, no amendment, alteration or repeal of Article VI shall adversely affect any right or protection existing under these By-Laws immediately prior to such amendment, alteration or repeal, including any right or protection of a Director thereunder in respect of any act or omission occurring prior to the time of such amendment.

ARTICLE X

<u>CONSTRUCTION</u>

Section 10.01.  <u>Construction</u>.  In the event of any conflict between the provisions of these By-Laws as in effect from time to time and the provisions of the Certificate of Incorporation of the Corporation as in effect from time to time, the provisions of such Certificate of Incorporation shall be controlling.