# EXHIBIT D

| **MARSH LTD** | | |
|---|---|---|
| CONTRACT NUMBER ▮0600 | | Page **1** of **22** |

## RISK DETAILS

**UNIQUE MARKET REFERENCE:** ▮0600

**TYPE:** Marsh Alpha Difference in Conditions Directors and Officers Liability Insurance

**POLICYHOLDER:** Hertz Global Holdings, Inc.

**PRINCIPAL ADDRESS:**
8501 Williams Rd
Estero, FL 33928
United States of America

**POLICY PERIOD:** From: 30th June, 2019
To:    30th June, 2020
Both days at 12.01am Local Time at the Principal Address.

**INTEREST:** Marsh Alpha Difference in Conditions Directors and Officers Liability Insurance

**LIMIT OF LIABILITY:**

A. **Original Limit**           USD 15,000,000 in the aggregate

B. **Single Claim Limit:**      USD 15,000,000 each **Single Claim**

C. **Reinstated Limit**:        USD 15,000,000 in the aggregate

D. **Second Reinstated Limit**: USD 15,000,000 in the aggregate

E. **Limit for Policyholder Board Access Costs:**   USD 1,000,000 in the aggregate

**Optional Special Policy Feature**

F. Cover per 2.3 Additional Per Single Claim Limit for Policyholder Board Members:   Not Included

(1) Additional Limit for Policyholder Board Members:   Not Applicable

G. **Reputation Costs Sub-Limit:**   USD 250,000 in the aggregate

| **MARSH LTD** | | |
|---|---|---|
| CONTRACT NUMBER ███████0600 | | Page **2** of **22** |

**SITUATION:**      Worldwide.

**CONDITIONS:**      **Wording:** Marsh Alpha Difference in Conditions Directors and Officers Liability Insurance, as attached.

       1.    Schedule of **Underlying Insurers**:
**Primary Contract**
Insurer: National Union Fire Insurance Company of Pittsburgh, PA
Limit:      USD 10,000,000

**First Excess Contract**
Insurer: Continental Casualty Company
Limit:      USD 10,000,000

**Second Excess Contract**
Insurer: ACE American Insurance Company
Limit:      USD 10,000,000

**Third Excess Contract**
Insurer: Endurance Assurance Corporation
Limit:      USD 10,000,000

**Fourth Excess Contract**
Insurer: XL Specialty Insurance Company
Limit:      USD 10,000,000

**Fifth Excess Contract**
Insurer: Old Republic Insurance Company
Limit:      USD 10,000,000

**Sixth Excess Contract**
Insurer: Travelers Casualty & Surety Company of America
Limit:      USD 10,000,000

**Seventh Excess Contract**
Insurer: RLI Insurance Company
Limit:      USD 10,000,000

**Eighth Excess Contract**
Insurer: Arch Insurance Company
       Markel American Insurance Company
       Starr Indemnity & Liability Company
       Great American Insurance Company
       Allied World National Assurance Company
       Freedom Specialty Insurance Company
Limit:      USD 50,000,000

| MARSH LTD | | |
|---|---|---|
| CONTRACT NUMBER ████████0600 | | Page **3** of **22** |

**Ninth Excess Contract**
Insurer:  Everest National Insurance Company
Beazley Insurance Company
Berkley Insurance Company
State National Insurance Company
Endurance Specialty Insurance Ltd
Allied World National Assurance Company
Argonaut Insurance Company
Axis Insurance Company
Ironshore Indemnity
Limit:     USD 70,000,000

2. **Service of Suit Firm:**  Mendes and Mount, 750 Seventh Avenue, New York, NY 10019-6829, U.S.A.

3. **Discovery Periods** available:

| Locally Required Discovery Period | Term as per local law | No additional premium |
|---|---|---|
| **Insolvency of Policyholder** | 15 years | No additional premium |
| **Retired Insureds** | Unlimited | No additional premium |
| **Change in Control** | <ul><li>1 year</li><li>3 years</li><li>6 years</li><li>10 years</li></ul> | Not more than:<ul><li>100% of **Premium**</li><li>125% of **Premium**</li><li>175% of **Premium**</li><li>200% of **Premium**</li></ul> |
| **Non-renewal or cancellation of the Policy** | <ul><li>1 year</li><li>3 years</li><li>6 years</li><li>10 years</li></ul> | Not more than:<ul><li>75% of **Premium**</li><li>125% of **Premium**</li><li>175% of **Premium**</li><li>200% of **Premium**</li></ul> |

