# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE HERTZ CORPORATION, *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 20-11218 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline: August 5, 2020, at 4:00 p.m. (ET)**<br>**Hearing Date: August 12, 2020, at 10:30 a.m. (ET)** |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP AS DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO JUNE 15, 2020

The Official Committee of Unsecured Creditors (the "**Committee**") of The Hertz Corporation, *et al.* (the "**Debtors**") submits this application (the "**Application**"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2014(a), 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the employment and retention of Benesch, Friedlander, Coplan & Aronoff LLP ("**Benesch**") as Delaware counsel to the Committee *nunc pro tunc* to June 15, 2020. In support of this Application, the Committee also submits (a) the Declaration of Jennifer R. Hoover attached hereto as **Exhibit B** (the "**Hoover Declaration**"), and (b) the declaration of James

---

[1] The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been approved, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

Sheppard, in such person's capacity as chair of the Committee, attached hereto as **Exhibit C** (the "**Committee Chair Declaration**"). In further support of this Application, the Committee respectfully states as follows:

## BACKGROUND

1. On May 22, 2020 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

2. On June 11, 2020, the United States Trustee (the "**U.S. Trustee**") appointed the Committee pursuant to Bankruptcy Code section 1102. The Committee currently consists of nine members.[2] On June 11, 2020, the Committee selected Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**") to serve as counsel to the Committee pursuant to Bankruptcy Code section 1103(a). On June 15, 2020 (the "**Retention Date**"), the Committee selected Benesch to serve as its Delaware counsel and Berkeley Research Group, LLC ("**BRG**") to serve as its financial advisor. On June 17, 2020, the Committee selected UBS Securities LLC ("**UBS**") to serve as its investment banker.

3. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession. No trustee or examiner has been appointed in the Chapter 11 Cases.

---

[2] The members of the Committee are (i) American Automobile Association, Inc.; (ii) Emma Bradley; (iii) Janice Dawson; (iv) the International Brotherhood of Teamsters; (v) Pension Benefit Guaranty Corporation; (vi) Sirius XM Radio Inc.; (vii) Southwest Airlines Co.; (viii) U.S. Bank National Association, as indenture trustee; and (ix) Wells Fargo Bank, N.A., as indenture trustee.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment consent of the parties.

5. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014(a), 2016(a), and 5002, and Local Rules 2014-1 and 2016-1.

**RELIEF REQUESTED**

6. By this Application, the Committee respectfully requests the entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the employment and retention of Benesch as its Delaware co-counsel, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, *nunc pro tunc* to June 15, 2020.

7. The Committee requests that the Court approve the retention of Benesch to perform the following services:

    a. in conjunction with Kramer Levin, providing legal advice where necessary with respect to the Committee's powers and duties and strategic advice on how to accomplish the Committee's goals, bearing in mind that the Court relies on Delaware counsel such as Benesch to be involved in all aspects of the bankruptcy proceedings;

3

    b. drafting, reviewing and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

    c. assisting and advising the Committee in its consultation with Kramer Levin and the U.S. Trustee relative to the administration of these cases;

    d. drafting, filing, and serving documents as requested by Kramer Levin and the Committee;

    e. assisting the Committee and Kramer Levin, as necessary, in the investigation (including through discovery) of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to these cases or to the formulation of a plan or plans of reorganization or liquidation;

    f. compiling and coordinating delivery to the Court and the U.S. Trustee information required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any applicable U.S. Trustee guidelines and/or requests;

    g. appearing in Court and at any meetings of creditors on behalf of the Committee in its capacity as Delaware counsel with Kramer Levin;

    h. monitoring the case docket and coordinating with Kramer Levin and any other professional retained by the Committee on matters impacting the Committee;

    i. participating in calls with the Committee;

    j. preparing, updating and distributing critical dates memoranda and working group lists;

    k. handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these cases and coordinating with Kramer Levin on any necessary responses; and

    l. taking on additional tasks and projects as the Committee may assign.

8. To the extent that Benesch is assigned by the Committee to perform additional services as requested by the Committee that may be necessary and proper in these proceedings and that are materially different from the services described in this Application, Benesch will file a supplemental declaration in accordance with Bankruptcy Rule 2014, as required by Part F.1.c. of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses*

*Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**Revised U.S. Trustee Fee Guidelines**"), as adopted on June 11, 2013.

