**Exhibit A**

**THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------X
                                                          :
In re                                                     :  Chapter 11
                                                          :  Case No. 20-10218 (MFW)
The Hertz Corporation, *et al.*[3]                        :
                                                          :  Jointly Administered
                          Debtors                         :
                                                          :  Re: Docket No. ___
                                                          :
-------------------------------------------------------------X

**ORDER AUTHORIZING OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO RETAIN AND EMPLOY BERKELEY RESEARCH GROUP, LLC
AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO JUNE 15, 2020**

Upon the application (the "Application")[4] of the Official Committee of Unsecured

Creditors (the "Committee") of The Hertz Corporation, *et al.*, (collectively, the "Debtors"), to

employ Berkeley Research Group, LLC ("BRG"), as its financial advisor, *nunc pro tunc* to June

15, 2020, pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"); and it appearing that (i) the

Court has jurisdiction to consider the Application and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334; (ii) venue is proper before this Court pursuant to 28 U.S.C. §§

1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. §§ 157(b); (iv) due notice of

the Application having been provided to the Office of the United States Trustee, counsel for the

---

[3] The last four digits of The Hertz Corporation's federal tax identification number are 8568.  Due to the large number of debtors in these Cases, that are being jointly administered for procedural purposes, a complete list of the debtors and their federal tax identification numbers may be obtained on the website of the debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

[4] Any capitalized term not defined herein shall have the meaning ascribed to it in the Application.

Debtors, counsel to the Debtors' lenders, and any other party having filed with the Court a request for notice; and it appearing that no other or further notice need be provided; (v) the Court having reviewed the Application, the Declaration of David Galfus (the "Galfus Declaration"), a Managing Director of BRG in support of the Application and attached thereto as Exhibit B, and the other motions, pleadings, and papers filed in these cases, together with the representations and deliberations on the record; the Court finds that, (i) the proposed employment of BRG as financial advisor for the Committee is in the best interest of the Committee and the Debtors' bankruptcy estates, and (ii) BRG does not represent or hold any interest adverse to the Committee or the Debtors' estates and is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code; and upon all of the proceedings had before the Court, it is hereby

ORDERED that the Application is approved, as set forth herein; and it is further

ORDERED that the indemnification, contribution, and reimbursement provisions as set forth in the Application are approved, subject, during the pendency of these cases to the following modifications:

a) BRG shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Application unless the indemnification, contribution, or reimbursement is approved by the Court.

b) Notwithstanding any provision of the Application to the contrary, the Debtors shall have no obligation to indemnify BRG, or provide contribution or reimbursement to BRG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from BRG's gross negligence, willful misconduct, bad faith, or self-dealing, (ii) for a contractual dispute in which the Debtors allege the breach of BRG's contractual obligations unless the Court determines the indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) to be a claim or

expense for which BRG should not receive indemnity, contribution, or reimbursement under the terms of the Application as modified by this order.

c) If, before the earlier of (i) the entry of a final, non-appealable order confirming a chapter 11 plan in these cases, and (ii) the entry of an order closing these chapter 11 cases, BRG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/ or reimbursement obligations under the Application (as modified by this Order), including without limitation the advancement of defense costs, BRG must file an application therefor in this Court, and the Debtors may not pay any such amounts to BRG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BRG for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify BRG. All parties in interest shall retain the right to object to any demand by BRG for indemnification, contribution, or reimbursement.

d) Any limitation of liability or limitation on any amounts to be contributed by the parties to the engagement governed by the Application under the terms of the Application shall be eliminated; and it is further

ORDERED that pursuant to sections 328 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Committee is authorized to employ BRG for the purposes and on the terms set forth in the Application and the Galfus Declaration, *nunc pro tunc* to June 15, 2020; and it is further

ORDERED that BRG shall file applications for compensation and reimbursement of expenses and shall be compensated in accordance with sections 328, 330 and 331 of the Bankruptcy Code, and such Bankruptcy Rules, and Local Rules as may then be applicable, from time to time, and such other applicable procedures as may be fixed by order of this Court; and it is further

ORDERED that notwithstanding anything to the contrary in the Application or the Galfus Declaration, BRG shall not seek reimbursement of any fees or costs arising from the defense of any of BRG's fee applications in the Cases. In the event BRG seeks reimbursement for attorneys' fees and expenses, the invoices and supporting time records for the attorneys' fees and expenses shall be included in BRG's fee and expense applications, and these invoices and time records shall be in compliance with the Local Bankruptcy Rules and shall be subject to the US Trustee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. BRG shall not seek reimbursement of any attorneys' fees or costs arising from the prosecution or defense of any of BRG's fee and expense applications; and it is further

ORDERED that to the extent there is an inconsistency between the terms and conditions set forth in the Application, the Galfus Declaration, and this Order, the provisions of this Order shall govern; and it is further

ORDERED that the terms and conditions of this Order shall be effective and enforceable immediately upon its entry; and it is further

ORDERED that BRG shall use reasonable efforts to avoid any duplication of services provided by any of the other retained professionals in these chapter 11 cases; and it is further

ORDERED that BRG shall (i) to the extent that it uses the services of independent contractors or subcontractors (the "Contractors") in these Cases, pass-through the cost of Contractors to the Debtors at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks and compensation procedures as required for BRG; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.