## **EXHIBIT A**

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
)
In re: ) Chapter 11
)
The Hertz Corporation, *et al.*,[1] ) Case No. 20-11218 (MFW)
)
)
              Debtors. ) (Jointly Administered)
)
--------------------------------------------------------------- X

### ORDER APPROVING THE RETENTION AND EMPLOYMENT OF UBS SECURITIES LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS N*UNC PRO TUNC* TO JUNE 17, 2020

Upon the Application (the "**Application**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (the "**Debtors**") for an order, pursuant to Sections 328 and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Committee to employ and retain UBS Securities LLC ("**UBS**") as Committee's investment banker in these Chapter 11 Cases, *nunc pro tunc* to June 17, 2020, all as more fully described in the Application; and upon consideration of the LaPuma Declaration; and the Court having jurisdiction to consider the matters raised in the Application pursuant to 28 U.S.C.

---

[1]     The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

§ 1334; and it having authority to hear the matters raised in the Application pursuant to 28 U.S.C. § 157; and it having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Application has been given as set forth in the Application and that such notice is adequate and sufficient and no further notice need to be given; and the Court having reviewed the Application, and the LaPuma Declaration; and the relief requested in the Application being in the best interests of the Debtors' estates; and the Court having determined that there exists the required basis for the relief requested in the Application; and after due deliberation, and sufficient cause appearing therefor;

It is hereby ORDERED that:

1. The Application is GRANTED as set forth herein, *nunc pro tunc* to June 17, 2020.

2. The Committee is authorized, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, to retain and employ UBS as its investment banker in these Chapter 11 cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter, *nunc pro tunc* to June 17, 2020.

3. Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Monthly Fees, Completion Fee and Expenses, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify UBS in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

4. UBS shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules or Local Rules as may then be

applicable, and any other applicable orders and procedures of this Court; provided, however, that, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable procedures and orders of the Court or any guidelines regarding the submission and approval of fee applications, UBS' professionals shall be required only to keep summary time records, in half-hour increments, which time records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed.

5. The fees and expenses payable to UBS pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except, notwithstanding anything to the contrary in this Order, the Application, the Engagement Letter or the LaPuma Declaration, the U.S. Trustee shall retain the right and be entitled to object to UBS' fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. Neither this Order nor the record relating to the Court's consideration of the Application shall prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of UBS' compensation and reimbursement requests under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of UBS' compensation.

6. In the event that, during the pendency of these Chapter 11 Cases, UBS requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in UBS' fee applications, and such invoices and time records shall be in compliance with Local Rule 2016-2 and the U.S. Trustee Guidelines and

3

approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 1103 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

7. The indemnification, contribution and reimbursement provisions included in Annex A to the Engagement Letter are approved, subject during the pendency of these Chapter 11 Cases to the following modifications:

a) Indemnified Persons (as that term is used in Annex A to the Engagement Letter) shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

b) notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or entity or provide contribution or reimbursement to any person or entity for any claim or expense to the extent it is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's or entity's gross negligence, willful misconduct or bad faith, or (ii) for a contractual dispute in which the Committee or the Debtors allege breach of the obligations of UBS or another Indemnified Person under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant *to In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to the exclusions set forth in sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

c) if, during the pendency of this case, the indemnification provided in Annex A to the Engagement Letter is held to be unenforceable by reason of the exclusions set forth in subparagraph (b) above, and UBS or another Indemnified Person makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the limitations on UBS' contribution obligations set forth in the second sentence of the second paragraph of Annex A to the Engagement Letter shall not apply; and

      d) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this case, UBS or another Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, UBS must file an application before this Court and the Debtor may not pay any such amounts before the entry of an order by this Court approving the payment; provided, however, that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtor's obligation to indemnify UBS or the other Indemnified Persons. All parties in interest, including the U.S. Trustee, shall retain the right to object to any request for indemnification, contribution or reimbursement by UBS or any other Indemnified Person.

8. The Debtors are authorized to pay UBS' fees and to reimburse UBS for its actual, reasonable, and documented out-of-pocket costs and expenses as provided in the Engagement Letter, including the reasonable costs of expert services that may be provided by UBS pursuant to the Engagement Letter (without the need for such expert to be retained as a professional in these Chapter 11 Cases and without regard to whether such expert's services satisfy section 330(a)(3)(C) of the Bankruptcy Code). In the event that UBS seeks reimbursement from the Debtors for its expert fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for its expert fees and expenses shall be included in UBS' applications, both interim and final, and these invoices and time records shall be subject to the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, without regard to whether such expert has been retained under section 1103 of the Bankruptcy Code and without regard to whether such expert's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. UBS shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of the Court; provided, however, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, Local Bankruptcy Rule 2016-2, and any other orders and procedures of this Court are hereby modified such that UBS' restructuring professionals shall be required only to keep summary time records in half hour increments, UBS' non-restructuring professionals and personnel in administrative departments (including internal legal) shall not be required to keep any time records, UBS' restructuring professionals shall not be required to keep time records on a project category basis, and UBS shall not be required to provide or conform to any schedule of hourly rates (except to the extent that it provides expert services as set forth in the Engagement Letter, which shall be billed at the hourly rate set forth therein).

10. To the extent that there may be any inconsistency between the terms of the Application, the LaPuma Declaration, the Engagement Letter and this Order, the terms of this Order shall govern.

11. The Committee, the Debtors, and UBS are authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

12. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.