**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Debtors. | (Jointly Administered) |

**SCHEDULE OF ASSETS AND LIABILITIES FOR
DTG CANADA CORP. (CASE NO. 20-11232)**

---

[1]    The last four digits of The Hertz Corporation's tax identification number are 8568.  The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE HERTZ CORPORATION, *et al.*,[1] | ) | Case No. 20-11218 (MFW) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## GLOBAL NOTES, STATEMENTS OF LIMITATIONS, AND METHODOLOGY, DISCLAIMERS, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## <u>INTRODUCTION</u>

The Hertz Corporation ("**Hertz**") and its debtor affiliates, as debtors and debtors in possession, in the above captioned chapter 11 cases (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**," and collectively, the "**Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), under section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

These *Global Notes, Statements of Limitations, and Methodology, Disclaimers, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and/or Statements differ from these Global Notes, the Global Notes control.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor

---

[1] The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflects the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, however, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and amend the Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors.  The Schedules and Statements are unaudited and subject to adjustment.  In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  Moreover, the Debtors have experienced significant reductions in their work force due to the coronavirus pandemic, including finance and accounting personnel, which have placed additional constraints and burdens on the Debtors.  Inadvertent errors or omissions may exist.  For the avoidance of doubt, the Debtors do not undertake any commitment or obligation to update the Schedules and Statements, including notwithstanding any discovery of errors or omissions.  Nonetheless, the Debtors hereby reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their management, agents, attorneys, financial advisors, investment bankers, professionals, and other representatives do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  For the avoidance of doubt, the Debtors and their management, agents, attorneys, and financial advisors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements, or to notify or not notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  Without limiting the generality of anything contained herein, the Debtors reserve all rights to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, or identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Further, nothing contained in the Schedules, Statements, or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization, or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.  In no event shall the Debtors or their management, agents, attorneys, financial

AMERICAS 103252858

advisors, investment bankers, professionals, and other representatives be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their management, agents, attorneys, financial advisors, investment bankers, professionals, and other representatives are advised of the possibility of such damages.

R. Eric Esper, the Debtors' Senior Vice President & Chief Accounting Officer has signed each of the Schedules and Statements. Mr. Esper is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Esper necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Esper has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to the current or future financial conditions, events, or performance of any of the Debtors.**

1.    **Description of Cases.** On May 22, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 27, 2020, the Bankruptcy Court entered an order directing the joint administration of the Debtors' chapter 11 cases [Docket No. 182]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. On June 11, 2020, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code. **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, but inadvertent errors or omissions may exist. The Debtors reserve all rights to: (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("**Claim**")[2] is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether of such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated"). Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the

---

[2]    For the purposes of these Global Notes, the term Claim shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

AMERICAS 103252858

Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including issues involving Claims, substantive consolidation, defenses, equitable subordination, characterization or recharacterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors do not undertake any responsibility to, and shall not be required to, update the Schedules and Statements.

3.     **No Admission**. Nothing contained in the Schedules and Statements or the Global Notes is intended to be or should be construed as an admission or stipulation of the validity of any Claim against the Debtors or any assertion made, or a waiver of the Debtors' rights to dispute any such Claim or assert any cause of action or defense against any party.

4.     **Net Book Value of Assets and Liabilities.** Unless otherwise indicated, liabilities on the Debtors' Schedules and Statements reflect net book values as of the Petition Date, adjusted for authorized payments made under the First Day Orders (as defined below), and assets reflect net book values as of May 31, 2020.  The net book values of certain assets may materially differ from their fair market values and/or the Debtors' enterprise valuation that will be prepared in connection with the disclosure statement to the Debtors' chapter 11 plan of reorganization. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the economic value or ownership of such asset and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

Net book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the industry environment and may differ materially from the actual value and/or performance of the underlying assets.

5.     **Confidential or Sensitive Information.** There may be instances in the Schedules and Statements where certain information was not included or redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual.

6.     **Accuracy.** The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes

4

for which it was prepared.  The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

7.      **Recharacterization.** Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.**Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.**Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including accrued salaries, employee benefit accruals, and accrued accounts payable.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. As discussed below, prepetition liabilities that the Debtors have paid postpetition, or those which the Debtors plan to pay, in accordance this authorization may not be listed in the Schedules and Statements.

10.      **Insiders**. In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe would be included in the definition of "insider" pursuant to section 101(31) of the Bankruptcy Code.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as "insiders" in the Schedules and Statements have been included for informational purposes only, and such information may not be used for: (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual exercised management responsibilities or functions; (iii) corporate decision making authority over the Debtors; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable

5

law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (b) for any other purpose.

11.    **Personally Identifiable Information.** The Debtors collect a limited amount of information about customers via their website, portals, mobile applications, and over the telephone or in person, to provide services to customers and inform them of new products and services.  The Debtors also collect personally identifiable information from third parties (such as credit agencies), obtaining express customer permission as required. Examples of the types of information collected by the Debtors include name, mailing address, telephone number, email address, credit card number, personal identification numbers, among others. The Debtors retain such information only for the Debtors to comply with business, tax, and legal requirements, subject to applicable retention and deletion laws.

12.    **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all their rights with respect to the legal status of any and all such intellectual property rights.**Executory Contracts**. Although the Debtors have made reasonable efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Due to the voluminous nature of each of the Debtors' executory contracts, the Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G. Accordingly, the Debtors reserve all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G for any Debtor. The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Moreover, the inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.  **Guarantees and Other Secondary Liability Claims.** The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements.  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements or may identify additional guarantees as they continue their review of their books and records and contractual agreements.  The

6

Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

15. **Classifications**. Listing (a) a Claim on Schedule D as "secured;" (b) a Claim on Schedule E/F as "priority;" (c) a Claim on Schedule E/F as "unsecured;" or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.**Claims Description**. Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.**Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, among other amounts. Actual results may differ from such estimates. The Debtors reserve all rights to amend the Schedules and Statements to reflect changes in those estimates and assumptions.

18. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including causes of action that are required to be kept confidential and causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.**Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

- **Undetermined Amounts**. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

7

- <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are amounts presently unknown or of undetermined value, the actual total may be different than the total listed in the Schedules and Statements.

- <u>Paid Claims</u>. The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court (collectively, the "**First Day Orders**").  Accordingly, certain outstanding liabilities that have been reduced by postpetition payments made on account of prepetition liabilities have been designated as either contingent or unliquidated.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- <u>Other Paid Claims</u>. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.

- <u>Unknown Debtors</u>. In certain instances, certain contracts or other relevant documents may not specify a particular Debtor or Debtors or may include the incorrect legal entity as the contractual counterparty.

- <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

20. **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. Dollars.  Currency conversions are generally as of May 31, 2020.**Intercompany Payables and Receivables**. Intercompany payables and receivables between the Debtors as of the Petition Date are set forth on Schedule E/F or Schedule A/B.77, as applicable.As described more fully in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing, But Not Directing, the Debtors to (A) Continue Use of Their Existing Cash Management System, Bank Accounts, Checks and Business Forms, (B) Pay Related Prepetition Obligations, (C) Continue Performance of Intercompany Transactions, and (D) Continuing Hedging Practices; (II) Waiving the Section 345(b) Deposit and Investment Requirements; and (III) Granting Related Relief* [Docket No. 19] (the "**Cash Management Motion**"), the Debtors engage in a range of intercompany transactions in the ordinary course of business.  Pursuant to the final order granting the relief requested in the Cash Management Motion [Docket No. 586], the Bankruptcy Court has granted the Debtors authority to continue the intercompany transactions in the ordinary course of business.  Thus, intercompany balances as of the Petition Date, as set forth in Schedule E/F or Schedule A/B.77 may not accurately reflect current positions.

8

The listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors reserve all rights with respect to such accounts.

22. **Setoffs**. The Debtors periodically incur certain setoffs in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions and disputes, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, credits, refunds, negotiations, and/or disputes between Debtors and their vendors or customers regarding regulatory or governmental impositions costs incurred by Debtors, and other disputes between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.**Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including, but not limited to, the right to modify the Schedules and Statements, assert claims objections and/or setoffs with respect to the same, or apply such adjustments in the ordinary course of business on a postpetition basis.

24. **Global Notes Control**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedules Summary**. Except as otherwise noted, the asset and liability information provided herein represents the Debtors' liabilities as of the Petition Date and the Debtors' assets as of May 31, 2020.

For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor.

AMERICAS 103252858

Certain write-downs, impairments, and other accounting adjustments may not be reflected in the Schedules. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

<u>Schedules A/B</u>

Part 1:
- Details with respect to the Debtors' cash management system are provided in the Cash Management Motion. Amounts are reflected on a book basis.
- Certain money market accounts may be identified by fund number as opposed to account number.

Part 2:
- The Debtors have numerous forms of deposits including utility, security, insurance, and vendor deposits. Amounts are reflected on a book basis.
- The Debtors have numerous prepaid expenses including prepaid vehicle licenses, rent, airport concessions, software, and insurance, among others. Amounts are reflected on a book basis.

Part 3:
- The Debtors do not have a way to bifurcate Allowance for Doubtful Accounts between Aging Buckets. The Debtors estimate that most, if not all, of the Allowance for Doubtful Accounts can be associated with Accounts Receivable that are over ninety days old. As such, the Allowance for Doubtful Accounts was first applied to the Gross Accounts Receivable over ninety days old. Any remaining Allowance for Doubtful Accounts was then applied to the Gross Accounts Receivable under ninety days old.
- Donlen Corporation, Donlen Mobility Solutions, Inc. and Donlen Fleet Leasing LTD have a combined $1,326,672 in loss reserve to cover accounts that may be uncollectible. The Debtors do not allocate these amounts between Debtors and thus these amounts have been excluded from these schedules for the respective Debtors.
- Amounts are reflected on a book basis.

Part 4:
- Equity interests in subsidiaries and affiliates primarily arise from common stock ownership or member or partnership interests. For purposes of these Schedules, the Debtors have listed an undetermined value for the equity interests of all direct subsidiaries.

AMERICAS 103252858

Part 5, 7, 8, and 9:
- Amounts are reflected on a book basis as recorded on the fixed asset register for each applicable Debtor.
- Inventory counts are done by the Debtors' internal workforce on a monthly, quarterly, or annual basis based on type of inventory; value is reflected at weighted average cost.

Part 10:
- Identifies value ascribed by the Debtors to various intangible assets including customer lists and tradenames.
- Includes a best-effort listing of the Debtors' registered Internet domains and websites. The act of not listing any specific domain or website is not a relinquishment of ownership. All domain and website listings are included in the Schedules for The Hertz Corporation. However, the Debtors reserve all rights with respect to allocation of such domain and website names to other Debtor entities.
- Amounts are reflected on a book basis, to the extent that such value is reflected in the Debtors' books and records.

Part 11:
- Notes receivable balances are reported as the Petition Date using exchange rates as of May 22, 2020.
- The values of the net operating losses listed reflect the amounts accumulated for more than one tax year. Amounts are reflected on a book basis.
- Pending tax refunds are reported as of June 30, 2020.
- The Debtors are a beneficiary under one split-dollar life insurance policy with former executives. Amounts reflect the actuarial valuation of these respective plans as of December 31, 2019.
- The Debtors reserve all their rights with respect to any claims, causes of action, or avoidance actions they may have. The Schedules shall not be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.
- The intercompany trade receivable values reported in Schedule A/B reflect the net intercompany receivables for a particular Debtor entity from all other Debtor and Non-Debtor affiliates.

