**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>The Hertz Corporation, *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-11218 (MFW)<br><br>(Jointly Administered)<br>**Re: Docket No. 1140** |

**ORDER ESTABLISHING BAR DATES AND
RELATED PROCEDURES FOR FILING PROOFS
OF CLAIM, INCLUDING CLAIMS ARISING UNDER
SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "**Motion**")[2] of the Debtors, for entry of an order (this "**Order**"), pursuant to, among other things, sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e) and 3003-1, establishing Bar Dates and related procedures by which creditors[3] must file their Proofs of Claim, and approving the form and manner of notice thereof, all as further described in the Motion; and the

---

[1] The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, which are jointly administered for procedural purposes, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

[2] All capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion.

[3] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (i) the term "claim has the meaning ascribed in section 101(5) of the Bankruptcy Code; (ii) the term "creditor" has the meaning ascribed in section 101(10) of the Bankruptcy Code; (iii) the term "entity" has the meaning ascribed in section 101(15) of the Bankruptcy Code; (iii) the term "equity security" has the meaning ascribed in section 101(16) of the Bankruptcy Code; (iv) the term "equity security holder" has the meaning ascribed in section 101(17) of the Bankruptcy Code; (v) the term "governmental unit" has the meaning ascribed in section 101(27) of the Bankruptcy Code; and (vi) the term "person" has the meaning ascribed in section 101(41) of the Bankruptcy Code.

Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceeding had before this Court, and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted as set forth herein.

2.     The Court hereby approves (i) the form of the Bar Date Notice, the Proof of Claim Form and the Publication Notice, substantially in the forms attached hereto as **Exhibits 1**, **2**, and **3**, respectively, and (ii) the manner of providing notice of the Bar Dates as described in the Motion.

3.     Pursuant to Bankruptcy Rule 3003(c)(2), any creditor or equity security holder who asserts a claim against the Debtors that arose, or is deemed to have arisen, prior to May 22, 2020 (the "**Petition Date**"), including claims arising under section 503(b)(9) of the Bankruptcy Code and whose claim is: (i) not listed on the Debtors' schedules of assets and liabilities (collectively,

RLF1 23869094V.3

the "**Schedules**"); or (ii) is listed on the Schedules and (a) such claim is listed as disputed, contingent or unliquidated, or with an amount listed as "unknown" or zero, (b) such creditor disagrees with the amount, nature and/or priority listed in the Schedules, or (c) if such creditor disagrees with the specific Debtor against which such claim is listed in the Schedules, must file a Proof of Claim on or prior to **5:00 p.m. (prevailing Eastern Time) on a date that shall be identified in the Bar Date Notice and the Publication Notice, which will be no less than thirty-five (35) days after service of the Bar Date Notice** (the "**General Bar Date**").

4. Notwithstanding paragraph 3 above, the deadline for governmental units to file a Proof of Claim against the Debtors is **November 18, 2020 at 5:00 p.m. (prevailing Eastern Time)** (the "**Governmental Bar Date**").

5. In the event the Debtors reject executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, Proofs of Claim in connection with Rejection Damages Claims shall be filed on or before the later of: (i) the General Bar Date or the Governmental Bar Date (if a Governmental Unit is the counterparty to the executory contract or unexpired lease); and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the service of an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease giving rise to the applicable Rejection Damages Claim (the "**Rejection Bar Date**").

6. If the Debtors amend or supplement the Schedules to (a) reduce the undisputed, noncontingent, and liquidated amount of a claim; or (b) change the nature or characterization of a claim, then the affected Claimant shall file a Proof of Claim or amend any previously-filed Proof of Claim in respect of the amended scheduled claim on or before the later of: (i) the General Bar Date or the Governmental Bar Date (if the amendment relates to a Claim of a Governmental Unit); and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the Claimant is served

with notice of the applicable amendment or supplement to the Schedules (the "**Amended Schedule Bar Date**").

7.    Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit, whether or not such person or entity is or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors (collectively "**Representative Actions**"), that holds, or seeks to assert, a claim against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, claims arising under section 503(b)(9) of the Bankruptcy Code, unsecured priority claims, and unsecured non-priority claims (the holder of any such claim, the "**Claimant**"), must properly file a Proof of Claim on or before the applicable Bar Date.  The Debtors, the Committee, and all other parties in interest, including, but not limited to, the members of the Ad Hoc Group of Litigation Creditors, reserve all rights with respect to any Representative Action, including without limitation with respect to: (a) whether any Proof of Claim in respect of a Representative Action (a "**Representative Claim**") has been properly and timely filed by the applicable Bar Date, (b) any objection or other right with respect to any Representative Action or Representative Claim, (c) the composition or membership of any class or group with respect to such Representative Action or Representative Claim, and (d) whether the proper and timely filing of a Representative Claim, if any, shall be deemed a proper and timely Proof of Claim made by each member of the related class or group of creditors.

