# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Debtors. | (Jointly Administered)<br>**Re: Docket No. 1240** |

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM, INCLUDING CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AGAINST DEBTORS

## (GENERAL BAR DATE IS OCTOBER 21, 2020 AT 5:00 P.M. (PREVAILING EASTERN TIME))

TO: ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTORS LISTED BELOW

| DEBTOR | CASE NO. |
|---|---|
| The Hertz Corporation | 20-11218 (MFW) |
| Hertz Global Holdings, Inc. | 20-11219 (MFW) |
| Thrifty Rent-A-Car System, LLC | 20-11220 (MFW) |
| Thrifty, LLC | 20-11221 (MFW) |
| Dollar Thrifty Automotive Group, Inc. | 20-11222 (MFW) |
| Firefly Rent A Car LLC | 20-11223 (MFW) |
| CMGC Canada Acquisition ULC | 20-11224 (MFW) |
| Hertz Aircraft, LLC | 20-11225 (MFW) |
| Dollar Rent A Car, Inc. | 20-11226 (MFW) |
| Dollar Thrifty Automotive Group Canada Inc. | 20-11227 (MFW) |
| Donlen Corporation | 20-11228 (MFW) |
| Donlen FSHCO Company | 20-11229 (MFW) |
| Hertz Canada Limited | 20-11230 (MFW) |

---

[1] The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, which are jointly administered for procedural purposes, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

| Donlen Mobility Solutions, Inc. | 20-11231 (MFW) |
| --- | --- |
| DTG Canada Corp. | 20-11232 (MFW) |
| DTG Operations, Inc. | 20-11233 (MFW) |
| Hertz Car Sales LLC | 20-11234 (MFW) |
| DTG Supply, LLC | 20-11235 (MFW) |
| Hertz Global Services Corporation | 20-11236 (MFW) |
| Hertz Local Edition Corp. | 20-11237 (MFW) |
| Hertz Local Edition Transporting, Inc. | 20-11238 (MFW) |
| Donlen Fleet Leasing Ltd. | 20-11239 (MFW) |
| Hertz System, Inc. | 20-11240 (MFW) |
| Smartz Vehicle Rental Corporation | 20-11241 (MFW) |
| Thrifty Car Sales, Inc. | 20-11242 (MFW) |
| Hertz Technologies, Inc. | 20-11243 (MFW) |
| TRAC Asia Pacific, Inc. | 20-11244 (MFW) |
| Hertz Transporting, Inc. | 20-11245 (MFW) |
| Rental Car Group Company, LLC | 20-11246 (MFW) |
| Rental Car Intermediate Holdings, LLC | 20-11247 (MFW) |

Please take notice that on May 22, 2020 (the "**Petition Date**"), The Hertz Corporation ("**Hertz**") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**) each commenced in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

I. **DEADLINES FOR FILING PROOFS OF CLAIM AGAINST THE ABOVE-REFERENCED DEBTORS**

Please take further notice that on September 9, 2020, the Court entered an order, Docket No. 1240 (the "**Bar Date Order**")[2] establishing the following bar dates (collectively, the "**Bar Dates**") for the filing of a proof of claim in the Chapter 11 Cases (the "**Proof of Claim**" or "**Proofs of Claim**," as applicable).

**General Bar Date**. Pursuant to the Bar Date Order, except as described below, the last date and time for all persons or entities (except governmental units) to file a Proof of Claim in the Chapter 11 Cases is **October 21, 2020 at 5:00 p.m. (prevailing Eastern Time)**.

---

[2] All capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Bar Date Order. A copy of the Bar Date Order is available online free of charge at https://restructuring.primeclerk.com/hertz.

2

**Governmental Bar Date**.  Pursuant to the Bar Date Order, the last date and time for all governmental units to file a Proof of Claim in the Chapter 11 Cases is **November 18, 2020, at 5:00 p.m. (prevailing Eastern Time)**.

**Rejection Bar Date**.  Pursuant to the Bar Date Order, all persons or entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code ("**Rejection Damages Claims**") are required to file Proofs of Claim by the date that is **the later of (a) the General Bar Date or the Governmental Bar Date**, as applicable, and **(b) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the service of an order of the Court authorizing the Debtors' rejection of the executory contract or unexpired lease giving rise to the applicable Rejection Damages Claim**.

**Amended Schedule Bar Date**.  Pursuant to the Bar Date Order, all entities holding claims affected by an amendment or supplement of the Debtors' Schedules must file Proofs of Claim **by the later of (a) the General Bar Date or the Governmental Bar Date**, as applicable, and **(b) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the service of the notice of the applicable amendment or supplement to the Schedules**.

For your convenience, enclosed with this Notice is a proof of claim form (the "**Proof of Claim Form**").  To the extent your claim is listed in the Debtors' schedules of assets and liabilities filed in these Chapter 11 Cases (collectively, the "**Schedules**"), such Proof of Claim Form identifies on its face the amount, nature and classification of your claim in the Schedules.

