# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: April 16, 2021 at 10:30 a.m. (ET)<br>Objection Deadline: April 5, 2021 at 4:00 p.m. (ET) |

## DEBTORS' TWELFTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN INSUFFICIENT DOCUMENTATION CLAIMS

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR MODIFY CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE SCHEDULE 1 ATTACHED TO THIS OBJECTION.**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases hereby file this omnibus objection (this "**Objection**") and respectfully state as follows:

### RELIEF REQUESTED

1. By this Objection, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), disallowing and expunging certain proofs

---

[1] The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the Debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, which are jointly administered for procedural purposes, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

of claim identified on **Schedule 1** thereto (the "**Insufficient Documentation Claims**"). In support of this Objection, the Debtors submit the *Declaration of Brian Martin in Support of Debtors' Twelfth Omnibus (Non-Substantive) Objection to Certain Insufficient Documentation Claims* (the "**Martin Declaration**"), annexed hereto as **Exhibit B**.

## JURISDICTION

2. This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Objection is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested by this Objection are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Objection if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5. On May 22, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"), which are jointly administered for procedural purposes. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 11, 2020, the Office of the United States Trustee for

the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [D.I. 392].

6.  Additional information about the Debtors' businesses and affairs, capital structure and prepetition indebtedness, and the events leading to the Petition Date, can be found in the *Declaration of Jamere Jackson in Support of Debtors' Petitions and Requests for First Day Relief* [D.I. 28], which is adopted and incorporated by reference in the *Declaration of Kenny Cheung in Further Support of Debtors' Chapter 11 Cases* [D.I. 1516].

## CLAIMS PROCESS

7.  On August 11, 2020, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 964-1023], which were subsequently amended [D.I. 1824, 1826-1880, 1882, 1884-1886, 1889] on November 21, 2020 (collectively, the "**Schedules**").

8.  On September 9, 2020 the Court entered the *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, and Approving the Form and Manner of Notice Thereof* [D.I. 1240] (the "**Bar Date Order**"). That same day, the Debtors filed the *Notice of Deadlines for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code Against Debtors* [D.I. 1243] (the "**Bar Date Notice**").

9.  The Bar Date Order and Bar Date Notice established, among other things: (i) October 21, 2020 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim in the Chapter 11 Cases for persons or entities (except governmental units (as that term is defined in section 101(27) of the Bankruptcy Code)) (the "**General Bar Date**"), (ii) November 18, 2020 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim in the Chapter 11 Cases (the "**Governmental Bar Date**"); (iii) the Rejection Bar Date (as defined

3

in the Bar Date Order) as the later of: (a) the General Bar Date or the Governmental Bar Date (if a Governmental Unit is the counterparty to applicable executory contract or unexpired lease) and (b) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the service of an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease; and (iv) the Amended Schedule Bar Date (as defined in the Bar Date Order, and together with the General Bar Date, the Governmental Bar Date, and the Rejection Bar Date, the "**Bar Dates**") as the later of (a) the General Bar Date or the Governmental Bar Date (if the applicable amendment relates to a claim of a Governmental Unit) and (b) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

10. In accordance with the Bar Date Order, on September 16, 2020, Prime Clerk LLC ("**Prime Clerk**"), the Debtors' court-appointed claims and noticing agent, mailed the Bar Date Notice and proof of claim forms to, among others, all known holders of potential claims and their counsel (if known). On September 17, 2020, Prime Clerk published the Publication Notice (as defined in the Bar Date Order) in *USA Today*, *The Wall Street Journal*, *The New York Times*, and *The Globe and Mail* [D.I. 1396] as well as *The Philadelphia Inquirer*, *San Francisco Chronicle*, *Arizona Republic*, *Chicago Tribune*, *Los Angeles Times*, *The San Diego Union Tribune*, *Naples Daily News*, *El Diario De El Paso*, and *Journal De Montreal* [D.I. 1572].

11. The claims register for these Chapter 11 Cases (the "**Claims Register**"), prepared and maintained by Prime Clerk, shows that over 14,800 proofs of claim have been filed against the Debtors as of the filing of this Objection.

