# EXHIBIT 6

## Page 1

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
- - -
KELLY A. GRADY,            :
                           : CIVIL ACTION
                           : NOVEMBER TERM, 2015
     Plaintiff,      :
                           : NO. 151103380
  vs.                :
                           :
THE HERTZ CORPORATION; HERTZ :
RENT-A-CAR PHILADELPHIA INTL.:
AIRPORT; JOHN DOE(s),        :
                           :
     Defendants.     :

- - -
October 16, 2016
- - -

Oral deposition of KEN GRAEBER taken pursuant to notice, held at 1845 Walnut Street, Suite 938, Philadelphia, Pennsylvania, commencing at 10:38 a.m., on the above date, before Jennifer P. Miller, RPR, CCR, CRR, and Notary Public for the Commonwealth of Pennsylvania, State of Delaware and the State of New Jersey.

## Page 2

1  APPEARANCES:
2
3       FRANCIS ALEXANDER, LLC
4       BY: FRANCIS MALOFIY, ESQUIRE
5       280 North Providence Road
6       Suite 105
7       Media, Pennsylvania 19063
8       215.583.1099
9       COUNSEL FOR PLAINTIFF
10
11      EDELSTEIN LAW, LLP
12      BY: STUART J. WOLF, ESQUIRE
13      230 South Broad Street.
14      Suite 900
15      Philadelphia, Pennsylvania 19102
16      215.893.9311
17      COUNSEL FOR DEFENDANT
18
19
20
21
22
23
24
25

## Page 3

1             I N D E X
2  WITNESS:
3  KEN GRAEBER
4        E X A M I N A T I O N
5        DIRECT CROSS REDIRECT RECROSS
6  BY MR. MALOFIY  8
7
8             - - -
9          E X H I B I T S
10 NUMBER     DESCRIPTION         PAGE
11 Plaintiff 45   Complaint        11
12
13
14    Direction to Witness not to Answer
         Page Line     Page Line
15
16       14  24
17
18
19
20
21
22
23
24
25

## Page 4

1             - - -
2        P R O C E E D I N G S
3             - - -
4            (It is hereby stipulated
5  and agreed by and between counsel that
6  reading, signing, sealing, filing and
7  certification are not waived; and that
8  all objections, except as to the form
9  of the questions, be reserved until the
10 time of trial.)
11            - - -
12            KEN GRAEBER,
13 after having been first duly sworn, was
14 examined and testified as follows:
15            - - -
10:38:34 16       MR. MALOFIY: We're here for the
10:38:36 17 deposition of Mr. Joseph Jaussi, who is an
10:38:40 18 employee of Hertz, as well as a deposition
10:38:43 19 of Ken Graeber who's a potential named
10:38:47 20 defendant in this case.  Listed as a John
10:38:50 21 Doe at this time.  Opposing counsel, Mr.
10:38:56 22 Stuart Wolf, has indicated he's demanding
10:38:59 23 that both are present at the same time.
10:39:01 24 The rules absolutely unequivocally do not
10:39:04 25 allow for fact witnesses to be present at

Page 17

```
10:57:39  1      was told he faces and may face personal
10:57:43  2      liability for the plaintiff's complaint.
10:57:48  3      Please also let the record reflect that
10:57:51  4      this man has never seen the complaint.
10:57:54  5      Also let the record reflect this man has
10:57:56  6      never read the complaint or the
10:57:57  7      allegations contained therein.
10:57:59  8   BY MR. MALOFIY:
10:58:00  9      Q.  Sir, do you understand there's a
10:58:01 10   conflict, as you sit here today, in an attorney
10:58:04 11   representing Hertz and also representing your
10:58:06 12   personal interest?
10:58:07 13           MR. WOLF:  Objection.  You're
10:58:08 14      asking for a legal conclusion or a legal
10:58:10 15      opinion and --
10:58:11 16           THE WITNESS:  I'm not a lawyer.
10:58:14 17      I don't know.
10:58:15 18   BY MR. MALOFIY:
10:58:15 19      Q.  You don't know?
10:58:16 20      A.  I was told to come here --
10:58:19 21      Q.  Did you ever -- sorry.
10:58:20 22      A.  I was told to come here for a
10:58:22 23   deposition.
10:58:22 24      Q.  What was your understanding of your
10:58:24 25   role here today?
```

