## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Reorganized Debtors. | (Jointly Administered) |
| | **Hearing Date: Nov. 4, 2021 at 10:30 a.m. (ET)**<br>**Objection Deadline: Oct. 20, 2021** |

**REORGANIZED DEBTORS' TWENTY-FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO FALSE POLICE REPORT CLAIMANTS' (I) AMENDED AND SUPERSEDED CLAIMS, (II) DUPLICATIVE CLAIMS, AND (III) LATE CLAIMS**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR MODIFY CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON SCHEDULES 1–3 ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE REORGANIZED DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST CERTAIN CLAIMS LISTED ON SCHEDULES 1–3 ATTACHED TO THIS OBJECTION.**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**" and, prior to the Effective Date (as defined below), the "**Debtors**")

---

[1] The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the Reorganized Debtors' service address is 8501 Williams Road, Estero, FL 33928. The Chapter 11 Cases are jointly administered for procedural purposes, and a complete list of the Reorganized Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

hereby file this omnibus objection (this "**Objection**") to the claims filed by the False Police Report Claimants[2] and respectfully state as follows:

## RELIEF REQUESTED

1.      By this Objection, the Reorganized Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), disallowing and expunging or otherwise modifying (i) certain proofs of claim identified on **Schedule 1** thereto (the "**Amended and Superseded Claims**"); (ii) certain proofs of claim identified on **Schedule 2** thereto (the "**Duplicate Claims**") and (iii) certain proofs of claim identified on **Schedule 3** thereto (the "**Late Claims**" and, collectively with the Amended and Superseded Claims, and the Duplicate Claims, the "**Disputed Claims**").   In support of this Objection, the Reorganized Debtors submit the *Declaration of Brian Martin in Support of Reorganized Debtors' Twenty-First Omnibus (Non-Substantive) Objection to False Police Report Claimants' (I) Amended and Superseded Claims, (II) Duplicate Claims, and (III) Late Claims* (the "**Martin Declaration**"), annexed hereto as **Exhibit B**.

## JURISDICTION

2.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012 (Sleet, C.J.).   This is a core proceeding under 28 U.S.C. § 157(b).   Venue of these Chapter 11 Cases (as defined below) and this Objection is proper in this District under 28 U.S.C. §§ 1408 and 1409.

---

[2]  As used herein, the "False Police Report Claimants" means, collectively, the False Police Report Claimants No. 1, the False Police Report Claimants No. 2, the False Police Report Claimants No. 3, and, as appropriate, the Unknown Class of False Police Report Claimants.

3.      The predicates for the relief requested by this Objection are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4.      Pursuant to Local Rule 9013-1(f), the Reorganized Debtors consent to the entry of a final judgment or order with respect to this Objection if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

**A.      General background**

5.      On May 22, 2020, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"), which are jointly administered for procedural purposes.

6.      On May 27, 2020, the Court entered the order appointing Prime Clerk LLC ("**Prime Clerk**") as the claims and noticing agent for the Chapter 11 Cases [D.I. 183].  Prime Clerk is authorized and directed to, among other things, (i) perform noticing services and to receive, maintain, record and otherwise administer the proofs of claims filed in these Chapter 11 Cases, (ii) serve as the custodian of court records and the authorized repository for all proofs of claim filed in these Chapter 11 Cases, and (iii) maintain official claim registers for each of the Debtors and Reorganized Debtors (collectively, the "**Claims Register**").

7.      On August 11, 2020, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 964-1023], which were subsequently amended [D.I. 1824, 1826-1880, 1882, 1884-1886, 1889] on November 21, 2020 (collectively, the "**Schedules**").  In addition, in the ordinary course of business, the Debtors maintain books and records (the "**Books**

3

AMERICAS 108913211

**and Records**") that reflect, among other things, the nature and amount of the liabilities owed to their creditors.

8.     On September 9, 2020 the Court entered the *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, and Approving the Form and Manner of Notice Thereof* [D.I. 1240] (the "**Bar Date Order**").  That same day, the Debtors filed the *Notice of Deadlines for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code Against Debtors* [D.I. 1243] (the "**Bar Date Notice**").

9.     The Bar Date Order and Bar Date Notice established, among other things, October 21, 2020 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim in the Chapter 11 Cases for persons or entities (except governmental units (as that term is defined in section 101(27) of the Bankruptcy Code)) (the "**General Bar Date**").

