# Exhibit B

**Martin Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Reorganized Debtors. | (Jointly Administered) |

## DECLARATION OF BRIAN MARTIN IN SUPPORT OF REORGANIZED DEBTORS' TWENTY-FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO FALSE POLICE REPORT CLAIMANTS' (I) AMENDED AND SUPERSEDED CLAIMS, (II) DUPLICATIVE CLAIMS, AND (III) LATE CLAIMS

I, Brian Martin, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a managing director at FTI Consulting, Inc. ("**FTI**"). On June 24, 2020, the Court approved FTI's retention as restructuring advisor to The Hertz Corporation and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**," and prior to the Effective Date, the "**Debtors**") *nunc pro tunc* to May 22, 2020.

2. I submit this declaration (the "**Declaration**") in support of the *Reorganized Debtors' Twenty-First Omnibus (Non-Substantive) Objection to False Police Report Claimants' (I) Amended and Superseded Claims, (II) Duplicative Claims, and (III) Late Claims* (the "**Objection**"),[2] dated as of the date hereof and filed contemporaneously herewith.

---

[1] The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the Reorganized Debtors' service address is 8501 Williams Road, Estero, FL 33928. The Chapter 11 Cases are jointly administered for procedural purposes, and a complete list of the Reorganized Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

3.  I am over the age of eighteen and am authorized by the Reorganized Debtors to submit this Declaration. All statements in this Declaration are based upon my personal knowledge, my review (or the review of others under my supervision) of (a) the relevant proofs of claim and/or (b) the official register of claims filed in the Chapter 11 Cases. If called as a witness, I could and would competently testify to the facts set forth in this Declaration.

4.  The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by appropriate personnel of the Reorganized Debtors, FTI, Prime Clerk, White & Case LLP, Richards, Layton & Finger, P.A, Winston & Strawn LLP and/or ESIS (the Reorganized Debtors' third-party claims administrator).

## AMENDED AND SUPERSEDED CLAIMS

5.  Based upon my review and analysis of the Amended and Superseded Claims listed on **Schedule 1** to the Proposed Order, each Amended and Superseded Claim listed under the column "Amended Claim to be Disallowed" has been amended and superseded by a subsequently filed proof of claim by the same claimant and on account of the same purported liability as those listed in the column labeled "Remaining Claim."

6.  Specifically, each Amended and Superseded Claim listed under the column "Amended Claim to be Disallowed" has been amended and superseded by a subsequently filed proof of claim, and such amendment and corresponding Remaining Claim has been identified by the claimant on the face of the proof of claim.

7.  The relief requested in the Objection is necessary to prevent the allowance of the Amended and Superseded Claims, which by their nature have been superseded and remain on the Claims Register only as a technicality. Disallowance of these claims that have been amended and superseded will enable the Claims Register to reflect more accurately the claims asserted against

2

the Reorganized Debtors. The claimants holding Amended and Superseded Claims will not be prejudiced by having their respective Amended and Superseded Claims disallowed and expunged because each Remaining Claim will remain on the Claims Register, subject to the Reorganized Debtors' ongoing rights to object to the Remaining Claims on these or any other applicable grounds, including other grounds set forth in the Reorganized Debtors' subsequent omnibus objections.

### DUPLICATE CLAIMS

8.      Based upon a review and analysis of the Duplicate Claims listed on **Schedule 2** to the Proposed Order and the Claims Register, I and my team have determined that each Duplicate Claim was filed by or on behalf of the same claimant, in the same amount and priority, on account of the same alleged liability, and against the same Reorganized Debtor more than once. Each claim listed under the column "Duplicate Claim to be Disallowed" is duplicative of the corresponding claim listed under the column titled "Surviving Claim." Each Duplicate Claim is identical to the corresponding Surviving Claim, including its supporting documentation (if any).

9.      Disallowance of these redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Reorganized Debtors. Any disallowance or expungement of the Duplicate Claims will not prejudice any claimants or their substantive rights against the Reorganized Debtors because each Surviving Claim will remain on the Claims Register, subject to the Reorganized Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds, including other grounds set forth in the Reorganized Debtors' subsequent or concurrently-filed omnibus objections.

**LATE CLAIMS**

10. I understand that the Bar Date Order specifically requires proofs of claim to be actually received on or before the General Bar Date, as applicable. I understand further that these procedures as well as the notice thereof were approved by the Court pursuant to the Bar Date Order.

11. All of the Late Claims were received after the General Bar Date. Specifically, all of the Late Claims were filed on June 10, 2021. I note that the Late Claims purport to amend earlier filed claims. However, whereas the Late Claims were filed on behalf of 29 specific individuals, the purportedly related, earlier filed claims were filed on behalf of "a class of unknown individuals". The claimants themselves are different and, for the reasons stated in the Objection, I believe the Late Claims assert new claims.

12. To the best of my knowledge, the Debtors had no prior record of the alleged bases for these new claims. Indeed, to the best of my knowledge. the Debtors received no demands from, or had any knowledge that they purportedly owed any amounts to, any of the claimants identified as part of the False Police Report Claimants No. 3.

13. Failure to expunge and disallow the Late Claims will result in claims that have been improperly asserted against the Reorganized Debtors and their estates to remain on the claims register and in creditors potentially receiving improper recoveries on account of those claims.

14. Therefore, the Reorganized Debtors (i) object to the allowance of the Amended and Superseded Claims set forth on **Schedule 1**, Duplicate Claims set forth on **Schedule 2**, and the Late Claims set forth on **Schedule 3**, and (ii) seek entry of the Proposed Order disallowing and expunging the Disputed Claims in their entirety.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: September 20, 2021

*/s/ Brian Martin*
Brian Martin
Managing Director, FTI Consulting, Inc.