4. *alpha.claims@marshoperations.co.uk*

5. **Executive Protection Team** contact**:** Appendix A

6. Prior Act Exclusion, as attached.

7. Fiduciary Liability Extension Endorsement, as attached.

8. Alpha Amendatory Endorsement (manuscript for Hertz Global Holdings, Inc) as attached.

9. LMA 9105 (amended) – Policyholder Disclosure Notice of Terrorism Insurance Coverage attached.

| MARSH LTD | | |
|---|---|---|
| CONTRACT NUMBER ▮▮▮▮▮▮▮▮0600 | | Page **4** of **22** |

10. Special Cancellation / Insurer Downgrade Clause, as attached.

11. Policyholder's representative for the purpose Special Cancellation / Insurer downgrade clause:
Marsh Limited, 1 Tower Place West, Tower Place, London, EC3R 5BU

12. Interlocking Clause, as attached.

**SUBJECTIVITIES:**   None

**CHOICE OF LAW & JURISDICTION:**   As set forth in the Law of Interpretation, Disputes and Service of Suit Clauses below.

LAW OF INTERPRETATION
The **Insured**, the **Company** and **Insurer** agree the **Policy,** including any question as to its construction, validity or operation, will be interpreted according the laws of the jurisdiction specified in the relevant provisions in the **Primary Contract**. To the extent that the **Primary Contract** is silent as to the law that applies, the **Policy** is intentionally silent as well and the law determined or agreed to apply to the **Primary Contract** will also apply to the **Policy**.

DISPUTES CLAUSE
Except with regard to the **Disputes** described in clause 5.2.4, clause 6.30(5) and clause 5.2.4(b)(iii), the **Insured**, the **Company** and **Insurer** agree that any **Dispute** will be conducted in the manner, forum and location specified in the relevant provisions in the **Primary Contract** and that those provisions of the **Primary Contract** are incorporated into the **Policy** for the purposes of determining the dispute resolution procedures applicable to it. To the extent that the **Primary Contract** is silent as to any of the forgoing matters, the **Policy** is intentionally silent as well and the dispute resolution procedures determined or agreed to apply to the **Primary Contract** will also apply to the **Policy**.

In the event that a **Dispute** arises between the **Insurer** and the **Insured** and/or **Company** in relation to matters that are also the subject of a dispute between the **Insured** and/or **Company** and the insurers of any **Underlying Insurance** and/or **Overlying Insurance** then those disputes and **Disputes** will be heard together in the same court or arbitration proceedings if, where required, those insurers consent.

# MARSH ALPHA®

## DIFFERENCE IN CONDITIONS DIRECTORS AND OFFICERS LIABILITY INSURANCE

In consideration of the payment of, or promise to pay, the **Premium**; the **Insurer**, the **Company** and the **Insured** agree as follows:

## 1  Insuring Agreements

**1.1**  The **Insurer** will pay **Non-Indemnified Loss** resulting from a **Claim First Made** during the **Policy Period** on behalf of any **Insured** if that **Non-Indemnified Loss** is not paid by the **Underlying Insurance** for any reason including a **Drop-Down Event.**

**1.2**  The **Insurer** will pay **Non-Indemnified Loss** resulting from a **Claim First Made** during the **Policy Period** on behalf of any **Insured** if:

(a)  the **Underlying Insurance** is **Exhausted**; or

(b)  a sub-limit in the **Underlying Insurance** that is applicable to that **Non-Indemnified Loss** is **Exhausted.** No sub-limit will apply to that **Non-Indemnified Loss** under the **Policy**.

**1.3**  If the events described in 1.1 and/or 1.2 arise and:

(a)  the **Insured** would be entitled to greater recovery according to the terms and conditions of any **Underlying Policy**, the **Insurer** will pay the **Non-Indemnified Loss** according to the terms and conditions of the **Underlying Policy** that would provide the greatest recovery to that **Insured,** except that the following provisions from the **Policy** will always apply:

   (i)  clause 2.2 Reinstatements;

   (ii)  clause 2.3  Additional Limit for Policyholder Board Members;

   (iii)  clause 4 Limit of Liability;

   (iv)  clause 5.3 Subrogation and Recoupment;

   (v)  clause 5.4.2 Claim Series;

   (vi)  clause 5.4.4 Entire Agreement;

1

© Marsh Ltd 2019. Launch version  Alpha v4 US PR MR Final  2019

    (vii)  clause 5.5.3 Bankruptcy;

    (viii) clause 6.59  Single Claim;

    (ix)  the Choice of Law and Jurisdiction section of the **Risk Details**; and

    (x)  any specific endorsement to the **Policy**.