9. By separate application, the Committee is also seeking approval to employ Kramer Levin. The Committee believes that if the employment of Kramer Levin and Benesch are approved by this Court, these firms have allocated and will allocate their delivery of services to the Committee so as to limit unnecessary duplication of services. It is the carefully considered view of the Committee that, considering the complexity of these cases, the timing of the Committee's appointment, the pace of these cases and the various interests involved, representation of the Committee by Kramer Levin and Benesch is necessary, advisable and in the best interests of the Committee and these estates.

## BASIS FOR RELIEF

10. Section 1103(a) of the Bankruptcy Code authorizes a committee appointed under section 1102 of the Bankruptcy Code, with the Court's approval, to select and authorize the employment of attorneys, accountants and other agents to represent or perform services for the committee. *See* 11 U.S.C. § 1103(a). Section 328(a) of the Bankruptcy Code provides that a committee appointed under section 1102 may, with the court's approval, "employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment . . . ." 11 U.S.C. § 328(a). Although an attorney employed to represent a committee under section 1102 "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case . . . , [r]epresentation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest." 11 U.S.C. § 1103(b).

5

A. **Benesch's Qualifications**

11. The Committee is familiar with the professional standing and reputation of Benesch. The Committee has selected Benesch because of its extensive experience and outstanding reputation handling complex bankruptcy matters, including the representation of official committees of unsecured creditors and debtors, as well as litigation matters, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience and knowledge in practicing before this Court, its proximity to this Court, and its ability to respond quickly to emergency hearings and other emergency matters, and other matters that are likely to be at issue in these Chapter 11 Cases. Further, the Committee believes that Benesch is especially well-suited to serve as Committee counsel due to its attorneys' experience representing creditors' committees in other large chapter 11 cases in this Court, including such cases as *Dura Automotive Systems, LLC, FTD Companies, Inc., American Tire Distributors, Inc., Charming Charlie Holdings, Inc., Designline Corporation, iON Worldwide Inc., Micromed Technologies, Inc., MFM Industries, Inc., Velti, Inc.,* and *ADOC Holdings, Inc., f/k/a CODA Holdings, Inc.* The Committee believes that Benesch is well qualified to represent the Committee as Delaware co-counsel with Kramer Levin in these proceedings.

12. The Committee has determined that Benesch has the resources and experience necessary to assist Kramer Levin and deal effectively and efficiently with many of the potential legal issues that may arise in the context of the Debtors' Chapter 11 Cases. Further, Benesch's appearance before this Court for the applications, motions, and other matters that may arise in these cases will be efficient and cost-effective for the Debtors' estates. The Committee therefore believes that Benesch's employment as Delaware counsel with Kramer Levin is in the best interest

of the Debtors, their estates and their constituents and desires that Benesch represent it as Delaware counsel in connection with these cases.

13.    Benesch advised the Committee, and as disclosed in the Hoover Declaration, that Benesch may have in the past represented or opposed, may currently represent or oppose, and may in the future represent or oppose, certain parties in interest in these cases in matters wholly unrelated to the Debtors and/or these Chapter 11 Cases.  Benesch has not (except as may be disclosed in the Hoover Declaration) and will not represent any such parties, or any of their affiliates or subsidiaries, in these Chapter 11 Cases.

14.    Benesch has further advised the Committee that it appears in many cases, proceedings, and transactions involving many different attorneys, counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent parties in interest in these Chapter 11 Cases.

15.    To the extent that Benesch discovers any connections with any interested party or enters into any new relationships with any interested party, the Committee understands that Benesch will promptly supplement its disclosures to the Court.

16.    The Committee therefore respectfully submits that Benesch satisfies the applicable standards to represent the Committee as Delaware counsel in these Chapter 11 Cases.

**B.    Benesch's Professional Compensation**

17.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis.  11 U.S.C. § 328(a). Subject to this Court's approval and in accordance with section 330(a) of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, the Committee requests that

Benesch be compensated on an hourly basis for the work it performs, plus reimbursement of the actual and necessary expenses that Benesch incurs.

18.     Benesch has advised the Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order entered in these cases governing the compensation of professionals, and the Revised U.S. Trustee Fee Guidelines. Benesch's proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Committee. These hourly rates are subject to periodic adjustment and the Committee has been advised of that fact.