Schedule D
- Except as otherwise stated in order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. The Debtors also continue to reserve all of their rights pursuant to the agreed or general orders entered by

11

the Bankruptcy Court regarding use of cash collateral and/or granting adequate protection [including, but not limited to Docket Nos. 204, 205, 559, 560].

- The Debtors have not included parties that may believe their Claims are secured through setoff rights, inchoate statutory lien rights, or other lien rights created by the laws of the various jurisdictions in which the Debtors operate. Various Debtors are borrowers, and certain of the other Debtors are guarantors, under prepetition secured funded debt obligations. Although there are numerous beneficial holders of such debt, only the administrative agents have been listed for purposes of Schedule D, where applicable. The amounts outstanding under the Debtors' prepetition secured debt reflect approximate amounts as of the Petition Date. Descriptions provided on Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Schedule E/F

- Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to ongoing audits and/or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as unliquidated, pending final resolution of ongoing audits or other outstanding audits. The Debtors reserve the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under the Bankruptcy Code.
- The listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts. Moreover, the Debtors expressly reserve their rights preserved under the *Order Temporarily Resolving Certain Matters Related to the Master Lease Agreement, Setting a Schedule for Further Litigation Related Thereto in 2021 and Adjourning Hearing on the Debtors' Motion for Order Rejecting Certain Unexpired Vehicle Leases Effective* Nunc Pro Tunc *to June 11, 2020 Pursuant to Sections 105 and 365(a) of the Bankruptcy Code [Docket No. 390] Sine Die* [Docket No. 805].
- Various Debtors are borrowers, and certain of the other Debtors are guarantors, under prepetition funded obligations. Although there are numerous beneficial holders of such debt, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule E/F, where applicable.
- The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all their rights regarding such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

AMERICAS 103252858

- The Debtors have received relief under various First Day Orders. The amounts accrued and payable on account of such Claims covered by these motions are not reflected on Schedule E/F. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

- Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced. Further, in addition to the items listed in Schedule E/F, certain of the Debtors, from time to time, provide performance guarantees of obligations of certain other Debtors or Debtor affiliates in connection with various contractual obligations, which may not be listed in the Schedules. Where applicable, the amounts listed in Schedule F consider credits and overpayments owed to the Debtors. Unclaimed property checks are not listed on the Schedules due to their voluminous nature.

- Claimants are identified on the Schedules as they exist on the Debtors' books and records. Accordingly, there may be duplication of individual claimants on the Schedules. In aggregate, claims amounts reflect the Debtors' books and records and are not overstated due to this duplication.

- Donlen Corporation Schedule E/F Part 2 includes claims for services provided or goods received that have not been invoiced. Such claims are marked as contingent and include the Debtor's best estimate of total claim amount.

Schedule G

- Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred in preparing Schedule G. Certain of the instruments reflected on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule G. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B, including, but not limited to their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim. Certain confidentiality, hold harmless, and non-compete agreements may not be listed on Schedule G. In addition, agreements and underlying documentation related to the Debtors' prepetition debt is not included in Schedule G. The Debtors reserve all their rights with respect to such agreements.

- Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The contracts, agreements, and leases listed on Schedule G may have expired or may have been

13

modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.

▪ Further, unless otherwise specified on Schedule G, the Debtors have made reasonable efforts to ensure that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

▪ Certain customer agreements are excluded from Schedule G due to their voluminous nature and to protect the Debtors' trade secrets.

▪ Debt agreements are excluded from Schedule G and incorporated into Schedule D.

▪ Although Donlen Corporation is the servicer of the leases entered into between Donlen Trust and its customers, since the lessor is Donlen Trust     those leases are not included in Schedule G.

▪ Some agreements may not be listed due to confidentiality clauses.

## Specific Disclosures with Respect to the Debtors' Statements

SOFA 1 & 2:
▪ Gross Revenue and Non-Business Revenue reflect activity by Debtor in 2018, 2019 and year to date through May 31, 2020.
▪ Revenue may vary from global financial statements as negative balances were excluded from Other Revenue.

SOFA 3:
▪ The Debtor entities utilize Automatic Data Processing, Inc. ("**ADP**") to process employee payroll taxes related to compensation payouts. The Debtors make batch payments to ADP on behalf of all employees. Therefore, amounts listed herein represent each separate batch payment that is made.
▪ Intercompany cash transfers are not included in SOFA 3, as all such activity is reported in SOFA 4.

SOFA 4:
▪ Individuals listed as insiders have been included for informational purposes only. The Debtors do not take any position with respect to (i) such individual's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an insider under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. As such, the Debtors reserve all rights to

AMERICAS 103252858

dispute whether someone identified is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

▪ The payroll-related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments are net amounts that include reductions for amounts including employee tax and benefit withholdings.

▪ Intercompany transactions reflect only those transfers that include cash settlement between the Debtor and another Debtor or Non-Debtor entity. Intercompany transaction dates are as of the posted date or fiscal date but may not reflect the actual dates of the underlying activity. The Debtors undertook their best efforts to identify all intercompany transactions resulting in cash settlement but make no representations that there are not inadvertent exclusions of payments.

SOFA 5:

▪ The Debtors return goods to vendors in the ordinary course of business. Other than ordinary course items, the Debtors are not aware of any property that has been returned to seller(s).

SOFA 6:

▪ In the ordinary course of business, the Debtors receive benefits from their trade vendors including rebates and promotional allowances. These Debtor receivables are typically settled with the Debtors setting off the receivables against payments to the vendors. In some instances, the amounts are settled in cash. Given the frequency of these transactions, and the burden created in attempting to isolate them from normal course payments, the Debtors have not listed these ordinary course setoffs.