8.    **All Proofs of Claim must be <u>actually received</u> by the Debtors' claims and noticing agent, Prime Clerk LLC ("Prime Clerk") by no later than 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date, either by the Claimant: (i) filing such Proof of**

4

**Claim electronically through Prime Clerk's website at *https://restructuring.primeclerk.com/hertz* under the link entitled "Submit a Claim"; (ii) mailing the original Proof of Claim by regular mail to The Hertz Corporation Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, P.O. Box 4850, New York, New York 10163-4850; or (iii) delivering such original Proof of Claim by overnight mail or messenger to The Hertz Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232.**

9. Proofs of Claim will be deemed timely filed only if they are actually received either electronically or physically by Prime Clerk on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date by one of the approved methods of delivery in paragraph 8 herein.

10. Prime Clerk shall not accept Proofs of Claim by facsimile, telecopy, email, or other electronic submission, other than as specifically provided herein.

11. The following requirements shall apply with respect to filing and preparing each Proof of Claim:

    (a) *Contents*. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

    (b) *Section 503(b)(9) Claim*. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

    (c) *Identification of the Debtor Entity*. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (Case No. 20-11218

(MFW)) or otherwise without identifying a specific Debtor, will be deemed as filed only against The Hertz Corporation.

(d) ***Claim Against Multiple Debtor Entities***.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.  Notwithstanding anything to the contrary in this Order, the filing of a Proof of Claim by an indenture trustee or administrative agent in the case of The Hertz Corporation (Case No. 20-11218 (MFW)) will also be deemed to constitute the filing of a Proof of Claim in the cases of other Debtors against whom a claim may be asserted under the applicable indenture, credit agreement, or other operative documents, provided that such Proof of Claim (i) clearly identifies each Debtor for which a claim is asserted, including the individual Debtor's case number, (ii) provides the necessary supporting documentation pursuant to paragraph 11(e) of this Order for each Debtor, and (iii) such Proof of Claim is based on the same indenture, credit agreement, or other applicable operative documents.

(e) ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d) or an explanation as to why such documentation is not available.  If, however, such documentation is voluminous, such Proof of Claim may instead include a summary of such documentation, and if such documentation is not available, the Proof of Claim shall include an explanation as to why such documentation is not available; provided that any creditor that receives a written request from the Debtors for additional documentation shall be required to transmit such documentation to Debtors' counsel no later than 10 business days from the date of such request.

(f) ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Prime Clerk must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Prime Clerk) and (ii) a self-addressed, stamped envelope to Prime Clerk.

12. Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

(a) a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court

6

for the District of Delaware or Prime Clerk in a form substantially similar to Official Bankruptcy Form No. 410;

(b) a claim that is listed on the Schedules if and only if: (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (iii) the holder of such claim does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, other than a claim arising under section 503(b)(9) of the Bankruptcy Code;

(d) an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

(e) a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

(f) a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(g) any claim of a Debtor against another Debtor;

(h) any direct or indirect claim of a non-debtor subsidiary of a Debtor against a Debtor;

(i) a claim on account of indemnification, contribution or reimbursement by an officer or director of the Debtors who held such position as of the Petition Date; provided, however, that any director, officer, or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a Proof of Claim by the later of (i) the Bar Date or (ii) thirty (30) days following such resignation or termination of employment if such director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

(j) a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

(k) a claim that is specifically exempted from filing a Proof of Claim pursuant to a separate order of the Court that is in full force and effect; and

7

(l)      any claims of the Chubb Companies with respect to the Insurance Program (each as defined in the *Order (I) Authorizing Assumption of the Insurance Program with the Chubb Companies, (II) Modifying the Automatic Stay, and (III) Granting Related Relief* [Doc. No. 898]).

13.      Any Claimant exempted from filing a Proof of Claim pursuant to paragraph 12 herein must still properly and timely file a Proof of Claim for any other claim that does not fall within such exemptions.

14.      Solely as an accommodation to the Pension Benefit Guaranty Corporation (the "**PBGC**"), the Debtors hereby agree to permit the PBGC to file a single, consolidated Proof of Claim on account of each of its claims, which claim shall be deemed to be filed against all of the Debtors (the "**PBGC Claim**"); provided, however, that the PBGC Claim shall set forth in reasonable detail the basis and amount of the claims asserted against each Debtor, as required by the Bankruptcy Code, the Bankruptcy Rules, and any applicable order of the Court. The PBGC Claim shall be deemed a valid Proof of Claim against each Debtor described in the PBGC Claim and PBGC shall not be required to file a Proof of Claim in the separate case of each such Debtor. Notwithstanding the foregoing, nothing herein shall affect PBGC's obligation to file with the PBGC Claim documents evidencing the basis and amounts of claims asserted against each Debtor.