Please take further notice that the Bar Date Order and the procedures set forth therein and herein for the filing of Proofs of Claim apply to all claims (the holder of any such claim, a "**Claimant**") against the Debtors that arose, or are deemed to have arisen, prior to the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including claims arising under section 503(b)(9) of the Bankruptcy Code,[3] no matter how remote or contingent.

As used in this Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee.  In addition, the terms "persons," "entities," and "governmental units" are defined in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" or "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

[3]    A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of goods received by the Debtors within twenty (20) days before the Petition Date, provided that the goods were sold to the Debtors in the ordinary course of business.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.**

II.     **PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.**

Any person or entity that has or seeks to assert a claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to be treated as a creditor for purposes of voting and distribution, regardless of whether such person or entity is, or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors.

Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM.  A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

A.     **Claims For Which No Proof of Claim is Required to be Filed**.

Notwithstanding the above, holders of the following claims are not required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

a)   a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or by Prime Clerk LLC ("**Prime Clerk**"), the Debtors' claims and noticing agent, in a form substantially similar to Official Bankruptcy Form No. 410;

b)   a claim that is listed on the Schedules if and only if: (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the holder of such claim does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

c)   an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, other than a claim arising under section 503(b)(9) of the Bankruptcy Code;

d)   an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

4

e) a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

f) a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

g) any claim of a Debtors against another Debtor;

h) any direct or indirect claim of a non-debtor subsidiary of a Debtor against a Debtor;

i) a claim on account of indemnification, contribution or reimbursement by an officer or director of the Debtors who held such position as of the Petition Date; provided, however, that any director, officer, or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a Proof of Claim by the later of (a) the General Bar Date or (b) thirty (30) days following such resignation or termination of employment of such director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

j) a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

k) a claim that is specifically exempted from filing a Proof of Claim pursuant to a separate order of the Court that is in full force and effect; and

l) any claims of the Chubb Companies with respect to the Insurance Program (each as defined in the *Order (I) Authorizing Assumption of the Insurance Program with the Chubb Companies, (II) Modifying the Automatic Stay, and (III) Granting Related Relief* [Doc. No. 898]).

**Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to paragraph A above <u>must still properly and timely file</u> a Proof of Claim by the Applicable Bar Date for any other claim that does not fall within the exemptions provided by paragraph A above.** As set forth in clause (e) above, creditors are not required to file a Proof of Claim with respect to any amounts paid by the Debtor. **Please take notice that, unless otherwise exempted pursuant to paragraph A above, each Claimant <u>must properly and timely file</u> a Proof of Claim by the applicable Bar Date whether or not such Claimant is, or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors.**

Any person or entity holding an equity security or other ownership interest in the Debtors (an "**Interest Holder**") is not required to file a proof of interest on or before the applicable Bar Date on account of such equity or ownership interest; provided, however, that an Interest Holder that wishes to assert claims against the Debtors, including, but not limited to, claims that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtors' rights are reserved to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

### III. WHEN AND WHERE TO FILE.

All Claimants must submit an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Prime Clerk by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date by (i) filing such Proof of Claim electronically through Prime Clerk's website at *https://restructuring.primeclerk.com/hertz* under the link entitled "Submit a Claim"; (ii) mailing the original Proof of Claim by regular mail to The Hertz Corporation Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, P.O. Box 4850, New York, New York 10163-4850; or (iii) delivering such original Proof of Claim by overnight mail or messenger to The Hertz Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232.

Proofs of Claim will be deemed timely filed only if **actually received** by Prime Clerk on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will not be accepted and will not be deemed filed until a Proof of Claim is submitted to Prime Clerk by overnight mail, courier service, hand delivery, regular mail, in person, or through Prime Clerk's website listed above.

Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Prime Clerk must submit (i) a copy of the Proof of Claim and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Prime Clerk).

### IV. CONTENTS OF A PROOF OF CLAIM.

As noted above, the Debtors are enclosing a Proof of Claim Form for use in these Chapter 11 Cases, or you may use another proof of claim form that substantially conforms to Official Bankruptcy Form No. 410. The Proof of Claim Form is available free of charge on Prime Clerk's website, *https://restructuring.primeclerk.com/hertz*.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

(a) *Contents*. Each Proof of Claim **MUST**: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an

        authorized agent or legal representative of the Claimant.

(b)   *Section 503(b)(9) Claim*. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(c)   *Identification of the Debtor Entity*. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (Case No. 20-11218 (MFW)) or otherwise without identifying a specific Debtor, will be deemed as filed only against The Hertz Corporation.