12. In the ordinary course of business, the Debtors maintain books and records (the "**Books and Records**") that reflect, among other things, the nature and amount of the liabilities

4

AMERICAS 106291683
RLF1 24969731v.1

owed to their creditors. The Debtors, with the assistance of their advisors, have actively begun reviewing and reconciling proofs of claim with the Debtors' Schedules and Books and Records, which process includes identifying certain categories of claims that may be subject to objection, disallowance, and expungement. While this analysis and reconciliation is ongoing, the Debtors have determined that the Insufficient Documentation Claims should be disallowed for one or more reasons. Accordingly, the Debtors file this Objection seeking the relief requested below.

13. To date, the Debtors have filed a total of eleven omnibus claim objections. [D.I. 2091, 2092, 2093, 2094, 2096, 2461, 2462, 2463, 2464, 2794 & 2795]. The Court has entered orders with respect all eleven such omnibus objections. [D.I. 2400, 2401, 2402, 2403, 2405, 2738, 2739, 2712, 2717, 3120 & 3160].[2]

## BASIS FOR RELIEF REQUESTED

14. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *Id*. A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's *prima facie* validity. *Id*. at 173-74. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

---

[2] Contemporaneously herewith, the Debtors also have filed the *Debtors' Thirteenth Omnibus (Non-Substantive) Objection to Certain (I) Amended and Superseded Claims and (II) Duplicate Claims*.

### A. Insufficient Documentation Claims

15. As set forth in the Martin Declaration, based upon a review and analysis of the Insufficient Documentation Claims listed on **Schedule 1** to the Proposed Order, the Debtors have determined that each Insufficient Documentation Claim lacks any supporting documentation for the existence and/or amount of the underlying claims. The Insufficient Documentation Claims are not *prima facie* valid. Pursuant to Bankruptcy Rule 3001(c), a claimant that files a proof of claim based on a writing must file an original or duplicate of the writing with the proof of claim or otherwise explain that the writing has been lost or destroyed. Only a proof of claim filed in accordance with Bankruptcy Rule 3001 constitutes *prima facie* evidence of its validity and amount.

16. Moreover, the Martin Declaration explains that the Debtors and their professionals have reviewed and made reasonable efforts to research the Insufficient Documentation Claims, including through a review of (a) the Debtors' books and records, which are maintained in the ordinary course of business by the Debtors, which do not reflect the existence of the asserted Insufficient Documentation Claims, (b) the claims database maintained in the ordinary course by ESIS, Inc., the Debtors' third-party claims administrator, which also does not reflect the existence of the asserted Insufficient Documentation Claims, (c) searches run on (i) LexisNexis CourtLink, (ii) Bloomberg Law and (iii) Courthouse News Service to determine whether there is pending litigation filed by the claimant against the Debtors, of which none was found, and (d) the proofs of claims asserting the Insufficient Documentation Claims, which provide no basis or appropriate supporting documentation on which the Debtors can determine that a valid claim exists. As such, the Debtors believe the Insufficient Documentation Claims do not provide *prima facie* evidence of the existence, validity and amount of such claims.

AMERICAS 106291683
RLF1 24969731v.1

17. Failure to disallow the Insufficient Documentation Claims will result in the applicable claimants receiving an unwarranted recovery to the detriment of other creditors. Therefore, the Debtors (i) object to the allowance of the Insufficient Documentation Claims set forth on **Schedule 1** to the Proposed Order and (ii) seek entry of the Proposed Order disallowing and expunging the Insufficient Documentation Claims.[3]

### Responses to this Objection

18. Filing and Service of Responses: To contest the Objection, a claimant must file and serve a written response to the Objection (a "**Response**") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m. (ET) on April 5, 2021 (the "**Response Deadline**"). Claimants should locate their names and Insufficient Documentation Claims on **Schedule 1** to the Proposed Order, and carefully review the Objection. A Response must address each ground upon which the Debtors object to a particular Insufficient Documentation Claim. A hearing to consider the Debtors' Objection, if necessary, will be held on April 16, 2021 at 10:30 a.m. (E.T.), before the Honorable Mary F. Walrath, United States Bankruptcy Judge, via telephone or videoconference (the "**Hearing**").

19. Each Response must be filed and served upon the following entities at the following addresses: (a) Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801; (b) White & Case LLP, (i) 555 S. Flower Street, Suite 2700, Los Angeles, CA 90071, Attn: Ronald Gorsich, Esq. and Doah

---

[3] To the extent that any of the claimants provide additional documentation with respect to the Insufficient Documentation Claims in response to this Objection, the Debtors reserve all rights to contest that such additional documentation should not be permitted and the claim should be disallowed as the claimant failed to meet its burden in a timely manner. However, to the extent that any of the additional documentation is provided and the claim is held to constitute a timely filed proof of claim that is *prima facie* valid, the Debtors reserve all rights to further object to the proof of claim on any grounds permitted under applicable law.