Page 18

```
10:58:25  1           MR. WOLF:  Anything that we
10:58:25  2      spoke about, do not discuss.
10:58:28  3           MR. MALOFIY:  This witness might
10:58:29  4      have the -- I brought up in front of Judge
10:58:33  5      New because clearly he doesn't understand
10:58:36  6      his role or why he's here today.  No one
10:58:40  7      has told him that.  He faces potentially
10:58:43  8      millions of dollars in damages, because
10:58:45  9      that's what this case is worth.  Let me
10:58:47 10      finish.
10:58:47 11   BY MR. MALOFIY:
10:58:48 12      Q.  Are you aware that there were
10:58:49 13   individuals at Hertz or that were employed by
10:58:52 14   Hertz that were listed as John Does in the
10:58:55 15   complaint?
10:58:57 16      A.  No, I wasn't aware of that.
10:58:59 17      Q.  Were you aware of -- that in the
10:59:03 18   complaint, there were police reports which
10:59:05 19   plaintiff had alleged -- were improperly given
10:59:08 20   to police?
10:59:11 21      A.  Say that again.
10:59:11 22      Q.  Let me strike that.
10:59:13 23           Were you aware that in the
10:59:14 24   complaint, there were allegations that there
10:59:16 25   was false police information -- strike that.
```

Page 19

```
10:59:22  1      Were you aware that in the
10:59:23  2   complaint, there's allegations that an
10:59:26  3   individual at Hertz had provided misleading or
10:59:29  4   wrong information to the police?
10:59:31  5      A.  No, I wasn't aware of that.
10:59:32  6      Q.  Were you ever told that you were the
10:59:34  7   individual who through discovery it appears, is
10:59:39  8   the person who filed the report with the police
10:59:42  9   that plaintiff has alleged is improper?
10:59:44 10      A.  Well, me as an employee of Hertz, I
10:59:46 11   was custodian of records and I didn't
10:59:48 12   personally provide that information.  It was
10:59:50 13   sent to me, and I just reported it stolen as
10:59:54 14   per Hertz policies.
10:59:56 15      Q.  Do you remember an interview that
10:59:57 16   occurred with the police and you?
10:59:58 17      A.  I don't remember it, no.
10:59:59 18      Q.  Did you ever look at any discovery in
11:00:01 19   this case?
11:00:01 20      A.  Yes, I did, yeah.
11:00:02 21      Q.  Did you look at the police report
11:00:04 22   that you gave?
11:00:04 23      A.  The police report?
11:00:06 24      Q.  There was a police interview where
11:00:08 25   questions were asked of you and you testified
```

Page 20

```
11:00:09  1   to that police officer?
11:00:12  2      A.  Yes, I did read that.
11:00:13  3      Q.  You did read that?
11:00:14  4      A.  Yeah.
11:00:14  5      Q.  Were you ever told that there was an
11:00:16  6   allegation that someone at Hertz provided false
11:00:18  7   information to the police, which make up the
11:00:22  8   allegations in this complaint?
11:00:24  9           MR. WOLF:  Objection.  Anything
11:00:25 10      that you spoke to me or my office about,
11:00:28 11      do not answer.  If you have other
11:00:30 12      information, it's fine for you to answer,
11:00:32 13      but if it came from me or my office, do
11:00:34 14      not answer.
11:00:35 15           MR. MALOFIY:  He still has to
11:00:36 16      say I can't -- you still have to make the
11:00:39 17      objection -- this is -- hold on.
11:00:41 18           You have to make the attorney-client
11:00:42 19      privilege.  You can't say don't talk about
11:00:45 20      anything so there's no indication of what
11:00:48 21      came from your office and what didn't.
11:00:49 22      This is a very serious issue here.
11:00:52 23           MR. WOLF:  I just told him, if
11:00:53 24      it's anything outside of my office you can
11:00:55 25      testify.
```