10.     In accordance with the Bar Date Order, on September 16, 2020, Prime Clerk mailed the Bar Date Notice and proof of claim forms to, among others, all known holders of potential claims and their counsel (if known), including counsel to the False Police Report Claimants No. 1.  *See* D.I. 1376 (affidavit of service).  On September 17, 2020, Prime Clerk published the Publication Notice (as defined in the Bar Date Order) in *USA Today*, *The Wall Street Journal*, *The New York Times*, and *The Globe and Mail* [D.I. 1396] as well as *The Philadelphia Inquirer*, *San Francisco Chronicle*, *Arizona Republic*, *Chicago Tribune*, *Los Angeles Times*, *The San Diego Union Tribune*, *Naples Daily News*, *El Diario De El Paso*, and *Journal De Montreal* [D.I. 1572].

11.     On June 10, 2021 (the "**Confirmation Date**"), the Court entered the *Order (i) Confirming Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of The Hertz Corporation and its Debtor Affiliates and (ii) Granting Related Relief* [D.I. 5261] (such

AMERICAS 108913211

underlying chapter 11 plan, together with the Plan Supplements (as defined therein), all schedules, and exhibits thereto, the "**Plan**").[3]  On June 30, 2021 (the "**Effective Date**"), the Plan became effective in accordance with its terms and the Debtors became the Reorganized Debtors.  *See* D.I. 5477.

## B.    The False Police Report Claimants

12.     From mid-2019 through the day before the Petition Date, the False Police Report Claimants No. 1, a group of 26 plaintiffs, filed six separate actions against the Debtors and dozens of their current and former officers, directors and employees in state courts in Delaware, Pennsylvania, Florida, Virginia and Ohio.  There has been no activity in five of these cases beyond the filing of the complaints, and the sixth was dismissed without prejudice.[4]

13.     On October 10 and 11, 2020, the False Police Report Claimants filed a total of 91 claims against the Debtors.[5]  Rather than file individualized claims on behalf of each claimant, the False Police Report Claimants filed pooled claims on behalf of three groups:  (i) the False Police Report Claimants No. 1, (ii) a group of 115 additional claimants called the "False Police Report Claimants No. 2", and (iii) a purported unknown class of False Police Report Claimants.  The False

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

[4] The relevant cases are (i) *Ayoub, et al. v. Hertz Global Holdings, Inc., et al.*, No. N20C-05-189 VLM, currently pending in the Superior Court, State of Delaware; (ii) *Vangelis, et al. v. Hertz Global Holdings, Inc., et al.*, No. 200501362, currently pending in the Philadelphia Court of Common Pleas, Commonwealth of Pennsylvania; (iii) *Williams v. The Hertz Corporation*, No. 19-CA-012657 (Tampa), currently pending in the Circuit Court of the 13th Judicial Circuit, Hillsborough County, State of Florida; (iv) *Cullen-Smits v. The Hertz Corporation*, No. CL19000548-00, currently pending in Fauquier County Circuit Court, Commonwealth of Virginia; (v) *Smits v. The Hertz Corporation*, No. CL19000547-00, currently pending in Fauquier County Circuit Court, Commonwealth of Virginia; and (vi) *Essick v. The Hertz Corporation, et al.*, No. 2019-cv-03424, dismissed without prejudice by the Montgomery County Court of Common Pleas, State of Ohio.

[5] On April 29, the Court entered an order approving a stipulation between the Debtors and the False Police Report Claimants to withdraw certain of the False Police Report Claimants' claims against the Debtors. *See* D.I. 4322.

AMERICAS 108913211

Police Report Claimants did not file a motion seeking the Court's permission to file the purported class proofs of claim.

14.     On the Confirmation Date, the False Police Report Claimants filed 28 purported amended claims against the Debtors.  Among other things, the amended claims professed to change the purported class proofs of claims to be on behalf of a group of 29 additional claimants called the "False Police Report Claimants No. 3".  These 29 claimants were not identified anywhere in the purported class proofs of claim or any other proof of claim filed by the General Bar Date, nor did the False Police Report Claimants' other proofs of claim allege any facts specific to those individuals or their claims.  Additionally, the Debtors had no prior record of the alleged bases for these new claims.  *See* Martin Decl. ¶ 12.  Indeed, the Debtors received no demands from, or had any knowledge that they purportedly owed any amounts to, any of the claimants identified as part of the False Police Report Claimants No. 3.  *Id.*