Notwithstanding clause 1.3, the **Insurer** will always retain a right to cancel the **Policy** for non-payment of **Premium**.

(b)    the relevant **Claim** is brought and maintained against an **Insured** in a jurisdiction with **Locally Required Additional Cover**, the **Insurer** will provide that **Locally Required Additional Cover** for that **Claim**.

**1.4**    The **Insurer** will pay as **Non-Indemnified Loss**:

(a)    **Mitigation Costs** incurred by or on behalf of an **Insured** with the **Insurer's** prior consent;

(b)    **Reputation Costs** incurred by or on behalf of an **Insured** for a **Claim** or with the **Insurer's** prior consent with respect to a potential **Claim**, up to a single aggregate sub-limit of USD 250,000 under this **Policy**. This aggregate sub-limit shall form part of and not be in addition to the **Original Limit**, **Reinstated Limit** and **Second Reinstated Limit** combined and shall not increase the **Single Claim Limit;** and

(c)    **Witness Costs.**

## 2   Special Policy Features

### 2.1   Executive Protection Consultation

For the purpose of planning and assessing the **Company**'s executive protection program (and not for the purpose of assessing any **Insured**'s rights in relation to an existing **Claim**), the board of directors of any **Company** is entitled to a complimentary initial consultation with an **Executive Protection Team** to discuss considerations relating to such things as the nature and extent of the **Insureds**' coverage under the executive protection program as a whole (including any right to advancement).

The right to a consultation under this provision is subject to:

(a)  confirmation that there are no conflicts of interest that would preclude **Executive Protection Team** from providing the initial consultation, and

(b)   otherwise to the **Executive Protection Team**'s decision, at its discretion, to agree to the consultation.

2

(a)  entering into a plea agreement, deferred prosecution agreement or similar resolution of a pending or potential criminal charge except where a payment is sought as described in 5.2.4 (2); or

(b)  reporting to an **Official Body** or to the **Company** that a breach of law or policy has or may have occurred or engaging in follow-on communications to such a report.

### 5.2.6    Appeals

If the **Insured** or the **Underlying Insurer** or insurer of the **Overlying Insurance** elects not to appeal a judgment, the **Insurer** may appeal that judgment at its own expense, but the **Insurer** will be liable for any increased award, costs, disbursements or interest arising from that appeal, except to the extent it is paid by other insurance.

### 5.2.7    Other Insurance

With the exception of the **Underlying Insurance**, **Overlying Insurance** and independent directors liability insurance (or similar insurances, including any personal umbrella insurance) held by any **Insured**, if other valid and collectible insurance is **Available** to the **Insured** that covers **Non-Indemnified Loss** to which the **Policy** would otherwise respond, the **Policy** will be excess of and will not contribute with that other insurance.  If such other insurance is not **Available**, the **Policy** will respond on behalf the **Insured**.  Such a response will not be construed as waiving or diminishing any of the **Insurer's** rights to recover from the relevant insurer.

## 5.3    Subrogation and Recoupment

### 5.3.1    Subrogation

If the **Insurer** pays **Non-Indemnified Loss** on behalf of an **Insured**, the **Insurer** is subrogated to any rights that **Insured** may have to recover that **Non-Indemnified Loss** from another party including the **Company**, an **Underlying Insurer** or an **Overlying Insurer**.  The **Insured** will take all reasonable steps required to enable the **Insurer** to secure such recovery including executing documents necessary for the **Insurer** to bring an action in the **Insured's** name.

Notwithstanding the paragraph above, the **Insurer** will not seek to recover **Non-Indemnified Loss** paid on behalf of one **Insured** from another **Insured** unless it has been established that clause 3  (Exclusion) applies to the **Insured** from whom recovery is sought.

### 5.3.2    Recoupment

If the **Insurer** advances **Defense Costs** and it is finally established that the **Insurer** had no liability under the **Policy**, the **Company** will reimburse the **Insurer** to the extent that it is legally permitted to do so.  If the **Company** is legally prohibited from repaying the **Defense Costs**, the **Insurer** may seek to recoup those costs from the **Insured** on whose behalf the **Defense Costs** were advanced.