19.     The current standard hourly rates charged by Benesch professionals and paraprofessionals to be primarily staffed on this matter are set forth in the chart below:

| Professional | Position | Rate |
|---|---|---|
| Gregory W. Werkheiser | Partner | $650 per hour |
| Jennifer R. Hoover | Partner | $610 per hour |
| Kevin M. Capuzzi | Partner | $495 per hour |
| Jacob Marshall | Associate | $395 per hour |
| Matthew Beebe | Associate | $390 per hour |
| John C. Gentile | Associate | $355 per hour |
| LouAnne Molinaro | Paralegal | $315 per hour |

20.     Other Benesch attorneys, paralegals and staff may from time to time be called upon by the Committee to render services to it. Benesch's current standard hourly rates, firm-wide,

range from $365 to $895 per hour for partners, from $355 to $685 for of counsel, from $245 to $620 per hour for associates, and from $110 to $315 per hour for paraprofessionals.

21. The ranges of hourly rates set forth above are Benesch's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Benesch for the work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are subject to periodic adjustment to reflect economic and other conditions Benesch has advised the Committee, and the Committee understands, that the hourly rates set forth above are subject to periodic adjustments on September 1 each year as part of its ordinary business practice. Benesch will file a supplemental affidavit with the Court describing any increase in its billing rates and provide not less than ten (10) business days' notice of such increases to the Debtors, the Committee and the U.S. Trustee.

22. In addition to the hourly billing rates set forth above, Benesch customarily charges its clients for all costs and expenses incurred, including telephone and telecopier charges, mail and express mail charges, hand delivery charges, document processing, photocopying and print copy charges, travel expenses, expenses for "working meals," computerized research and transcription costs. Benesch has advised the Committee that it would charge such costs and expenses in accordance, and only to the extent consistent, with the Local Rules.

23. The Committee believes the compensation arrangements with Benesch are consistent with, and typical of, arrangements entered into by Benesch and other law firms with respect to rendering similar services for clients such as the Committee. The Committee, therefore, respectfully requests entry of an order, substantially in the form submitted herewith, authorizing the retention and employment of Benesch as Delaware counsel to the Committee.

C.  **Benesch's Disinterestedness**

24. Based upon the Hoover Declaration filed herewith, the Committee is satisfied that: (a) Benesch represents no interest adverse to the Committee, the Debtors, their estates, or any other party in interest in the matters upon which it is to be engaged and that its employment is in the best interest of the estates; (b) Benesch has no connection with any attorney employed in the office of the U.S. Trustee; and (c) Benesch has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, Benesch has no connection with creditors or any other party in interest except as otherwise noted in the Hoover Declaration, and Benesch is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

D.  *Nunc Pro Tunc* **Relief**

25. The Committee requests that Benesch's retention be made effective as of June 15, 2020, in order to allow Benesch to be compensated for the work it performed for the Committee as of and following the date it was retained and prior to the Court's consideration and approval of this Application. Due to the size and complex nature of these Chapter 11 Cases, as well as the significant relief sought by the Debtors during the early stages of these Chapter 11 Cases, there was an immediate need for Benesch to perform services for the Committee upon its retention. The Committee submits that under the circumstances, and to avoid the irreparable harm that may occur if Benesch is not immediately retained, retroactive approval to June 15, 2020, the date of Benesch's retention, is warranted. *See, e.g.*, F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.), 844 F.2d 99, 105 (3d Cir. 1988), *cert denied*, 488 U.S. 852 (1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989).

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

26. Benesch shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with

sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

27. Benesch understands that the Revised U.S. Trustee Fee Guidelines are applicable in these Chapter 11 Cases and intends to make a reasonable effort to comply with the Revised U.S. Trustee Fee Guidelines in connection with both this Application and the fee requests to be filed by Benesch in these Chapter 11 Cases.

28. The following is provided by the Committee in response to the request for additional information set forth in Paragraph D.1 of the Revised U.S. Trustee Fee Guidelines:

| Question | Answer | Further Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. | Not applicable. Benesch did not represent the Committee during the prepetition period. | N/A |
| Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? | Benesch is developing a budget and staffing plan that will be presented for approval by the Committee in conjunction with Kramer Levin | N/A |

## NOTICE

29. Notice of this Application has been given to: (a) counsel to the Debtors; (b) the U.S. Trustee; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). The Committee submits that, in light of the nature of the relief requested herein, no other or further notice is necessary.

## NO PRIOR REQUEST

30. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee hereby respectfully requests that it be authorized to retain and employ Benesch as its Delaware counsel *nunc pro tunc* to June 15, 2020, and that Benesch be paid such compensation as may be allowed by this Court, and for such other further relief as is deemed just and proper.

Dated: July 22, 2020

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE HERTZ CORPORATION, ET AL.,

By: _____
James Sheppard, on behalf of Southwest Airlines Co., in its capacity as Chair of the Official Committee of Unsecured Creditors of The Hertz Corporation, *et al.*