SOFA 7:

▪ The Debtors have devoted substantial resources to identify and provide as much information for as many proceedings as possible. While the Debtors believe they were diligent in their efforts, certain data fields were not completed due to the associated burden to the Debtors. Should any parties in interest request additional information, the Debtors will work with such parties and supplement SOFA 7 as feasible or otherwise directed by the Court.

▪ The Debtors reserve all rights and defenses with respect to all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings. Tax assessments are not included in SOFA 7.

SOFA 9:

▪ The donations and/or charitable contributions listed represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtors' books and records. These include charitable donations, and sponsorships. These amounts do not include donations or contributions made by individual employees on an ad-hoc basis. It is the Debtors' view that such payments are *de minimis* as they do not rise to a threshold of requiring internal corporate reporting and oversight on such amounts.

AMERICAS 103252858

- The Debtors periodically provide donated rental vehicles for use at charitable events. In most instances, value of such donations is estimated to be less than $1,000 in value per recipient. It is the Debtors' view that such donations are *de minimis* as they do not rise to a threshold of requiring internal corporate reporting and oversight on such amounts. The Debtors have provided an aggregate amount of such donations for informational purposes.

SOFA 10:
- Losses listed may exclude those incurred in the ordinary course of business which do not exceed the deductible cap on the applicable Debtor's respective policies.

SOFA 11:
- Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Petition Date. The services rendered pertain to (i) debt restructuring, (ii) relief under the Bankruptcy Code, and/or (iii) preparation of a bankruptcy petition.
- Information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications.

SOFA 13:
- The Debtors may, from time to time and in the ordinary course of business, transfer goods and other assets and/or sell certain goods and other assets to third parties. These types of ordinary course transfers have not been disclosed.
- The Debtors may also abandon assets in place at the locations for which they have no future use or have been unable to sell to a third party. These types of transfers have not been disclosed.

SOFA 14:
- The Debtors have included a listing of all current and previous owned or leased addresses. In select instances, the dates of occupancy and the location type for certain addresses was not readily available. In these instances, the respective fields are listed as "Unknown" or have been left blank.
- Locations in the United States are listed under The Hertz Corporation and in Canada under Dollar Thrifty Automotive Group Canada, Inc.

SOFA 16:
- The Debtors collect and retain a variety of personally identifiable information. All policies are governed by privacy policies renewed annually. Given the complexities of the Hertz organizational structure, there are a number of entities that do not directly collect, process, or hold personally identifiable information, but may be the parent or holding company of one or more entities that do so. Similarly, several related entities are covered under general privacy policies that may be posted or hosted by a more limited subset thereof.

SOFA 17:
- The Debtors have withdrawn from six of the union plans that are listed; however, withdrawal liabilities may remain for these plans. Additionally, the Debtors have withdrawn from certain locations in the IAM National Pension Plan and will finalize

16

withdrawal for the Central States, Southeast and Southwest Areas Pension Plan as of Q2-2021.

SOFA 20:
- The Debtors and their employees may procure additional storage units on an ad-hoc basis in the ordinary course. These units are used to store excess equipment, materials, and/or documentation. As these storage units are oftentimes procured directly by departments, the Debtors do not maintain a consolidated listing of these locations.

SOFA 22, 23, and 24:
- The Debtors have devoted substantial resources to identifying and providing the required information for as many responsive sites and proceedings as possible using records that were reasonably accessible and reviewable. Any omitted data fields reflect instances where information was not reasonably available. Most of these omissions pertain to closed matters.
- While the Debtors believe they were diligent in their efforts, it is possible that certain of the matters listed for a Debtor pertain to other Debtors. As it relates to SOFA 23 and 24, the Debtors have only listed open and pending matters. Disclosure of all closed matters would be overly burdensome.

SOFA 25:
- The Debtors have used reasonable efforts to identify each of their ownership interests of other entities greater than five percent within the six years immediately preceding the Petition Date. Contained herein are each Debtor's respective ownership interests in intercompany subsidiary entities, dissolved entities, and merged entities.
- The principal place of business for the Canadian entities is in Estero, FL. Asset locations and regional offices are listed.

SOFA 26C and 26D:
- Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, the Debtors have filed with the U.S. Securities and Exchange Commission (the "**SEC**") reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the Debtors.
- Additionally, consolidated financial information for the Debtors is posted on the Debtors' website at ir.hertz.com. Because the SEC filings and the website are of public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the Debtors.
- The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors with financial statements. The Debtors have used reasonable efforts to identify and list all these parties, but there could be omissions.

SOFA 27:
- Given the size of the Debtors and their operations, many supervisors are involved in the physical inventory process. Listing all these individuals would be administratively burdensome, so the Debtors have disclosed only the corporate inventory supervisor.

17

- Inventory counts are done by the Debtors' internal workforce on a monthly, quarterly, or annual basis based on type of inventory.

SOFA 28:
- Contained herein are officers, directors, managing members, general partners, members in control, controlling shareholders, or other individuals or entities in control of the Debtors as of the Petition Date. This includes intercompany parent entities, as well as shareholders holding greater than five percent of each Debtor's voting or equity securities (consistent with reporting requirements under Schedule 13D or 13G).

SOFA 30:
- All known disbursements to Insiders of the Debtors, as defined above, have been listed in the response to SOFA 4.

SOFA 32:
- The Debtors have listed all active plans. See note for SOFA 17 for additional information on plans disclosed.