15.      The authorization for PBGC to file a single, consolidated Proof of Claim is for procedural purposes only, intended for administrative convenience and shall not be interpreted or construed to substantively affect any right, objection, claim or defense of any party in interest to the PBGC Claim, including the amount, extent, validity, priority, perfection, or enforceability of any claim or security interested asserted by the PBGC Claim. For the avoidance of doubt, the authorization granted hereby is without prejudice to the right of any party to object to the PBGC Claim on the basis of insufficient information, or to seek to disallow, and/or expunge the Proof of

Claim to the extent it is determined that all or any portion of the claims or security interests asserted in the PBGC Claim are not allowable against any individual.

16. Any person or entity holding an equity security or other ownership interest in the Debtors (an "**Interest Holder**") is not required to file a proof of interest on or before the applicable Bar Date on account of such equity or ownership interest; provided, however, that an Interest Holder that wishes to assert claims against the Debtors, including, but not limited to, claims that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtors' rights are reserved to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

17. Within 5 business days after entry of this Order, the Debtors shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by first class United States mail, postage prepaid (or equivalent service), to the following parties:

    (a)    all known holders of potential claims and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

    (b)    all parties that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) as of the date of the Bar Date Order;

    (c)    all parties that have filed proofs of claim in the Chapter 11 Cases as of the date of the Bar Date Order;

    (d)    all known holders of equity securities in the Debtors as of the date of the Bar Date Order;

    (e)    all known parties to executory contracts and unexpired leases with the Debtors as of the Petition Date;

    (f)    all known parties to litigation with the Debtors as of the date of the Bar Date Order;

    (g)    the District Director of the Internal Revenue Service for the District of Delaware;

    (h)    all other known taxing and regulatory authorities for the jurisdictions in which the Debtors maintains or conducts business;

    (i)    the Securities and Exchange Commission;

    (j)    all attorney generals for states in which the Debtors maintains or conducts business;

    (k)    the Office of the United States Trustee for the District of Delaware;

    (l)    all other entities listed on the Debtors' matrix of creditors;

    (m)    counsel to any statutorily appointed committee; and

    (n)    the United States Attorney General for the District of Delaware.

18.    In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice and Proof of Claim Form in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to known Claimants.

19.    After the initial mailing of the Bar Date Packages, the Debtors may, in their sole discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the relevant Bar Date being applicable to the recipient creditors.

20.    The Debtors are permitted to establish supplemental bar dates, upon written consent of the Committee and filing a motion with the Court and further order of the Court, which identifies the supplemental bar date and the claimants that are subject thereto.

RLF1 23869094V.3

21. The Debtors are authorized, in their sole discretion, to extend the applicable Bar Dates to certain holders of claims by written agreement where the Debtors determine in their sole discretion that such extension is in the best interests of their estates.

22. No later than 21 days prior to the General Bar Date, the Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 3**, in (i) the *USA Today*, *The Wall Street Journal*, *The New York Times*, and *The Globe and Mail* and (ii) local newspapers, trade journals or similar publications, if any, as the Debtors deem appropriate. The Publication Notice is hereby approved in all respects and shall be deemed good, adequate, and sufficient notice of the General Bar Date and the Governmental Bar Date by publication.

23. Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in the Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtor, but that fails to do so properly by the applicable Bar Date, shall, with respect to such claim, absent further order of the Court, not be permitted to vote upon, or receive distributions under, any chapter 11 plan in the Chapter 11 Cases, absent further of the Court.

24. Nothing contained in this Order, the Publication Notice, or the Bar Date Notice is intended or shall be construed as a waiver of any of the Debtors' rights, including, without limitation, its rights to: (a) object to, dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing contained in this Order, the Publication Notice or the Bar Date Notice is intended or shall be construed as an admission of the validity of any claim against the Debtors or an approval, assumption or rejection of any

agreement, contract, or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

25. The provisions of this Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

26. All Claimants who desire to rely on the Schedules with respect to filing a Proof of Claim in these Chapter 11 Cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

27. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28. The Debtors and Prime Clerk are authorized to take all steps necessary or appropriate to effectuate the relief granted pursuant to this Order.

29. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 9th, 2020
Wilmington, Delaware

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 23869094V.3