(d)   *Claim Against Multiple Debtor Entities*. Unless otherwise ordered by the Court, each Proof of Claim must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor. Notwithstanding anything to the contrary in this Order, the filing of a Proof of Claim by an indenture trustee or administrative agent in the case of The Hertz Corporation (Case No. 20-11218 (MFW)) will also be deemed to constitute the filing of a Proof of Claim in the cases of other Debtors against whom a claim may be asserted under the applicable indenture, credit agreement, or other operative documents, provided, that, such Proof of Claim (i) clearly identifies each Debtor for which a claim is asserted, including the individual Debtor's case number, (ii) provides the necessary supporting documentation pursuant to paragraph 11(e) of the Bar Date Order for each Debtor, and (iii) such Proof of Claim is based on the same indenture, credit agreement, or other applicable operative documents

(e)   *Supporting Documentation*. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d) or an explanation as to why such documentation is not available. If, however, such documentation is voluminous, such Proof of Claim may instead include a summary of such documentation, and if such documentation is not available, the Proof of Claim shall include an explanation as to why such documentation is not available; provided that any creditor that receives a written request from the Debtors for additional documentation shall be required to transmit such documentation to Debtors' counsel no later than 10 business days from the date of such request.

    To the extent your claim is on account of amounts that you paid to another party and for which you believe you are entitled to indemnification, reimbursement and/or contribution from the

7

RLF1 23978393v.1

Debtors, you should, among other things, attach to your Proof of Claim the underlying agreements that provide for such right of indemnification, reimbursement and/or contribution and identify, with specificity, the amounts that you paid to such other party.

### V. CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY THE BAR DATE.

Any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but fails to do so properly by the applicable Bar Date, shall, with respect to such claim, not be treated as a creditor of the Debtors and, absent further order of the Court, will not be permitted to vote upon, or receive distributions under, any chapter 11 plan in the Chapter 11 Cases, absent further order of the Court.

### VI. CONTINGENT CLAIMS.

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity or contribution agreement, guarantee, and/or services provided to or rendered by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds a claim or potential claim against the Debtor, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

### VII. THE SCHEDULES.

You may be listed as the holder of a claim against the Debtors in the Schedules. The Schedules are available free of charge on Prime Clerk's website at *https://restructuring.primeclerk.com/hertz*. If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. As described above, if (i) you agree with the nature, amount and status of your claim as listed in the Schedules **and** (ii) your claim is **NOT** described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these Chapter 11 Cases with respect to such claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

### VIII. RESERVATION OF RIGHTS.

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including without limitation, its rights to: (a) object to, dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors or an approval,

assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

## IX. ADDITIONAL INFORMATION.

The Schedules, the Proof of Claim Form and Bar Date Order are available free of charge on Prime Clerk's website at *https://restructuring.primeclerk.com/hertz*. If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims agent, Prime Clerk, at (877) 428-4661 (toll-free in the U.S.) or (929) 955-3421 (for parties outside the U.S.). If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses on the following page.

Dated: September 9, 2020

*/s/ J. Zachary Noble*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **WHITE & CASE LLP** |
| Mark D. Collins (No. 2981) | Thomas E Lauria (admitted *pro hac vice*) |
| John H. Knight (No. 3848) | Matthew C. Brown (admitted *pro hac vice*) |
| Brett M. Haywood (No. 6166) | 200 South Biscayne Boulevard, Suite 4900 |
| Christopher M. De Lillo (No. 6355) | Miami, FL 33131 |
| J. Zachary Noble (No. 6689) | Telephone: (305) 371-2700 |
| One Rodney Square | tlauria@whitecase.com |
| 920 N. King Street | mbrown@whitecase.com |
| Wilmington, DE 19801 | |
| Telephone: (302) 651-7700 | J. Christopher Shore (admitted *pro hac vice*) |
| Facsimile: (302) 651-7701 | David M. Turetsky (admitted *pro hac vice*) |
| Collins@rlf.com | Andrea Amulic (admitted *pro hac vice*) |
| Knight@rlf.com | 1221 Avenue of the Americas |
| Haywood@rlf.com | New York, NY 10020 |
| DeLillo@rlf.com | Telephone: (212) 819-8200 |
| Noble@rlf.com | cshore@whitecase.com |
| | david.turetsky@whitecase.com |
| —and— | andrea.amulic@whitecase.com |
| | |
| | Jason N. Zakia (admitted *pro hac vice*) |
| | 111 South Wacker Drive |
| | Chicago, IL 60606 |
| | Telephone: (312) 881-5400 |
| | jzakia@whitecase.com |
| | |
| | Ronald K. Gorsich (admitted *pro hac vice*) |
| | Aaron Colodny (admitted *pro hac vice*) |
| | Andrew Mackintosh (admitted *pro hac vice*) |
| | Doah Kim (admitted *pro hac vice*) |
| | 555 South Flower Street, Suite 2700 |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 620-7700 |
| | rgorsich@whitecase.com |
| | aaron.colodny@whitecase.com |
| | amackintosh@whitecase.com |
| | doah.kim@whitecase.com |
| | |
| | *Co-Counsel to the Debtors and Debtors-in-Possession* |