7

Kim, Esq. (emails: rgorsich@whitecase.com; doah.kim@whitecase.com) and (ii) 111 South Wacker Drive, Suite 5100, Chicago, IL 60606, Attn: Laura Baccash, Esq. (email: laura.baccash@whitecase.com); and (c) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801, Attn: John H. Knight, Esq. and Brett M. Haywood, Esq. (emails: knight@rlf.com; haywood@rlf.com).

20. <u>Content of Responses</u>: Each Response to this Objection must, at a minimum, contain the following information:

> i. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;
>
> ii. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;
>
> iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;
>
> iv. all documentation and other evidence in support of the claim, not previously filed with the Court or the claims and noticing agent, upon which the claimant will rely in opposing this Objection; and
>
> v. the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

21. <u>Timely Response Required; Hearing; Replies</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on April 16, 2021 at 10:30 a.m. (E.T.) or such other date and time as parties filing Responses may be notified. Only those

8

Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

22. <u>Adjournment of Hearing</u>: The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing. The agenda will be served on the person designated by the claimant in its Response.

23. If a claimant fails to timely file a Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing and expunging or otherwise modifying the Insufficient Documentation Claims without further notice to the claimant or a hearing.

24. <u>Separate Contested Matter</u>: The objection by the Debtors to each claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## **RESERVATION OF RIGHTS**

25. The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtors and their estates. Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Insufficient Documentation Claims or any other proofs of claim on any other grounds that the Debtors discover or elect to pursue.

26. Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Debtors, or any successor to the Debtors, may have to enforce rights of setoff against the claimants.

9

27.     Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any of the Debtors' claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## **COMPLIANCE WITH LOCAL RULE 3007-1**

28.     To the best of the Debtors' knowledge and belief, this Objection complies with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## **NOTICE**

29.     Notice of this Objection has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the U.S. Notes Agent; (iii) the Senior Credit Agreement Agent; (iv) the Ad Hoc Group of First Lien Notes (v) the Ad Hoc Group of Unsecured Notes; (vi) the administrative agent under the Second Lien Notes; (vii) the Ad Hoc Group of Second Lien Noteholders; (viii) the administrative agent under the ALOC Facility; (ix) the successor trustee under the Promissory Notes; (x) the U.S. ABS Agent; (xi) the indenture trustee under the HFLF ABS Notes; (xii) the indenture trustee and collateral agent under the Hertz Canadian Securitization Notes; (xiii) the lender under the Donlen Canada Securitization Program;

AMERICAS 106291683
RLF1 24969731v.1

(xiv) counsel to the Committee; (xv) counsel to the lenders under the DIP Facility; (xvi) the Internal Revenue Service; (xvii) the Securities and Exchange Commission; (xviii) the United States Attorney for the District of Delaware; (xix) the claimants whose claims are subject to this Objection; and (xx) all parties who, as of the filing of this Objection, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (the "**Master Notice Parties**").  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PREVIOUS REQUEST

30. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

AMERICAS 106291683
RLF1 24969731v.1

WHEREFORE the Debtors respectfully request that the Court sustain the Objection and grant such other and further relief as it deems just and proper.

Dated: March 17, 2021

 /s/ J. Zachary Noble
**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
Christopher M. De Lillo (No. 6355)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Collins@rlf.com
Knight@rlf.com
Haywood@rlf.com
DeLillo@rlf.com
Noble@rlf.com

—and—

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:     (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (admitted *pro hac vice*)
David M. Turetsky (admitted *pro hac vice*)
Andrea Amulic (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:     (212) 819-8200
cshore@whitecase.com
david.turetsky@whitecase.com
andrea.amulic@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone:     (312) 881-5400
jzakia@whitecase.com
laura.baccash@whitecase.com

Ronald K. Gorsich (admitted *pro hac vice*)
Aaron Colodny (admitted *pro hac vice*)
Andrew Mackintosh (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:     (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
amackintosh@whitecase.com
doah.kim@whitecase.com

*Co-Counsel to the Debtors and Debtors-in-Possession*