## C.     The Debtors' Preliminary Objections

15.     On August 18, 2021, the Court held a hearing at which it ordered the parties to confer regarding a staged process for litigating the Reorganized Debtors' objections to the False Police Report Claimants' claims.  *See* Aug. 18, 2021 Hr'g Tr. at 24:6-14 ("I think the reorganized debtors' suggestion of doing this in tiers is appropriate.  There are many preliminary issues relevant to allowance of those claims that should be addressed, not simply the timeliness, but the category general unsecured or administrative, whether [they] are business are personal injury torts, which would inform any decision as to whether I have jurisdiction to liquidate those claims.  So I think we should set up a process at this stage.").  In accordance with the Court's ruling, the Reorganized Debtors and the False Police Report Claimants conferred and the Court entered an order establishing a briefing schedule for the Reorganized Debtors' preliminary objections to the proofs of claim filed by the False Police Report Claimants.  *See* D.I. 5875 (the "**Scheduling Order**").

6

16.    Accordingly, the Reorganized Debtors file this Objection seeking the relief requested below with respect to certain of the claims filed by the False Police Report Claimants. Contemporaneously with this Objection, the Reorganized Debtors have filed a separate omnibus objection to the False Police Report Claimants' claims on other preliminary grounds. Consistent with the Court's scheduling order, the Reorganized Debtors reserve all rights if the Court denies these preliminary objections, including to object to the merits of the False Police Report Claimants' claims or raise any other arguments or defenses.[6]

## BASIS FOR RELIEF REQUESTED

17.    Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Ultimately, the burden of persuasion is on the claimant. *Id.* at 174.

**A.    Amended and Superseded Claims**

18.    As set forth in the Martin Declaration, based on a review and analysis of the Amended and Superseded Claims listed on **Schedule 1** to the Proposed Order, the Reorganized Debtors have determined that each Amended and Superseded Claim listed under the column "Amended Claim to be Disallowed" has been amended and superseded by a subsequently filed

---

[6] The Scheduling Order provides that, if the Court denies the Reorganized Debtors' preliminary objections to the False Police Report Claimants' Claims, "the Reorganized Debtors and the False Police Report Claimants will work in good faith . . . to determine appropriate next steps." Scheduling Order ¶ 3.

7

proof of claim by the same claimant as those listed in the column labeled "Remaining Claim" (the

"**Remaining Claims**").[7]

19.     The relief requested in this Objection is necessary to prevent the allowance of the

Amended and Superseded Claims, which by their nature have been superseded and remain on the

claims Register only as a technicality.  The Reorganized Debtors should not be required to pay

twice on the same obligation (if any).  Disallowance of these claims that have been amended and

superseded will enable the Claims Register to reflect more accurately the claims asserted against

the Reorganized Debtors.  The claimants holding Amended and Superseded Claims will not be

prejudiced by having their respective Amended and Superseded Claims disallowed and expunged

because each Remaining Claim will remain on the Claims Register, subject to the Reorganized

Debtors' ongoing rights to object to the Remaining Claims on these or any other applicable

grounds, including other grounds set forth in the Reorganized Debtors' subsequent omnibus

objections.[8]

20.     Therefore, the Reorganized Debtors (a) object to the Amended and Superseded

Claims listed on **Schedule 1** to the Proposed Order, and (b) request that the Amended and

Superseded Claims listed under the column heading "Amended Claim to be Disallowed" be

disallowed and expunged in their entirety.

---

[7] The Debtors refer to claims filed by "claimants" solely out of convenience.  As noted above and is discussed in the separate objection filed contemporaneously herewith, the False Police Report Claimants' proofs of claim were filed on behalf of groups of claimants, pooling the individuals together.

[8] Some of the Amended and Superseded Claims purportedly were amended by a Late Claim.  The Reorganized Debtors object to those Amended and Superseded Claims as amended in the event that the Court determines the Late Claims are proper amendments rather than untimely new claims.

**B.      Duplicate Claims**

21.      As set forth in the Martin Declaration, based on a review and analysis of the Duplicate Claims listed on **Schedule 2** to the Proposed Order, the Reorganized Debtors have determined that each Duplicate Claim was filed by or on behalf of the same claimant, in the same amount and priority, on account of the same alleged liability, and against the same Debtor more than once.  The claims listed under the column "Duplicate Claim to be Disallowed" are duplicative of the corresponding claims listed under the column titled "Surviving Claim" (the "**Surviving Claims**").