*[Remainder of page intentionally left blank.]*

AMERICAS 103252858

**Fill in this information to identify the case:**

Debtor name __**DTG Canada Corp.**__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) __**20-11232**__

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1.  **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*..................................................................................  $ _____0.00_

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*...............................................................................  $ ___353,958.27_

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*..................................................................................  $ ___353,958.27_

| Part 2: | Summary of Liabilities |
|---|---|

2.  **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................  $ _____0.00_

3.  **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................  $ ___**Unknown**_

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................  +$ ___2,319.40_

4.  **Total liabilities** ...............................................................................................
    Lines 2 + 3a + 3b                                                                                              $ ___2,319.40_

**Fill in this information to identify the case:**

Debtor name    **DTG Canada Corp.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **20-11232**

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Bank of Montreal** | **ABS** | **4384** | **$7,223.39** |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    **$7,223.39**

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☐ No.  Go to Part 3.
■ Yes Fill in the information below.

7.    **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

8.    **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| 8.1. | **Various Government Authorities - Prepaid Vehicle Licenses** | **$50,649.31** |
|---|---|---|

9.    **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.    **$50,649.31**

Debtor __DTG Canada Corp.__            Case number *(If known)* __20-11232__
    Name

---

**Part 3:**    **Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11.    **Accounts receivable**

     11a. 90 days old or less:      **18,596.12**    -    **0.00** = ....      **$18,596.12**
                        face amount            doubtful or uncollectible accounts

12.    **Total of Part 3.**
     Current value on lines 11a + 11b = line 12.  Copy the total to line 82.      **$18,596.12**

---

**Part 4:**    **Investments**

13. **Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

---

**Part 5:**    **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

---

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

---

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

---

**Part 8:**    **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

---

**Part 9:**    **Real property**

54. **Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

---

**Part 10:**    **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No. Go to Part 11.

| Debtor | __DTG Canada Corp.__ | Case number *(If known)* __20-11232__ |
|---|---|---|
| | Name | |

☐ Yes Fill in the information below.

---

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
☑ Yes Fill in the information below.

| | | | **Current value of debtor's interest** |
|---|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) | | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | | |
| | __Federal NOL Balance__ | Tax year **2019** | $33,815.35 |
| 73. | **Interests in insurance policies or annuities** | | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | | |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | | |
| 76. | **Trusts, equitable or future interests in property** | | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | | |
| | __Intercompany Net Trade Receivable__ | | $243,674.10 |

---

| 78. | **Total of Part 11.** | | $277,489.45 |
|---|---|---|---|
| | Add lines 71 through 77. Copy the total to line 90. | | |

**79.** **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

Debtor    **DTG Canada Corp.**                                    Case number *(If known)*  **20-11232**
          Name

Part 12:    **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $7,223.39 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $50,649.31 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $18,596.12 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.**  *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*............................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $277,489.45 | |
| 91. **Total.** Add lines 80 through 90 for each column | $353,958.27 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $353,958.27 |

**Fill in this information to identify the case:**

Debtor name    **DTG Canada Corp.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **20-11232**

☐ Check if this is an
amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name **DTG Canada Corp.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known) **20-11232**

☐ Check if this is an amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507)**.**

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address | **Unknown** | **Unknown** |

| 2.1 | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* |
|---|---|---|
| | **REVENUE CANADA**<br>**CANADA REVENUE AGENCY**<br>**PO BOX 3800, STATION A**<br>**SUDBURY, ON P3A 0C3**<br>**CANADA** | ■ Contingent<br>■ Unliquidated<br>■ Disputed |
| | Date or dates debt was incurred | Basis for the claim:<br>**TAXES** |
| | Last 4 digits of account number | Is the claim subject to offset?<br>■ No<br>☐ Yes |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | Amount of claim |
|---|---|---|
| 3.1 | Nonpriority creditor's name and mailing address | $2,319.40 |

| 3.1 | Nonpriority creditor's name and mailing address<br>**See Schedule E/F: Part 2 Attachment** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
|---|---|---|
| | **Date(s) debt was incurred** _ | Basis for the claim: _ |
| | **Last 4 digits of account number** _ | Is the claim subject to offset?   ■ No   ☐ Yes |

### Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

| Debtor | **DTG Canada Corp.** | Case number (*if known*) | **20-11232** |
| | Name | | |

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | **Unknown** |
| **5b. Total claims from Part 2** | 5b.  + | $ | **2,319.40** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | **2,319.40** |