22.      The Reorganized Debtors should not be required to pay twice on the same obligation (if any).  Disallowance of these redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Reorganized Debtors.  Any disallowance or expungement of the Duplicate Claims will not prejudice any claimants or their substantive rights against the Reorganized Debtors because each Surviving Claim will remain on the Claims Register, subject to the Reorganized Debtors' ongoing rights to object to the Surviving Claims on these or any other applicable grounds, including other grounds set forth in the Reorganized Debtors' subsequent omnibus objections.

23.      Therefore, the Reorganized Debtors (a) object to the Duplicate Claims listed on **Schedule 2** to the Proposed Order, and (b) request that the Duplicate Claims be disallowed and expunged in their entirety.

**C.      Late Claims**

24.      Each of the Late Claims was filed after the General Bar Date.  Unless a claim filed after a bar date amends and relates back to an earlier filed claim, it is late.  For the reasons stated below, the Late Claims do not relate back to claims filed before the General Bar Date and therefore they should be disallowed pursuant to section 502(b)(9) of the Bankruptcy Code.

9

25.     Bankruptcy Rule 3003(c)(3) requires a court to establish a bar date.  *See* Fed. R. Bankr. P. 3003(c)(3).  "The bar date is important to the administration of the case as it brings certainty to a debtor's case by enabling the debtor and its creditors to know the amount of claims which exist.  A bar date can be thought of as akin to a statute of limitations, and must be followed." *In re Nortel Networks Inc.*, 573 B.R. 522, 527 (Bankr. D. Del. 2017) (citation omitted).  "The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the requisite notice." *In re Trans World Airlines, Inc.*, 96 F.3d 687, 690 (3d Cir. 1996).

26.     The decision to allow an amendment to a proof of claim filed by the bar date is within the discretion of the court.  *In re Exide Techs.*, 601 B.R. 271, 291 (Bankr. D. Del. 2019) (quotation marks omitted).  However, "[i]t is vital that the bankruptcy court make certain that the amendment is an amendment and not a new claim." *In re Nortel Networks Inc.*, 573 B.R. at 527; *see also In re Exide Techs.*, 601 B.R. at 291 ("An amendment to [a] claim filed post bar date must be scrutinized to assure that it is not an attempt to file a new claim.").  "A creditor may not use the claims amendment process to circumvent the claims bar date." *In re Exide Techs.*, 601 B.R. at 293.

27.     To determine whether a purported amendment asserts a new claim, courts apply Rule 15(c) of the Federal Rules of Civil Procedure.  *See, e.g.*, *id.*  Rule 15(c) requires the amendment to relate back to the same "conduct, transaction or occurrence" asserted in the original claim.  Fed. R. Bankr. P. 7015(c).  "[I]t is well-established that the touchstone for relation back is fair notice." *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012).  To that end, amendments to proofs of claim are allowed when "the purpose is to cure defects in a claim as originally filed, to describe a claim with greater particularity, or to plead new theories of recovery on facts set forth in the original claim." *In re Exide Techs.*, 601 B.R. at 291 (quoting *In re Franklin Hotel Assocs.*, 186 F.3d 301, 309 (3d Cir. 1999)).

10

28.     As noted above, on or about the General Bar Date, counsel for the False Police Report Claimants filed 31 proofs of claim on behalf of "a class of unknown individuals that have been damaged by the Debtors."  On June 10, 2021—the same day as the Debtors' Confirmation Hearing, and more than seven months after the October 21, 2020 General Bar Date—counsel for the False Police Report Claimants filed the Late Claims.  The False Police Report Claimants assert that the Late Claims amend certain of the purported class proofs of claim to make them on behalf of the False Police Report Claimants No. 3.  However, none of the members of the False Police Report Claimants No. 3 was identified in those purported class proofs of claim.  Nor did the False Police Report Claimants' other proofs of claim identify the False Police Report Claimants No. 3 or allege any facts specific to those individuals or their claims.