In re DTG Canada Corp.
Case No. 20-11232
Schedule E/F: Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address1 | Address2 | City | State | Zip | Country | Last 4 Digits of Account Number | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALASKA DEPARTMENT OF REVENUE, UNCLAIMED PROPERTY PROGRAM | 333 WILLOUGHBY AVE, 11TH FLOOR | | JUNEAU | AK | 99801 | | | | X | X | | | UNKNOWN |
| ARIZONA DEPARTMENT OF REVENUE, UNCLAIMED PROPERTY UNIT | 1600 W MONROE, DIVISION CODE 10 | | PHOENIX | AZ | 85007 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| AUDITOR OF STATE, UNCLAIMED PROPERTY DIVISION | 1401 W CAPITOL AVE, STE 325 | | LITTLE ROCK | AR | 72201 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| CADILLAC CHEVROLET BUICK GMC DE L'ILLE-PERROT LTEE | 2000 BOUL DU TRAVERSIER | | PINCOURT | QC | J7V 0K8 | CANADA | 49652 | AP TRADE / OTHER | | | | | $871.67 |
| CALIFORNIA STATE CONTROLLER'S OFFICE, UNCLAIMED PROPERTY DIVISION | P.O. BOX 942850 | | SACRAMENTO | CA | 94250-5873 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| COLORADO DEPARTMENT OF TREASURY, UNCLAIMED PROPERTY DIVISION | 1580 LOGAN ST, SUITE 500 | | DENVER | CO | 80203 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| COMMONWEALTH OF MASSACHUSETTS, STATE TREASURY, UNCLAIMED PROPERTY DIVISION | P.O. BOX 414478 | | BOSTON | MA | 02241-4478 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| COMMONWEALTH OF PENNSYLVANIA, BUREAU OF UNCLAIMED PROPERTY | P.O. BOX 8500-53473 | | PHILADELPHIA | PA | 19178-3473 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| COMPTROLLER OF MD - UNCLAIMED PROPERTY | P.O. BOX 17161 | | BALTIMORE | MD | 21297-1161 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| D.C. TREASURER, UNCLAIMED PROPERTY | 1101 4TH ST SW, SUITE 800W | | WASHINGTON | DC | 20024 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| DELAWARE DEPARTMENT OF FINANCE, OFFICE OF UNCLAIMED PROPERTY | P.O. BOX 8931 | | WILMINGTON | DE | 19899 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| DIRECTOR OF FINANCE, STATE OF HAWAII | P.O. BOX 150 | | HONOLULU | HI | 96810-0150 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| FLORIDA DEPARTMENT OF FINANCIAL SERVICES, BUREAU OF UNCLAIMED PROPERTY | P.O. BOX 6350 | | TALLAHASSEE | FL | 32314-6350 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| GEORGIA DEPARTMENT OF REVENUE, UNCLAIMED PROPERTY PROGRAM | 4125 WELCOME ALL ROAD, STE 701 | | ATLANTA | GA | 30349 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| HERTZ CANADA LIMITED | 8501 WILLIAMS ROAD | | ESTERO | FL | 33928 | | | INTERCOMPANY NET TRADE | X | X | X | | UNKNOWN |
| IDAHO UNCLAIMED PROPERTY | P.O. BOX 83720 | | BOISE | ID | 83720-9101 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| ILLINOIS STATE TREASURER'S OFFICE, UNCLAIMED PROPERTY DIVISION | P.O. BOX 19496 | | SPRINGFIELD | IL | 62794-9496 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| INDIANA ATTORNEY GENERAL'S OFFICE, DIVISION OF UNCLAIMED PROPERTY | 35 SOUTH PARK BLVD | | GREENWOOD | IN | 46143 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| KANSAS STATE TREASURER UNCLAIMED PROPERTY | 900 SW JACKSON ST, SUITE 201 | | TOPEKA | KS | 66612-1235 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| KENTUCKY STATE TREASURY, UNCLAIMED PROPERTY DIVISION | 1050 US HWY 127 S, SUITE 100 | | FRANKFORT | KY | 40601 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| LOUISIANA DEPARTMENT OF THE TREASURY, UNCLAIMED PROPERTY DIVISION | P.O. BOX 91010 | | BATON ROUGE | LA | 70821-9010 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| MAGIC PAINT AND AUTO BODY 2005 LTD | 2240 AVENUE C N | | SASKATOON | SK | S7L 6C4 | CANADA | 291577 | AP TRADE / OTHER | | | | | $1,056.18 |
| MINNESOTA DEPARTMENT OF COMMERCE, UNCLAIMED PROPERTY PROGRAM | 85 7TH PLACE EAST, SUITE 500 | | ST. PAUL | MN | 55101-2198 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| MISSISSIPPI STATE TREASURER: UNCLAIMED PROPERTY DIVISION | P.O. BOX 138 | | JACKSON | MS | 39205-0138 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| MISSOURI STATE TREASURER CLINT ZWEIFEL, UNCLAIMED PROPERTY DIVISION | P.O. BOX 1272 | | JEFFERSON CITY | MO | 65102-1272 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| MONTANA DEPARTMENT OF REVENUE, | P.O. BOX 5805 | | HELENA | MT | 59604-5805 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| NC DEPARTMENT OF STATE TREASURER, UNCLAIMED PROPERTY DIVISION | 3200 ATLANTIC AVE | | RALEIGH | NC | 27604-1668 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| ND DEPARTMENT OF TRUST LANDS, UNCLAIMED PROPERTY DIVISION | P.O. BOX 5523 | | BISMARCK | ND | 58506-5523 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| NEBRASKA STATE TREASURER'S OFFICE, UNCLAIMED PROPERTY DIVISION | 809 P STREET | | LINCOLN | NE | 68508 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| NEW MEXICO TAXATION & REVENUE DEPARTMENT, UNCLAIMED PROPERTY OFFICE | P.O. BOX 25123 | | SANTA FE | NM | 87504-5123 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| NYS OFFICE OF THE STATE COMPTROLLER, OFFICE OF UNCLAIMED FUNDS | 110 STATE STREET, REMITTANCE CONTROL, 2/F | | ALBANY | NY | 12236 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| OFFICE OF COMMISSIONER OF FINANCIAL INSTITUTIONS, UNCLAIMED PROPERTY DIVISION | P.O. BOX 11855 | | SAN JUAN | PR | 00910-3855 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| OFFICE OF LIEUTENANT GOVERNOR, DIVISION OF BANKING & INSURANCE | 5049 KONGENS GADE | | ST. THOMAS | VI | 00802 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| OFFICE OF THE GENERAL TREASURER, UNCLAIMED PROPERTY DIVISION | P.O. BOX 1435 | | PROVIDENCE | RI | 02901-1435 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| OFFICE OF THE STATE TREASURER, UNCLAIMED PROPERTY DIVISION | 555 E WASHINGTON AVENUE #4200 | | LAS VEGAS | NV | 89101-1070 | | | ESCHEATMENT | X | X | | | UNKNOWN |