29.     The Late Claims are not proper amendments to the purported class proofs of claim for at least two reasons.  ***First***, an amendment cannot be used to add a plaintiff to a claim.  *See In re Nortel Networks Inc.*, 573 B.R. at 528 (denying motion to amend claim to add a claimant on theory that claim related back under Rule 15); *see also Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 561 (3d Cir. 2008) ("In our view, however, Rule 15(c)(1) is simply not applicable here, as, by its own terms it applies only to amendments to the 'party . . . *against whom a claim is asserted*,' that is, the defendant." (emphasis in original)); July 23, 2021 Transcript at 145:21–146:1, *In re Mallinckrodt plc*, Case No. 20-12522 (JTD) (Bankr. D. Del. July 26, 2021) (D.I. 3414) ("***Mallinckrodt***") ("Relation back . . . does not apply [under Rule 15] to adding a party, but only to amendments to the party against whom the claim is asserted.").  Here, the purported class proofs of claim were filed not on behalf of the 29 individuals asserting the Late Claims but on behalf of a purported unknown group without any identified members.  Therefore, Rule 15 is inapplicable to allow an amendment.

11

30.     ***Second***, even if an amendment to add a claimant were proper (and it is not), the Late Claims do not relate back to the purported class proofs of claim.  The addenda to the purported class proofs of claim contain no specific factual allegations, but rather allege that the Debtors "falsely report[ed] untold numbers of customers for car theft" and assert various causes of action ranging from malicious prosecution to civil RICO.  The Late Claims name 29 individuals but, as with the purported class proofs of claim, contain no specific facts related to those individuals and instead rely on the same generalized allegations.

31.     For an amendment properly to "describe a claim with greater particularity" there must have been "facts set forth in the original claim."  *See In re Exide Techs.*, 601 B.R. at 291.  Here, there were none.  It is not enough to link the Debtors' alleged conduct with respect to 29 individuals to the Debtors' alleged general conduct with respect to an unknown group.  *See id.* at 294 ("It is not enough to link the District's new claims generally to 'Exide's unlawful release of two toxins.'  The circumstances of this case do not support a determination that the District's new claims arise out of the same conduct, transaction, or occurrence in the Original Proof of Claim").  Thus, the purported class proofs of claim failed to provide "fair notice" of the Late Claims and, as such, the Late Claims do not relate back.  *See Glover*, 698 F.3d at 146 (holding Rule 15 cannot be invoked "where the original pleading does not give a defendant 'fair notice of what the plaintiff's amended claim is and the grounds upon which it rests'"); *Mallinckrodt* at 145:2–5 ("[B]ecause I find that the proofs of claim as filed fail to state any claim whatsoever against the debtor entities, motion [for] leave [to amend] would actually be akin to a motion to file a late claim.").

32.     Moreover, the False Police Report Claimants No. 3 have not sought relief to file a late claim for excusable neglect.  *See, e.g.*, *In re Trans World Airlines, Inc.*, 96 F.3d at 690 ("Because the Bergers failed to assert their prepetition claims by the bar date and failed to show

excusable neglect, those claims are legally dead."); *Mallinckrodt* at 145:12–16 ("[G]iven that no claims were asserted against the debtors in the proofs of claim that I am dismissing, any amendment at this point would in fact be a new claim against those debtors.  Because it is a new claim, it would require the use of the excusable neglect standard in *Pioneer*.").  And the confirmed Plan bars any such motion now.  *See* Plan, art. VII.G ("[A]ny and all Proofs of Claim Filed after the applicable Claims Bar Date shall be deemed Disallowed and expunged as of the Effective Date without any further notice or action, order, or approval of the Bankruptcy Court . . . unless the Bankruptcy Court shall have determined by a Final Order, on or before the Confirmation Hearing, that cause exists to extend the Claims Bar Date as to such Proof of Claim on the basis of excusable neglect.").  The False Police Report Claimants filed an objection to the Plan but did not challenge this provision.  *See generally* D.I. 5032.  Moreover, given that the Late Claims were filed on the Confirmation Date, the False Police Report Claimants could have timely filed a motion seeking leave to file a late claim, in compliance with the Plan.  They did not do so, nor have they justified their decision to wait to file a claim on behalf of all 29 claimants in the False Police Report Claimants No. 3 until after the Debtors' Plan was confirmed.

33.     For the foregoing reasons, the Late Claims are untimely.  Consequently, each holder of a Late Claim "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."  Fed. R. Bankr. P. 3003(c)(2); *see also* 11 U.S.C. § 502(b)(9).  Failure to disallow the Late Claims may result in the applicable claimants receiving an unwarranted recovery to the detriment of these estates.[9]  Therefore, the Reorganized Debtors (a) object to the Late Claims

---

[9] This is especially the case given that the False Police Report Claimants purport to assert approximately $2 billion in claims.

listed on **Schedule 3** to the Proposed Order, and (b) request that the Late Claims listed be disallowed and expunged in their entirety.