In re DTG Canada Corp.
Case No. 20-11232
Schedule E/F: Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address1 | Address2 | City | State | Zip | Country | Last 4 Digits of Account Number | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OFFICE OF WV STATE TREASURER, UNCLAIMED PROPERTY DIVISION | P.O. BOX 3328 | | CHARLESTON | WV | 25333 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| OHIO DIVISION OF UNCLAIMED FUNDS | 77 S HIGH ST, 20TH FLOOR | | COLUMBUS | OH | 43215-6108 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| OKLAHOMA STATE TREASURER, UNCLAIMED PROPERTY DIVISION | 2300 N LINCOLN BLVD, RM 217 | | OKLAHOMA CITY | OK | 73105-4895 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| OREGON DEPARTMENT OF STATE LANDS, UNCLAIMED PROPERTY PROGRAM | 775 SUMMER STREET NE, SUITE 100 | | SALEM | OR | 97301-1279 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| PARK AVENUE TOYOTA | 8855 BLVD TASCHEREAU | | BROSSARD | QC | J4Y 1A4 | CANADA | 48810 | AP TRADE / OTHER | | | | | $391.55 |
| SD STATE TREASURER, UNCLAIMED PROPERTY DIVISION | 500 E CAPITOL AVE, STE 212 | | PIERRE | SD | 57501-5070 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| SOUTH CAROLINA STATE TREASURER'S OFFICE, UNCLAIMED PROPERTY PROGRAM | P.O. BOX 11778 | | COLUMBIA | SC | 29211-1778 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| STATE OF ALABAMA TREASURER'S OFFICE, UNCLAIMED PROPERTY DIVISION | 100 NORTH UNION STREET, SUITE 636 | RSA - UNION BUILDING | MONTGOMERY | AL | 36104 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| STATE OF NEW HAMPSHIRE TREASURY, ABANDONED PROPERTY DIVISION | 25 CAPITOL STREET, ROOM 205 | | CONCORD | NH | 03301-6312 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| STATE OF NEW JERSEY, UNCLAIMED PROPERTY ADMINISTRATION, ATTN: REPORTING SECTION | P.O. BOX 214 | | TRENTON | NJ | 08625-0214 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| STATE OF WASHINGTON DEPARTMENT OF REVENUE, UNCLAIMED PROPERTY SECTION | P.O. BOX 34053 | | SEATTLE | WA | 98124-1053 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, UNCLAIMED PROPERTY HOLDER REPORTING SECTION | P.O. BOX 12019 | | AUSTIN | TX | 78711-2019 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| TREASURER OF GUAM | P.O. BOX 1146 | | HAGATNA | GU | 96921 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| TREASURER OF STATE, UNCLAIMED PROPERTY DIVISION | P.O. BOX 10430 | | DES MOINES | IA | 50306-0430 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| TREASURER STATE OF MAINE, ATTN: UNCLAIMED PROPERTY | 39 STATE HOUSE STATION | | AUGUSTA | ME | 04333-0039 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| TREASURER, STATE OF CONNECTICUT, UNCLAIMED PROPERTY DIVISION | P.O. BOX 150435 | | HARTFORD | CT | 06115-0435 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| TREASURY DEPARTMENT, UNCLAIMED PROPERTY DIVISION | P.O. BOX 198649 | | NASHVILLE | TN | 37219-8649 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| UNCLAIMED PROPERTY DIVISION, MICHIGAN DEPARTMENT OF TREASURY | P.O. BOX 30756 | | LANSING | MI | 48909 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| UTAH STATE TREASURER | P.O. BOX 142321 | | SALT LAKE CITY | UT | 84114-2321 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| VERMONT STATE TREASURER'S OFFICE, UNCLAIMED PROPERTY DIVISION | 109 STATE STREET, PAVILION BUILDING, 4/F | | MONTPELIER | VT | 05609-6200 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| VIRGINIA TREASURY DIVISION OF UNCLAIMED PROPERTY | P.O. BOX 2478 | | RICHMOND | VA | 23218-2478 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| WISCONSIN DEPARTMENT OF REVENUE, UNCLAIMED PROPERTY | P.O. BOX 8982 | | MADISON | WI | 53708-8982 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| WYOMING STATE TREASURER - UNCLAIMED PROPERTY DIVISION | 2020 CAREY AVENUE, 3RD FLOOR | | CHEYENNE | WY | 82002 | | | ESCHEATMENT | X | X | | | UNKNOWN |
| | | | | | | | | | | | | TOTAL: | $2,319.40 |

**Fill in this information to identify the case:**

Debtor name    **DTG Canada Corp.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **20-11232**

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*    *Property*
    (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
| --- | --- |
| 2.1.    State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | **See Schedule G Attachment** |

In re DTG Canada Corp.
Case No. 20-11232
Schedule G:  Executory Contracts and Unexpired Leases

| Counterparty | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term on Contract | List Contract Number of Any Government Contract |
|---|---|---|---|---|
| 1497101 Ontario Limited<br>Attn: Kamran Taheri or Darioush Haji Momenian<br>16 Wilstead Drive<br>Newmarket ON L3Y 4T9<br>Canada | License Agreement Vehicle Rental, by and between DTG Canada Corp. and 1497101 Ontario Limited | undetermined | undetermined | N/A |
| 1655797 Alberta Ltd.<br>Attn: Corey Sawchuk and Wes Kaban<br>102 10126-97 Avenue<br>Grande Prairie AB T8V 7X6 | License Agreement Vehicle Rental, by and between DTG Canada Corp. and 1655797 Alberta Ltd. | undetermined | undetermined | N/A |
| 2064973 Ontario Inc.<br>Attn: General Counsel<br>1 Parkdale Ave S<br>Hamilton ON L8N 1H3<br>Canada | License Agreement Package, by and between DTG Canada Corp. and 2064973 Ontario Inc. | undetermined | undetermined | N/A |
| 2642-1396 Quebec Inc.<br>Attn: Dan LaChance<br>925 Perigny, Local 111<br>Chambly QC J3L 5H5<br>Canada | License Agreement Vehicle Rental, by and between DTG Canada Corp. and 2642-1396 Quebec Inc. | undetermined | undetermined | N/A |
| Anthony Balardo<br>Attn: General Counsel<br>65 Edgewater Drive<br>Stoney Creek ON L8E 4Z2 | License Agreement Package, by and between DTG Canada Corp. and Anthony Balardo | undetermined | undetermined | N/A |
| Bob Allen Auto Sales Limited<br>Attn: Bob Allen<br>255 Westville Rd.<br>New Glasgow, NSW  B2H 2J6 | License Agreement Vehicle Rental, by and between DTG Canada Corp. and Bob Allen Auto Sales Limited | undetermined | undetermined | N/A |
| Chaput Auto Location LTEE.<br>Attn: Normand Chaput<br>2164 Boulevard Marie-Victorien<br>Varennes QC J3X 1 P9 | License Agreement, by and between DTG Canada Corp. and Chaput Auto Location LTEE. | undetermined | undetermined | N/A |