**RESPONSES TO THIS OBJECTION**

34.     <u>Filing and Service of Responses</u>: To contest this Objection, a claimant must file and serve a written response to the Objection (a "**Response**") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than October 20, 2021 (the "**Response Deadline**").  Claimants should locate their names and Disputed Claims on **Schedule 1**, **Schedule 2**, and **Schedule 3** to the Proposed Order, and carefully review the Objection.  A Response must address each ground upon which the Reorganized Debtors object to a particular Disputed Claim.  A hearing to consider the Reorganized Debtors' Objection, if necessary, will be held on November 4, 2021 at 10:30 a.m. (ET), before the Honorable Mary F. Walrath, United States Bankruptcy Judge (the "**Hearing**").  The Hearing may be conducted by teleconference or videoconference, with instructions to be filed on the docket.

35.     Each Response must be filed and served upon the following entities at the following addresses: (a) if not filed using the Court's CM/ECF system, Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801; counsel for the Reorganized Debtors, (i) White & Case LLP, J. Christopher    Shore    and    Samuel    P.    Hershey    (cshore@whitecase.com; sam.hershey@whitecase.com); and (ii) Richards, Layton & Finger, P.A., Robert J. Stearn, Jr., Brett M. Haywood, and Christopher M. De Lillo (stearn@rlf.com; haywood@rlf.com; delillo@rlf.com).

36.     Adjournment of Hearing: The Reorganized Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted

14

on the notice of agenda for the hearing.  The agenda will be served on the person designated by the claimant in its Response.

37.    If a claimant fails to timely file a Response by the Response Deadline, the Reorganized Debtors may present to the Court an appropriate order disallowing and expunging or otherwise modifying the Disputed Claims without further notice to the claimant or a hearing.

38.    Separate Contested Matter: The objection by the Reorganized Debtors to each claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## RESERVATION OF RIGHTS

39.    The Reorganized Debtors reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Reorganized Debtors and their estates.  Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Reorganized Debtors reserve the right to object to each of the Disputed Claims or any other proofs of claim on any other grounds that the Reorganized Debtors discover or elect to pursue.

40.    Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Reorganized Debtors, or any successor to the Reorganized Debtors, may have to enforce rights of setoff against the claimants.

41.    Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Reorganized Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim;

AMERICAS 108913211

(d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; or (f) a waiver of any of the Reorganized Debtors' claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## COMPLIANCE WITH LOCAL RULE 3007-1

42.     To the best of the Reorganized Debtors' knowledge and belief, this Objection complies with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

43.     Furthermore, consistent with Local Rule 3007-1(e)(vi), undersigned counsel certifies that the Late Claims purport to amend certain earlier filed proofs of claim and, although those earlier claims were filed before the General Bar Date, the Late Claims do not relate back for the reasons stated above.

## NOTICE

44.     Notice of this Objection has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the Committee; (iii) the claimants whose claims are subject to this Objection; (iv) counsel of record to the claimants; and (v) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 in accordance with paragraph 78 of the Confirmation Order.  The Reorganized Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PREVIOUS REQUEST

45.     No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other court.

16

WHEREFORE, the Reorganized Debtors respectfully request that the Court sustain this Objection and grant such other and further relief as it deems just and proper.

Dated: September 20, 2021

*/s/ Christopher M. De Lillo*
**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
Christopher M. De Lillo (No. 6355)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Collins@rlf.com
Stearn@rlf.com
Knight@rlf.com
Haywood@rlf.com
DeLillo@rlf.com
Noble@rlf.com

—and—

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:      (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (admitted *pro hac vice*)
David M. Turetsky (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Andrea Amulic (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:      (212) 819-8200
cshore@whitecase.com
david.turetsky@whitecase.com
sam.hershey@whitecase.com
andrea.amulic@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone:      (312) 881-5400
jzakia@whitecase.com
laura.baccash@whitecase.com

Ronald K. Gorsich (admitted *pro hac vice*)
Aaron Colodny (admitted *pro hac vice*)
Andrew Mackintosh (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:      (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
amackintosh@whitecase.com
doah.kim@whitecase.com

*Co-Counsel to the Reorganized Debtors*

17