In re DTG Canada Corp.
Case No. 20-11232
Schedule G:  Executory Contracts and Unexpired Leases

| Counterparty | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term on Contract | List Contract Number of Any Government Contract |
|---|---|---|---|---|
| Credit Cars Inc. O/A Baywest Mitsubishi<br>Attn: General Counsel<br>202408/202414 Sunset Strip RR5<br>Owen Sound ON N4K 6K6<br>Canada | License Agreement Vehicle Rental, by and between DTG Canada Corp. and Credit Cars Inc. O/A Baywest Mitsubishi | undetermined | undetermined | N/A |
| John Duncan<br>Attn: General Counsel<br>925 Perigny, Local 111<br>Chambly QC J3L 5H5<br>Canada | License Agreement Package, by and between DTG Canada Corp. and John Duncan | undetermined | undetermined | N/A |
| John Duncan<br>Attn: General Counsel<br>925 Perigny, Local 111<br>Chambly QC J3L 5H5<br>Canada | License Agreement Vehicle Rental, by and between DTG Canada Corp. and John Duncan | undetermined | undetermined | N/A |
| Vegreville Autobody (1993) Ltd.<br>Attn: Myron Hayduk<br>52113 51st Avenue<br>Vegreville AL T9C 1M4 | License Agreement Vehicle Rental, by and between DTG Canada Corp. and Vegreville Autobody (1993) Ltd. | 6/30/2015 | undetermined | N/A |
| David Balardo<br>Attn: General Counsel<br>18 Cedargrove<br>Court<br>Ancaster ON L9G 4W5 | License Agreement Package, by and between DTG Canada Corp. and David Balardo | undetermined | undetermined | N/A |
| Locations d'Autos F.J.A. Enr.<br>Attn: President<br>1278 rue Boreale<br>Havre St-Pierre Airport<br>Havre St-Pierre  G0G 1P0 | License Agreement, by and between DTG Canada Corp. and Locations d'Autos F.J.A. Enr. | undetermined | undetermined | N/A |
| Dollar Thrifty Automotive Group Canada Inc.<br>Attn: General Counsel<br>8501 Williams Rd<br>Estero FL 33928 | License Agreement, by and between DTG Canada Corp. and Dollar Thrifty Automotive Group Canada Inc. | undetermined | undetermined | N/A |

In re DTG Canada Corp.
Case No. 20-11232
Schedule G: Executory Contracts and Unexpired Leases

| Counterparty | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term on Contract | List Contract Number of Any Government Contract |
|---|---|---|---|---|
| Robert Lloyd Allen | License Agreement Vehicle Rental, by and between DTG Canada Corp. and Robert Lloyd Allen | undetermined | undetermined | N/A |
| Saint John Airport Authority Inc. Attn: President and CEO 4180 Loch Lomond Road Saint John NB E2N 1L7 Canada | License Vehicle Rental Concession, by and between DTG Canada Corp. and Saint John Airport Authority Inc. | 1/1/2015 | undetermined | N/A |
| The Hertz Corporation Attn: General Counsel 8501 Williams Rd Estero FL 33928 | License Agreement, by and between DTG Canada Corp. and The Hertz Corporation | undetermined | undetermined | N/A |
| Thrifty Rent-A-Car System, LLC Attn: General Counsel 8501 Williams Rd Estero FL 33928 | License Agreement, by and between DTG Canada Corp. and Thrifty Rent-A-Car System, LLC | undetermined | undetermined | N/A |
| Thrifty, LLC Attn: General Counsel 8501 Williams Rd Estero FL 33928 | License Agreement, by and between DTG Canada Corp. and Thrifty, LLC | undetermined | undetermined | N/A |

**Fill in this information to identify the case:**

Debtor name  **DTG Canada Corp.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known)  **20-11232**

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**

*Column 2:* **Creditor**

| | Name | Mailing Address | | | | Name | *Check all schedules that apply:* |
|---|---|---|---|---|---|---|---|
| 2.1 | | | | | | | ☐ D ☐ E/F ☐ G |
| | | Street | | | | | |
| | | City | State | | Zip Code | | |
| 2.2 | | | | | | | ☐ D ☐ E/F ☐ G |
| | | Street | | | | | |
| | | City | State | | Zip Code | | |
| 2.3 | | | | | | | ☐ D ☐ E/F ☐ G |
| | | Street | | | | | |
| | | City | State | | Zip Code | | |
| 2.4 | | | | | | | ☐ D ☐ E/F ☐ G |
| | | Street | | | | | |
| | | City | State | | Zip Code | | |

**Fill in this information to identify the case:**

Debtor name     **DTG Canada Corp.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **20-11232**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __August 10, 2020__          X **/s/ Eric Esper**
                                                Signature of individual signing on behalf of debtor

                                              **Eric Esper**
                                              Printed name

                                              **Senior Vice President & Chief Accounting Officer**
                                              Position or relationship to debtor