## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Reorganized Debtors. | (Jointly Administered) |
| | **Hearing Date: Nov. 4, 2021 at 10:30 a.m. (ET)**<br>**Objection Deadline: Oct. 20, 2021** |

### REORGANIZED DEBTORS' TWENTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO FALSE POLICE REPORT CLAIMANTS' NON-COMPLIANT, UNSUBSTANTIATED, AND CLASS CLAIMS, AND REQUEST FOR A LIMITED WAIVER OF LOCAL RULE 3007-1(f)(iii), TO THE EXTENT <u>SUCH RULE MAY APPLY</u>

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULES 1–3</u> ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE REORGANIZED DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THOSE CLAIMS LISTED ON <u>SCHEDULES 1–3</u> ATTACHED TO THIS OBJECTION.**

---

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**" and, prior to the Effective Date (as defined below), the "**Debtors**") hereby file this omnibus objection (this "**Objection**") and respectfully state as follows:

---

[1] The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the Reorganized Debtors' service address is 8501 Williams Road, Estero, FL 33928. The Chapter 11 Cases are jointly administered for procedural purposes, and a complete list of the Reorganized Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

## PRELIMINARY STATEMENT[2]

1.      Each of the remaining 80 proofs of claim filed by the False Police Report Claimants is on behalf of between 26 and 110 claimants, does not state any specific claim asserted by any claimant, and does not state any facts or attach any documents relevant to any specific claim.  Thus, the False Police Report Claimants' claims fail to comply with key requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bar Date Order.  The False Police Report Claimants' improper proofs of claim should be disallowed, with prejudice, for at least three reasons.

2.      ***First***, although the False Police Report Claimants comprise 165 individuals,[3] they have filed only three proofs of claim against each applicable Debtor:  one form asserts a claim on behalf of "False Police Report Claimants No. 1" (a group of 26 individuals), another asserts a claim on behalf of "False Police Report Claimants No. 2" (a group of 110 individuals), and the third asserts a claim on behalf of "False Police Report Claimants No. 3" (a group of 29 individuals). The Bankruptcy Code, the Bankruptcy Rules and the Bar Date Order require claims to be filed on behalf of individual claimants, not groups.  The False Police Report Plaintiffs have already filed amendments to their proofs of claim, but did not fix these errors.  Nor have the False Police Report Plaintiffs sought this Court's permission to file a class or other representative proof of claim (nor would such a request be proper).  These failures require dismissal of the claims.

3.      ***Second***, the proofs of claim fail to state a *prima facie* claim.  The proofs of claim allege no facts to support the asserted causes of action.  Rather, each proof of claim contains a one-

---

[2] Capitalized terms used in this section but not previously defined are defined later in this Objection.

[3] In the proofs of claim filed on behalf of "False Police Report Claimants No. 2" before the General Bar Date, the addenda identify 115 individuals.  However, the addenda to the proofs of claim filed on behalf of "False Police Report Claimants No. 2" in June 2021, which were filed as amendments to some but not all of the earlier proofs of claim, identify only 110 individuals.

sentence, generalized accusation and a list of the individuals in each group. This failure to provide due process to the Debtors also requires dismissal of the claims.

4.    ***Third***, the False Police Report Claimants filed their proofs of claim against every Debtor regardless of whether that Debtor rents vehicles to consumers, never mind to the individual claimants. While the False Police Report Claimants agreed to withdraw claims against some of these Debtors, many claims remain against non-operating Debtors that do not rent vehicles to consumers. Those claims must be dismissed.

5.    The Reorganized Debtors also object to the purported class proofs of claim. The False Police Report Claimants did not file a motion seeking the Court's permission to file the purported class proofs of claim, as is required. Additionally, in April and June 2021, the False Police Report Claimants filed amendments to some of the purported class proofs of claim, withdrew others, and neither withdrew nor amended still others. The Debtors object to the purported class proofs of claim that have not been amended or withdrawn.[4]

6.    Lastly, disallowance of the False Police Report Claimants' claims should be with prejudice. On June 10, 2021 (the date of confirmation of the Debtors' plan of reorganization), the False Police Report Claimants filed amendments to many of the proofs of claim. But, rather than correcting the failings identified above, the False Police Report Claimants filed the same group claims with the same conclusory and unsupported allegations. The False Police Report Claimants have had more than one year since the September 2020 Bar Date Order to file proper proofs of claim or correct the improper ones they filed. As the False Police Report Claimants have already

---

[4] For the avoidance of doubt, the Debtors object to the amendments to the purported class proofs of claim on other grounds.

amended their claims once without curing the original, fatal defects, the Court should not permit further amendments.

## **RELIEF REQUESTED**

7.      By this Objection, the Reorganized Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (i) disallowing and expunging the proofs of claim identified on **Schedule 1** thereto (the "**Non-Compliant Claims**"), (ii) disallowing and expunging the proofs of claim identified on **Schedule 2** thereto (the "**Unsubstantiated Claims**"), (iii) disallowing and expunging the proofs of claim identified on **Schedule 3** thereto (the "**Class Proofs of Claim**" and, together with the Non-Compliant Claims and the Unsubstantiated Claims, the "**Disputed Claims**"), and (iv) waiving Local Rule 3007-1(f)(iii) to the extent that rule may otherwise bar the assertion of any subsequent objection to the Disputed Claims.  In support of this Objection, the Reorganized Debtors submit the *Declaration of Brian Martin in Support of Reorganized Debtors' Twenty-Second Omnibus (Substantive) Objection to False Police Report Claimants' Non-Compliant, Unsubstantiated, and Class Claims, and Request for a Limited Waiver of Local Rule 3007–1(f)(iii), to the Extent such Rule May Apply* (the "**Martin Declaration**"), attached hereto as **Exhibit B**.

## **JURISDICTION**

8.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Objection is proper in this District under 28 U.S.C. §§ 1408 and 1409.

9.      The predicates for the relief requested by this Objection are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

10.    Pursuant to Local Rule 9013-1(f), the Reorganized Debtors consent to the entry of a final judgment or order with respect to this Objection if it is determined that this Court lacks Article III jurisdiction to enter a final order or judgment absent consent of the parties.

## BACKGROUND

### I.    General Background

11.    On May 22, 2020 (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"), which are jointly administered for procedural purposes.

12.    On August 11, 2020, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 964-1023], which were subsequently amended [D.I. 1824, 1826-1880, 1882, 1884-1886, 1889] on November 21, 2020 (collectively, the "**Schedules**").  In addition, in the ordinary course of business, the Debtors maintained books and records (the "**Books and Records**") that reflect, among other things, the nature and amount of the liabilities owed to their creditors.

13.    On September 9, 2020 the Court entered the *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, and Approving the Form and Manner of Notice Thereof* [D.I. 1240] (the "**Bar Date Order**").  That same day, the Debtors filed the *Notice of Deadlines for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code Against Debtors* [D.I. 1243] (the "**Bar Date Notice**").  Among other things, the Bar Date Order required:

> Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit, whether or not such person or entity is or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors[)] . . . that holds, or seeks to assert, a claim against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent or unliquidated, . . . must properly file a Proof of Claim on or before the applicable Bar Date.

D.I. 1240 ¶ 7. The Bar Date Notice similarly apprised parties in interest of the requirement for "[a]ny person or entity that has or seeks to assert a claim against the Debtors" to file a proof of claim by the applicable bar date, "regardless of whether such person or entity is, or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors." D.I. 1243 at 4.

14.    The Bar Date Order and Bar Date Notice established, among other things, October 21, 2020 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim in the Chapter 11 Cases for persons or entities holding claims that arose or are deemed to have arisen before the Petition Date (the "**General Bar Date**").

15.    In accordance with the Bar Date Order, on September 16, 2020, Prime Clerk mailed the Bar Date Notice and proof of claim forms to, among others, all known holders of potential claims and their counsel (if known), including counsel to the False Police Report Claimants No. 1. *See* D.I. 1376 (affidavit of service). On September 17, 2020, Prime Clerk published the Publication Notice (as defined in the Bar Date Order) in *USA Today*, *The Wall Street Journal*, *The New York Times*, and *The Globe and Mail* (*see* D.I. 1396) as well as *The Philadelphia Inquirer*, *San Francisco Chronicle*, *Arizona Republic*, *Chicago Tribune*, *Los Angeles Times*, *The San Diego Union Tribune*, *Naples Daily News*, *El Diario De El Paso*, and *Journal De Montreal* (*see* D.I. 1572).

16.     On June 10, 2021 (the "**Confirmation Date**"), the Court entered the *Order (i) Confirming Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of The Hertz Corporation and its Debtor Affiliates and (ii) Granting Related Relief* [D.I. 5261] (the attached chapter 11 plan, together with the Plan Supplements (as defined therein), all schedules, and exhibits thereto, the "**Plan**").[5]  On June 30, 2021 (the "**Effective Date**"), the Plan became effective in accordance with its terms and the Debtors became the Reorganized Debtors.  *See* D.I. 5477.

17.     On August 18, 2021, the Court held a hearing at which it ordered the parties to confer regarding a staged process for litigating the Reorganized Debtors' objections to the False Police Report Claimants' claims.  *See* Aug. 18, 2021 Hr'g Tr. at 24:6-14.  In accordance with the Court's ruling, the Reorganized Debtors and the False Police Report Claimants conferred and the Court entered an order establishing a briefing schedule for the Reorganized Debtors' preliminary objections to the proofs of claim filed by the False Police Report Claimants.  *See* D.I. 5875 (the "**Scheduling Order**").

18.     Accordingly, the Reorganized Debtors file this Objection seeking the relief requested below with respect to certain of the claims filed by the False Police Report Claimants. Contemporaneously with this Objection, the Reorganized Debtors have filed a separate omnibus objection to the False Police Report Claimants' claims on other preliminary grounds.  Consistent with the Court's scheduling order, the Reorganized Debtors reserve all rights if the Court denies

---

[5] Capitalized terms used but not defined herein have the meanings given to them in the Plan.

these preliminary objections, including to object to the merits of the False Police Report Claimants'

claims or raise any other arguments or defenses.[6]

## II.    The False Police Report Claimants and the Disputed Claims

19.    The False Police Report Claimants are made up of 165 individuals identified in the

addenda to the proofs of claim.  *See, e.g.*, Claim #15246, addendum at 4–6.  The claimants[7] are

identified as part of one of three groups: (i) "False Police Report Claimants No. 1", which identifies

26 individuals; (ii) "False Police Report Claimants No. 2", which identifies 110 individuals; and

(iii) "False Police Report Claimants No. 3", which identifies 29 individuals.

20.    From mid-2019 through the day before the Petition Date, the individuals identified

as False Police Report Claimants No. 1 filed six separate actions against the Debtors and dozens

of their current and former officers, directors and employees in state courts in Delaware,

Pennsylvania, Florida, Virginia and Ohio.  There has been no activity in five of these cases beyond

the filing of the complaints, and the sixth was dismissed without prejudice.  Those complaints were

filed against only the following Debtors:  Hertz Global Holdings, Inc.; Hertz Local Edition Corp.;

Rental Car Intermediate Holdings, LLC; Thrifty Rent-A-Car System LLC; The Hertz Corporation;

Dollar Rent A Car, Inc.; and DTG Operations, Inc.[8]  Additionally, three members of the False

---

[6] The Scheduling Order provides that, if the Court denies the Reorganized Debtors' preliminary objections to the False Police Report Claimants' Claims, "the Reorganized Debtors and the False Police Report Claimants will work in good faith . . . to determine appropriate next steps."  Scheduling Order ¶ 3.

[7] For convenience, the Debtors refer to the individuals, if any, identified in the applicable addenda to the proofs of claim as the "claimants", even though those individuals' purported claims were improperly filed on behalf of a group of claimants rather than each individual claimant.

[8] The relevant cases are (i) *Ayoub, et al. v. Hertz Global Holdings, Inc., et al.*, No. N20C-05-189 VLM, currently pending in the Superior Court, State of Delaware; (ii) *Vangelis, et al. v. Hertz Global Holdings, Inc., et al.*, No. 200501362, currently pending in the Philadelphia Court of Common Pleas, Commonwealth of Pennsylvania; (iii) *Williams v. The Hertz Corporation*, No. 19-CA-012657 (Tampa), currently pending in the Circuit Court of the 13th Judicial Circuit, Hillsborough County, State of Florida; (iv) *Cullen-Smits v. The Hertz Corporation*, No. CL19000548-00, currently pending in Fauquier County Circuit Court, Commonwealth of Virginia; (v) *Smits v. The Hertz Corporation*, No. CL19000547-00, currently pending

Police Report Claimants No. 2 filed a complaint against two of the Debtors, The Hertz Corporation and Dollar Rent A Car, Inc., in Nevada in 2019.[9]  The remaining 107 members of the False Police Report Claimants No. 2 and all 29 members of the False Police Report Claimants No. 3 have not filed prepetition litigation against any of the Debtors.  *Id.*

21.    On October 20–21, 2021, the False Police Report Claimants filed a total of 91 claims against the Debtors.[10]  Rather than file individualized claims on behalf of each claimant, as the Bar Date Order required, the False Police Report Claimants filed pooled claims on behalf of three groups:  (i) the False Police Report Claimants No. 1, (ii) a group of 115 additional claimants called the "False Police Report Claimants No. 2", and (iii) a purported unknown class of claimants alleging "false arrest" claims.  The False Police Report Claimants did not file a motion seeking the Court's permission to file the purported class proofs of claim.

22.    On June 10, 2021 (*i.e.*, the Confirmation Date), the False Police Report Claimants filed 28 proofs of claim that purported to amend earlier filed claims against the Debtors.

23.    The False Police Report Claimants assert that they "have been damaged by the Debtors' actions in, among other things, falsely reporting said individual customers for car theft, prosecuting them, and many of which have been sentenced to jail on felony charges, causing them to lose their jobs, giving them criminal records, causing them to lose their homes, and separating them from their family and loved ones."  *See, e.g.*, Claim #15260, addendum at 1.  The False Police Report Claimants' proofs of claim do not specify any of the factual circumstances giving rise to

---

in Fauquier County Circuit Court, Commonwealth of Virginia; and (vi) *Essick v. The Hertz Corporation, et al.*, No. 2019-cv-03424, dismissed without prejudice by the Montgomery County Court of Common Pleas, State of Ohio.

[9] *See Williams, et al. v. Dollar Rent a Car, Inc., et al.*, Case No. A-19-803924-C (D. Ct. Clark Cty., Nevada 2019).

[10] On April 29, 2021, the Court entered an order approving a stipulation between the Debtors and the False Police Report Claimants to withdraw the False Police Report Claimants' claims against some of the Debtors.  *See* D.I. 4322.

that allegation as to each claimant. *See, e.g., id.* The False Police Report Claimants also assert a non-exhaustive list of 18 causes of action. *See, e.g., id.* at 1–2 ("The claims . . . include, but are not limited to, causes of action for: malicious prosecution, abuse of process, false arrest, false imprisonment, fraud, fraud in the inducement, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent misrepresentation, defamation, invasion of privacy false light, breach of contract, breach of implied contractual warranties, false advertising, spoliation, civil conspiracy, and civil RICO."). Again, the False Police Report Claimants' proofs of claim do not tie these causes of action to any individual claimant or to any individual claimant's unique set of facts. *See generally id.*

24. The Non-Compliant Claims comprise all of the False Police Report Claimants' proofs of claim that they have not withdrawn, other than the Class Proofs of Claim. The False Police Report Claimants did not file proofs of claim on behalf of each individual claimant. Instead, the Non-Compliant Claims were filed on behalf of each of the three False Police Report Claimant "groups". *See, e.g.*, Claim #15260 (False Police Report Claimants No. 1); Claim #15246 (False Police Report Claimants No. 2); Claim #15245 (False Police Report Claimants No. 3).

25. The Unsubstantiated Claims are those proofs of claim filed by (i) the False Police Report Claimants No. 1 against those Debtors that the applicable pre-petition complaints do not name as defendants, (ii) the False Police Report Claimants No. 2 against all Debtors, and (iii) the False Police Report Claimants No. 3 against all Debtors. In short, these are the proofs of claim filed against a Debtor for which the individuals identified in these groups have not filed a prepetition complaint.[11] In addition to providing no facts or documentation to support these

---

[11] As noted above, three members of "False Police Report Claimants No. 2" filed prepetition complaints against Debtors The Hertz Corporation and Dollar Rent A Car, Inc. *See* ¶ [20], *supra*. The Reorganized Debtors object to the proofs of claim filed against these Debtors by "False Police Report Claimants No. 2"

claims, the False Police Report Claimants filed many of these claims against non-operating Debtors, against which there is no plausible liability for their claims. Where there is no prepetition complaint, the Debtors are unaware of any knowledge or information regarding the claims asserted against them outside the proofs of claim. Martin Decl. ¶ 5.[12]

26.     The Class Proofs of Claim are the 16 putative class proofs of claim that have not been withdrawn or amended. The Class Proofs of Claim assert they are filed "on behalf of a class of unknown individuals" and include the same general statements as the False Police Report Claimants' other claims. *See, e.g.*, Claim #11023. The Class Proofs of Claim name no putative lead plaintiff. *See, e.g.*, *id.* No motion seeking class certification has been filed with this Court (or, as far as the Reorganized Debtors are aware, any other court) with respect to the claims asserted in the Class Proofs of Claim. Martin Decl. ¶ 5. Moreover, no motion has been filed with this Court seeking permission to file the Class Proofs of Claim.

27.     In June 2021, counsel for the False Police Report Claimants filed proofs of claim purporting to amend some of the Class Proofs of Claim. Those amended proofs of claim were filed on behalf of the 29 individuals in the "False Police Report Claimants No. 3" group rather than on behalf of the unknown "class", as originally asserted. At the August 18, 2021 hearing, counsel for the False Police Report Claimants requested relief only as to the existing False Police Report Claimants that had filed proofs of claim. *See* Aug. 18, 2021 Transcript at 27:19–28:5. Accordingly, the Reorganized Debtors file this Objection to the Class Proofs of Claim to the extent they are not amended and superseded, are not withdrawn, or otherwise are still extant.

---

given that the other 107 individuals identified in the proofs of claim have no action pending against these Debtors.

[12] As noted above, one member of the False Police Report Claimants No. 2, Michelle Jones, was identified to the Debtors prepetition by her counsel.

# ARGUMENT

28.     The standard for filing a proof of claim is well established.  Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Section 502(b)(1) provides that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

29.     The Third Circuit established a three-pronged standard of review for proofs of claims in *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).  Only the first prong is relevant here.  That requires that the claimant "allege facts sufficient to support the claim."  *Id.* at 173 ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward."); *see also, e.g.*, *In re Nortel Networks, Inc.*, 469 B.R. 478, 497 (Bankr. D. Del. 2012).  The burden of persuasion with respect to the claim is always on the claimant.  *In re Allegheny Int'l, Inc.*, 954 F.2d at 174.

30.     Bankruptcy Rule 3007(d)(6) includes as one of the grounds for an omnibus objection that the claims "were presented in a form that does not comply with applicable rules, and . . . the objector is unable to determine the validity of the claim because of the noncompliance."  Fed. R. Bankr. P. 3007(d)(6).  That is the case with the False Police Report Claimants' claims.  By filing (i) improper group claims that (ii) fail to state any facts or attach any documentation supporting any individual claim, the False Police Report Claimants fail to give the Debtors proper notice of the claims against them.  The False Police Report Claimants cannot meet their burden of demonstrating that they have complied with the Bankruptcy Code, the Bankruptcy Rules, the Bar Date Order, and the law of this Circuit.  Their claims must be dismissed.

I.    **The Non-Compliant Claims Should Be Disallowed Because They Violate the Bankruptcy Code, Bankruptcy Rules and the Bar Date Order**

31.    The Bankruptcy Code and Rules establish who may file a proof of claim. Section 501 of the Bankruptcy Code states, "*[a] creditor* or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a) (emphasis added). Similarly, Bankruptcy Rule 3001 states a proof of claim is "a written statement setting forth *a creditor's claim*." Fed. R. Bankr. P. 3001(a) (emphasis added). The official instructions to the proof of claim form state that a creditor is "*[a] person*, corporation, or other entity to whom a debtor owes a debt". Official Form 410, Instructions for Proof of Claim at 2 (available at https://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0) (emphasis added). In keeping with these principles, the Bar Date Order provided that "*any creditor* or equity security holder who asserts a claim against the Debtors . . . must file a Proof of Claim on or before" the General Bar Date. Bar Date Order ¶ 3 (emphasis added).

32.    The Bankruptcy Code's list comprising who is a "creditor" does not include "group of persons" or "representative of a group". *See* 11 U.S.C. § 101(10); *In re North Bay General Hosp., Inc.*, 404 B.R. 443, 459 (Bankr. S.D. Tex. 2009). Indeed, "[t]he requirement that each creditor must file a proof of claim should be strictly enforced." *In re North Bay General Hosp., Inc.*, 404 B.R. at 462. "[T]he process of requiring individual proofs of claim can and does work, and avoids the substantial difficulties of ascertaining standing and scope of authority." *In re Cont'l Airlines Corp.*, 64 B.R. 874, 880 (Bankr. S.D. Tex. 1986). This is so because a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Indeed, the Bar Date Order required every "person or entity" to file a proof of claim by the General Bar Date regardless of whether they were part of a pending or potential representative action. *See* Bar Date Order ¶ 7.

33.     This requirement that each creditor must file its own proof of claim in a bankruptcy

case mirrors the requirement in normal civil litigation that each plaintiff's claim is properly stated

in a separate count.  *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in

numbered paragraphs, each limited as far as practicable to a single set of circumstances"); *Bautista*

*v. Los Angeles Cty.*, 216 F.3d 837, 840–41 (9th Cir. 2000) (affirming dismissal of complaint that

alleged harm on behalf of multiple plaintiffs without identifying facts applicable to each).  Even

in ordinary civil litigation, "[c]omplaints that are brought for the benefit of a number of parties are

deficient where they fail to identify which parties are harmed and the extent of such harm."  *In re*

*Extended Stay, Inc.*, 2020 WL 10762310, at *33 (Bankr. S.D.N.Y. Aug. 8, 2020).  "That is so

because 'there may be defenses available to the defendants which are applicable to one or more

plaintiffs but not to the others.'"  *Id.* (citation omitted); *see also Bank of Am., N.A. v. Knight*, 725

F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. . . . A complaint based on a theory of

collective liability must be dismissed.").

34.     Each of the Non-Compliant Claims was filed on behalf of a group of multiple

individuals: False Police Report Claimants No. 1 (26 individuals); False Police Report Claimants

No. 2 (110 individuals); and False Police Report Claimants No. 3 (29 individuals).  In other words,

the False Police Report Claimants filed only three proofs of claim against each Debtor, even though

there are 165 individuals who purport to assert claims.  The "groups" of False Police Report

Claimants do not fit within the Code's or Rules' enumerated lists of who can file a claim.  There

can be no dispute that groups of 26 to 110 claimants are not themselves a "person" or an

"individual".  *See* 11 U.S.C. § 101(15), (41).  Nor are the False Police Report Claimants a union

or an unincorporated association that is entitled to assert generalized rights on behalf of its

members as an "entity".  *See In re Altair Airlines, Inc.*, 727 F.2d 88, 89–90 (3d Cir. 1984) (holding

union could serve on creditors' committee as an "unincorporated association" within the Bankruptcy Code's definition of "entity").

35.     At any rate, the groups here (which are not "entities" under the Bankruptcy Code) would not have standing to pursue the claims on behalf of their "members" because the asserted claims are for individual damages.  *See, e.g.*, *Warth*, 422 U.S. at 515 ("Moreover, in the circumstances of this case, the damages claim are not common to the entire membership [of the group], nor shared by all in equal degree.  To the contrary, whatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof."); *In re Cont'l Airlines Corp.*, 64 B.R. at 880 (noting, "associational standing is not available when the alleged injuries require 'individualized proof'" and each individual's claim "depends upon many factors which differ enormously between individual claimants").

36.     Furthermore, none of the three groups identifying specific individuals asserted that these claims are class proofs of claim, and they did not move the Court for permission to file them as such.  *See* ¶¶ 54–56, *infra*.  To the contrary, Claimants' counsel filed separate, purported class proofs of claim, which did not include the 165 False Police Report Claimants.  Moreover, while claimants' counsel filed a 2019 statement to appear on behalf of False Police Report Claimants No. 1, counsel has not filed any Rule 2019 statement to appear before the Court for the "False Police Report Claimants", "False Police Report Claimants No. 2", or "False Police Report Claimants No. 3".  *See In re North Bay General Hosp., Inc.*, 404 B.R. at 458 (sustaining objection to claim in part because of belated Rule 2019 disclosures).  These choices suggest that each individual False Police Report Claimant purports to assert his or her own claim, rather than through a class, group, or other representative.  Yet the proofs of claim fail to meet the requirements for such claims.

37.     Accordingly, the Non-Compliant Claims' grouping of the 165 False Police Report Claimants together in three groups fails to provide the Reorganized Debtors with proper notice of the claims against them.  The claims seek individual relief for each of the individuals identified, based on (unalleged) facts specific to each of them.  But the claims fail to separately identify with any specificity, among other things, (i) which individuals were harmed by which Debtor, (ii) the nature of the harm to each individual, (iii) basic facts regarding the alleged circumstances of each alleged harm; and (iv) the extent of any such harm to each individual.  *See In re Extended Stay, LLC*, 2020 WL 10762310, at *33.  The Non-Compliant Claims therefore must be disallowed for their failure to comply with the basic requirements under the Bankruptcy Code, Bankruptcy Rules, and Bar Date Order.

## II.     The Unsubstantiated Claims Fail to State Claims under Third Circuit Law

38.     The Bankruptcy Code's claims process requires a claimant to state in their proof of claim facts sufficient to support the asserted claim.  Here, the Unsubstantiated Claims' facts, if any, provide no support for the alleged 18 causes of action and more than $2 billion of damages asserted against the Debtors.  Moreover, the Unsubstantiated Claims include claims filed against numerous Debtors for which there could be no liability for filing false police reports related to rental vehicles, because those Debtors rent no vehicles.  The Unsubstantiated Claims fail to state an enforceable legal obligation against the applicable Debtors and as such they should be disallowed under section 502(b)(1).

### A.  The Unsubstantiated Claims Fail to Allege Facts Supporting the Claims

39.     Courts generally analogize a proof of claim to a complaint.  *See, e.g.*, *In re Nortel Networks, Inc.*, 469 B.R. at 497; *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009).  The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Initially, the claimant must

allege facts sufficient to support the claim." *In re Allegheny Int'l, Inc.*, 954 F.2d at 173; *see also Mallinckrodt* at 143:6–7 ("The proofs of claim as filed failed to assert facts sufficient to support claims against the debtors.").   "In determining whether a proof of claim contains sufficient allegations, a reviewing court will assume the allegations are true and ask whether the facts establish the necessary elements of a claim." *In re F-Squared Inv. Mgmt., LLC*, 546 B.R. 538, 543–44 (Bankr. D. Del. 2016); *see also In re Tribune Co.*, 2013 WL 1909617, at *3 (Bankr. D. Del. May 2, 2013) ("Although Ms. Dombeck states that the Debtors owe her $50,000, she has not stated a sufficient basis for this assertion. . . . [E]ven when viewed in a light most generous to Ms. Dombeck, she has not articulated a discernable basis for a claim against the Debtors."); *In re G-I Holdings, Inc.*, 443 B.R. 645, 664 (Bankr. D.N.J. 2010) (stating if the claimant "has pleaded facts that, if assumed to be true, would constitute a claim, then the motion to disallow the claim will be denied and issues of act will be resolved by this Court after an evidentiary hearing has been held").

40.    "A proof of claim must therefore be 'sufficiently specific' to give 'notice' of the claim." *In re marchFirst, Inc.*, 431 B.R. 436, 443 (Bankr. N.D. Ill. 2010) (citation omitted); *see also Mallinckrodt* at 143:11–19 (holding vague references and reservations of rights in proofs of claim "are not sufficient to put the debtor, the Court, or the parties in interest on notice of a claim").

41.    This Court recently had occasion to consider an analogous situation in *Mallinckrodt*.  In that case, litigation plaintiffs filed proofs of claim against each of the 64 debtors in the chapter 11 cases, notwithstanding that their prepetition complaints named only two debtors as defendants and the proofs of claim against the other debtors referred only to those complaints with generic allegations about alleged corporate co-conspirators.  After the debtors objected to the proofs of claim for failing to state a claim against the other 62 debtors, the court held: "The proofs of claim as filed failed to assert facts sufficient to support claims against the debtors.  Therefore,

those proofs of claim do not meet the sufficiency requirements under the Third Circuit's decision in [*Allegheny*]." *Mallinckrodt* at 141:20–142:12, 143:6–10.

42.     The same is true here.  The Unsubstantiated Claims were filed on behalf of individuals with no complaints on file against the applicable Debtors, and the proofs of claim themselves do not assert facts that, if true, establish the applicable Debtors' liability.  The facts in the claims, if any, are limited and pled in the aggregate.  Indeed, some of the Unsubstantiated Claims only contain the general allegation that the identified individuals "have been damaged by Debtors' actions in, among other things, falsely reporting said individual customers for car theft, prosecuting them, and many of which have been sentenced to jail on felony charges".  *See, e.g.*, Claim #10777, addendum at 1.

43.     Moreover, the purported "amended claims" that were filed in June 2021 include a summary chart for all of the False Police Report Claimants that now assert claims.  The chart contains the following alleged facts, and no others: (i) each individual's name; (ii) whether the individual was arrested; (iii) whether the individual was jailed and, if so, the number of days; (iv) whether the individual was prosecuted and, if so, the number of days; and (v) the asserted amount of damages.  *See, e.g.*, Claim #15246, addendum at 4–6 (titled the "False Police Report Plaintiffs' Damages Matrix").[13]  Many of the individuals identified simply have "TBD" next to their name and one appears to be a "John Doe".  *Id.*  In any event, these few facts, even if true, fail to establish the necessary elements of the legal claims asserted.  *See In re F-Squared Inv. Mgmt.,*

---

[13] The chart also contains a column titled "Pre or Post" (meaning whether the applicable claim arose pre- or post-petition), but it does not state whether this label refers to the timing of the alleged police report, the arrest/detainment (where applicable), the incarceration (where applicable), the prosecution (where applicable), or the other injuries asserted.  Nor does the chart state when the applicable events occurred, which is necessary to determine, among other things, whether any claim is barred by a statute of limitations or comports with the Debtors' books and records.

*LLC*, 546 B.R. at 543–44 (court "assume[s] the allegations are true and ask[s] whether the facts establish the necessary elements of a claim").

44.    For example, take malicious prosecution—one of the 18 causes of action the False Police Report Claimants assert.  Under Delaware law,[14] a plaintiff alleging malicious prosecution must show:

> (1) prior institution or continuation of some regular judicial proceedings against plaintiff in this action; (2) such former proceedings must have been by, or at the instance of the defendant in this action; (3) the former proceedings must have terminated in favor of the plaintiff herein; (4) there must have been malice in instituting the former proceedings; (5) there must have been a lack of probable cause for the institution of the former proceedings; (6) there must have been injury or damage to plaintiff from the former proceedings.

*McCoy v. Favata*, 2019 WL 1429570, at *13 (D. Del. Mar. 29, 2019).  The "lack of probable cause is a *sine qua non* of malicious prosecution," which the plaintiff has the burden to show.  *Trabal v. Wells Fargo Armored Service Corp.*, 269 F.3d 243, 249 (3d Cir. 2001).  Here, the most that can be inferred from the information in the Unsubstantiated Claims, assuming any alleged facts (as opposed to legal conclusions) are true, is that some[15] of the False Police Report Claimants were the subject of judicial proceedings and they were injured by those proceedings.  But the claims fail to state (i) who initiated those proceedings or where, (ii) that they were terminated in favor of the claimant, (iii) that there was malice, and (iv) that there was a lack of probable cause.  The Unsubstantiated Claims therefore fail to state a basis for their primary cause of action.

---

[14] The Unsubstantiated Claims also fail to allege where any of the relevant events took place.  This section cites Delaware law for illustrative purposes only.

[15] According to the addenda filed in June 2021, numerous False Police Report Claimants were neither arrested nor prosecuted.  *See, e.g.*, Claim #15252, addendum at 4–6.  On their face, therefore, those claims fail to support a cause for false arrest or malicious prosecution.

45.     To take another example, a common law fraud claim requires the plaintiff to demonstrate each of the following elements: "(1) the defendant falsely represented or omitted facts that the defendant had a duty to disclose; (2) the defendant knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) the defendant intended to induce the plaintiff to act or refrain from acting; (4) the plaintiff acted in justifiable reliance on the representation; and (5) the plaintiff was injured by its reliance." *Miller v. Greenwich Capital Fin. Prods., Inc. (In re Am. Bus. Fin. Servs., Inc.)*, 361 B.R. 747, 755 (Bankr. D. Del. 2007) (quoting *Abry Partners V, L.P. v. F&W Acquisition LLC*, 891 A.2d 1032, 1050 (Del. Ch. 2006)).  The Unsubstantiated Claims do not state what representation was made and to whom, how the applicable Debtor induced the claimant to act, and that the claimant (as opposed to a third party) acted in justifiable reliance on that representation.  These basic pleading deficiencies are fatal.  *See Orbis Opportunity Fund, LP v. Boyer*, 2020 WL 3060368, at *2 (D. Del. June 9, 2020) ("Plaintiffs have failed to allege 'who', 'where', and 'how' this allegation enticed them into entering the deal.").

46.     Moreover, group pleading, such as the claimants engage in here, is also fatal to a fraud claim.  *See Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 655 (S.D. Tex. 2007) (dismissing under Rule 9(b) because "Plaintiffs have failed to identify anywhere in their [Complaint] any misrepresentations," and "merely include vague allegations of 'representations' made by 'Defendants' without specificity or explanation."); *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986) (holding that "general allegations, which do not state with particularity what representations each defendant made" fail to plead fraud claims); *In re Juliet Homes, LP*, 2010 Bankr. LEXIS 4826, at *65 (Bankr. S.D. Tex. Dec. 16, 2010) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007)) ("Rule 9(b) does not allow a complaint to

merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant[.]").

47.     As a final example, consider civil RICO. "To successfully allege a violation under these subsections [18 U.S.C. § 1962], plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity' as well as an injury resulting from the conduct constituting a violation." *Parker v. Learn the Skills Corp.*, 530 F. Supp. 2d 661, 678 (D. Del. 2008) (citation omitted). The Unsubstantiated Claims fail to allege the existence of a RICO enterprise, because merely intoning words like "conspiracy" is insufficient to plead a RICO claim. *See Knit With v. Knitting Fever, Inc.*, 625 F. App'x 27, 36 (3d Cir. 2015) ("It is not enough for a complaint to simply make 'conclusory allegations of concerted action but [be] devoid of facts actually reflecting joint action.'" (alteration in original) (citation omitted)).

48.     Regardless of whether the Court considers these three causes of action or the other 15 potential ones, the Unsubstantiated Claims fail to allege facts that, even assuming they are true, would state proper claims under applicable law, as due process requires.

**B.  The Unsubstantiated Claims Disregard Which Debtors Could Be Liable**

49.     In addition to the lack of facts supporting the specific causes of action, many of the Unsubstantiated Claims are filed against Debtors that have no consumer rental operations or no operations at all. Because the Unsubstantiated Claims' addenda are all the same and simply refer to the "Debtors," they are silent as to why those particular Debtors could be liable for claims based on alleged false police reports related to rental cars. These claims amount to improper group pleading and should be disallowed.

50.     Filing a proof of claim against a debtor in a jointly administered chapter 11 case requires identifying the particular debtor a claimant asserts is liable. "A proof of claim must clearly make a demand against the *debtor*. Thus, it is essential that the creditor clearly identify the debtor

as the party who is obligated to satisfy the proof of claim." *In re Innovative Commc'n Corp.*, 2010 WL 1728536, at *4 (Bankr. D.V.I. Apr. 27, 2010) (emphasis in original) (citation omitted). "Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful." *Knight*, 725 F.3d at 818 ("A complaint based on a theory of collective liability must be dismissed."); *Beskrone v. OpenGate Capital Group, LLC (In re PennySaver USA Publishing, LLC)*, 602 B.R. 256, 268 (Bankr. D. Del. 2019) (dismissing complaint that failed to specify which defendant received improper transfers); *Stanziale v. Heico Holdings, Inc. (In re Conex Holdings, LLC)*, 514 B.R. 405, 414 (Bankr. D. Del. 2014) (dismissing complaint that failed to allege which defendants participated in transactions).

51.     Lumping together multiple defendants and their conduct fails the minimum pleading standard. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal of complaint: "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy this minimum standard"); *see also Street v. Harrow (In re Fruehauf Trailer Corp.)*, 2011 WL 2838168, at *4–5 (Bankr. D. Del. July 15, 2011) ("By 'group-pleading,' Street's Proposed Amended Complaint fails to provide the individual Defendants proper notice of the allegations made against them."); *Integrated Micro-Chip Elecs. Mexico v. Lantek Corp.*, 2019 WL 4668036, at *2 (D.N.J. Sept. 24, 2019) ("Plaintiff entered into a contract with Atlantis-Canada. Yet, throughout the Amended Complaint, Plaintiff treats Atlantis-Canada and Atlantis-US as a single, unitary entity, and fails to identify precisely what acts each individual defendant undertook to breach the contract or that justify liability for Plaintiff's other claims.").

52.    Once again, the *Mallinckrodt* court recently had occasion to rule on this issue, as a group of creditors filed proofs of claim against all 64 debtors, even though their prepetition complaints named only two debtors as defendants.  The court held as follows:

> It's plain to me based upon a review of the proofs of claim at issue and the objections, as well as the parties' pleadings and the arguments presented today, that those claims were filed with a complete disregard for whether or not any claims actually existed against those debtor entities and in some instances with actual knowledge that either no claim existed or likely existed at all.  The strategy was obviously: file proofs of claim against as many debtors as possible in a corporate structure, assert that the proofs of claim constitute prima facie evidence of the validity of the claims, force the debtors to object due to the destruction caused to the debtors' plan of reorganization process, thereby gaining leverage against the debtors, then seek discovery on the claims in the hope of finding facts to support them.  Those actions constitute bad faith and an abuse of the claims process established by the bankruptcy code and the bankruptcy rules.  Therefore, I will sustain the objections to the claims and they will all be dismissed.

*Mallinckrodt* at 141:20–142:12.

53.    Here, similar to *Mallinckrodt*, the False Police Report Claimants filed their claims "with a complete disregard for whether or not any claims actually existed against those debtor entities."  *Mallinckrodt* at 141:23–24.  Although in April 2021 they agreed to withdraw claims against some Debtors (*see* D.I. 4322), many others remain on the Claims Register against Debtors (i) that are not defendants in prepetition litigation brought by the applicable individuals, (ii) that could have no liability related to a consumer rental, and (iii) for which the Unsubstantiated Claims offer no basis for asserting such liability.  *See* Martin Decl. ¶ 5.  Indeed, even the False Police Report Claimants No. 1, which comprises 26 individuals who filed complaints prior to the Petition Date, filed claims against Debtors that are not named in their prepetition complaints and which they have not withdrawn.  *See, e.g.*, Claim #10987 (Hertz Technologies, Inc.); Claim #10994 (Hertz System, Inc.).

54.     Instead, the claims make only generalized allegation that the claimants "have been damaged by Debtors' actions". *See, e.g.*, Claim #15252.   In other words, despite having filed proofs of claim against different Debtors, the claims treat the 30 Debtors as one.   But the Debtors are not substantively consolidated.   *See* Plan, art. IV.A ("The Plan is not premised upon the substantive consolidation of the Debtors").   This impermissible group pleading fails to satisfy the claimants' obligation to allege facts regarding the specific Debtor against which the claim is filed, as due process requires.   *See, e.g.*, *In re Innovative Commc'n Corp.*, 2010 WL 1728536, at *4. Moreover, such behavior constitutes an abuse of the claims process.   *See Mallinckrodt* at 142:1-12.

55.     The deficiencies in the False Police Report Claimants' claims are not mere technical flaws.   They are fundamental failures to allege facts necessary to state a plausible basis for a claim, or for the applicable Debtor's liability.   Indeed, the False Police Report Claimants filed claims without regard to whether the applicable debtor is an operating entity that even could have liability on the claim.   This failure occurs across all 50 Unsubstantiated Claims that the False Police Report Claimants filed (which are all carbon copies of each other), and occurred not once, but twice, given the purported amendments that fixed none of these blatant defects.   In light of the above, the Unsubstantiated Claims must be disallowed.

### III.     The Purported Class Proofs of Claim Must Be Disallowed

56.     To the extent the False Police Report Claimants[16] are still prosecuting the purported Class Proofs of Claim, they failed to request leave from the Court to file the Class Proofs of Claim before doing so, and the claims must be disallowed on that basis.[17]

---

[16] The Class Proofs of Claim were filed on behalf of an unknown class with no named putative class representative.   Nevertheless, this section uses "claimants" to refer to the purported claimants under the Class Proofs of Claim solely for ease of discussion.

[17] "The question of whether class proofs of claim are permitted under the bankruptcy code is an open one in this circuit."   June 29, 2021 Transcript at 19:3–5, *In re Mallinckrodt plc*, Case No. 20-12522 (JTD)

57.     Before filing a class claim, the proponent must "(1) make a motion to extend the application of [Fed. R. Civ. P.] 23 to some contested matter, (2) satisfy the requirements of Rule 23, and (3) show that the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy." *In re Musicland Holding Corp.*, 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007); *see also In re Computer Learning Centers, Inc.*, 344 B.R. 79, 86 (Bankr. E.D. Va. 2006) ("The applicability of Rule 7023 is raised by motion."). "[T]he proper procedure would be for claimants to first seek permission to file class proofs of claim before filing those claims." *Mallinckrodt Class Claim Decision* at 20:17–19.   Failure to make such a motion results in disallowance of a class proof of claim. *See In re Thomson McKinnon Sec. Inc.*, 133 B.R. 39, 39 (Bankr. S.D.N.Y. 1991), *aff'd*, 141 B.R. 31 (S.D.N.Y. 1992) (disallowing class proof of claim where named plaintiff "disregarded compliance" with the bankruptcy procedures by failing to file a motion requesting that the court apply Rule 7023 before filing a proof of claim as a class representative); *see also In re Computer Learning Centers, Inc.*, 344 B.R. at 89 (noting failure to file a Rule 7023 motion is "an obvious defect that will otherwise certainly result in disallowance of the claim"); *In re FIRSTPLUS Fin., Inc.*, 248 B.R. 60, 72 (Bankr. N.D. Tex. 2000) (disallowing class proof of claim where "Plaintiffs have not met their burden of filing a motion under Rule 9014 to make Rule 7023 applicable in matters involving contested proofs of claim").

---

(Bankr. D. Del. June 30, 2021) (D.I. 3074) ("***Mallinckrodt Class Claim Decision***").   Indeed, the Third Circuit recently asked for supplemental briefing on this point; however, the appeal was dismissed by agreement of the parties before the court decided the question. *See* Clerk's Letter, *In re Chaparral Energy, Inc.*, Case No. 19-3491 (3d Cir. June 23, 2020) (D.I. 48) ("The panel requests additional briefing on the threshold issue of whether the U.S. Bankruptcy Code (Title XI) and the Federal Rules of Bankruptcy Procedure permit class proofs of claims." (citing cases)).   In light of this Court's precedent, the Reorganized Debtors stand on their prior arguments on this issue (*see* D.I. 3158 (objection to Moretti class claim motion) at 17–28), so this Objection focuses on the proponent's requirement to seek the Court's leave to file a class proof of claim.

58.     It has been over a year since the Bar Date Order, and the claimants have not filed a

motion seeking leave to file the Class Proofs of Claim.  The proponent of a class proof of claim

bears the burden to establish its propriety, not the debtor to object to it.  *See Mallinckrodt Class*

*Claim Decision* at 20:10–12 ("As many courts have concluded, the burden of establishing class

certification is on the party seeking to assert class claims."); *see also In re Computer Learning*

*Centers, Inc.*, 344 B.R. at 85 ("The burden is on the claimant to obtain application of Rule 7023

and also to satisfy the requirements of Rule 23 itself."); *In re Craft*, 321 B.R. 189, 199 (Bankr.

N.D. Tex. 2005) ("[I]t is the view of this court that it is the burden of the class representative to

raise the issue of class certification.").  The False Police Report Claimants have failed to meet this

burden.

## IV.     Disallowance Should Be with Prejudice

59.     Given their failure to file proper claims not once but twice, the False Police Report

Claimants should not be permitted to amend their claims a second time.

60.     "The bar date is important to the administration of the case as it brings certainty to

a debtor's case by enabling the debtor and its creditors to know the amount of claims which exist."

*In re Nortel Networks, Inc.*, 573 B.R. 522, 527 (Bankr. D. Del. 2017).  A fundamental component

of our legal system is the requirement that an aggrieved party must initially present evidence that

it was harmed and how; bankruptcy claims are no different.  *See In re DePugh*, 409 B.R. 84, 98

(Bankr. S.D. Tex. 2009) ("This Court does not believe that the Supreme Court contemplated that

creditors could ignore Bankruptcy Rule 3001's requirements unless and until a debtor complains

and then cry 'no harm, no foul' by producing documents that should have been produced initially.

This latter scenario subverts the fundamental process by which the American legal system is

based—that a claimant must come forward with at least some evidence that its claims are valid

before collecting on their claims." (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15, 21 (2000))).

61.    Here, the False Police Report Claimants flouted the basic requirements of filing proofs of claim:

- They filed proofs of claim on behalf of groups of dozens of individuals rather than each claimant.

- They filed proofs of claim against every Debtor when only a few were the subject of prepetition litigation and could even be liable for claims arising from renting cars to consumers.

- They allege the "Debtors" collectively harmed the claimants, without alleging what actions specific Debtors took against specific claimants.

- They offered no facts or documentation in support of 18 purported causes of action.

- They filed purported amendments eight months after the General Bar Date (the same day as the confirmation hearing) identifying, for the first time, 29 additional claimants.

- Those purported amendments allege, for the first time, minimal information about the claimants that still fails to provide basic, essential information regarding their claims.

- The sparse information alleged in the purported amendments disproves the primary causes of action for many claimants.

- The amended proofs of claim failed to fix any of the fatal defects discussed above.

The False Police Report Claimants have not complied with the Bankruptcy Code, the Bankruptcy Rules and the Bar Date Order in either their original claims or their amended claims.  A third attempt should not be allowed now, months after the Effective Date and one year after the General Bar Date.  *See In re Fruehauf Trailer Corp.*, 2011 WL 2838168, at *5 (denying motion to amend because the amendment group pled and failed to state a claim); *see also McCoy*, 2019 WL 1429570, at *14 (granting first amendment but noting: "Such vague, group-pled, puzzle pleading is inappropriate and does not provide Defendants the required fair notice of the claims and the grounds upon which they rest.  To the extent Plaintiff repeats this inappropriate pleading style in any proposed amended complaint, the Court will dismiss those claims with prejudice.").  To do so "would reward [claimants'] failure to comply with Bankruptcy Rule 3001 by allowing [them] to make an end run around the bar date."  *See In re North Bay General Hosp., Inc.*, 404 B.R. at 456.

62.    Additionally, any "amendment" at this stage would assert a new claim, as there are

no facts in the filed claims that a new claim could relate back to.  *See Mallinckrodt* at 145:2

("[B]ecause I find that the proofs of claim as filed fail to state any claim whatsoever against the

debtor entities, motion to leave would actually be akin to a motion to file a late claim."); *see also*

*In re Exide Techs.*, 601 B.R. at 294  (holding purported amendment was new claim; "It is not

enough to link the District's new claims generally to 'Exide's unlawful release of two toxins.'");

*Glover*, 698 F.3d at 146 (holding Rule 15 cannot be invoked "where the original pleading does not

give a defendant 'fair notice of what the plaintiff's amended claim is and the grounds upon which

it rests'" (citation omitted)).  That would require a motion to file a late claim, which courts analyze

under the excusable neglect standard.  *Mallinckrodt* at 146:2–3 ("So what's the standard under

*Pioneer* for allowing a late-filed claim?  You have to show excusable neglect.").  In *Mallinckrodt*,

the court found that allowing new claims would not meet the standard because, among other things,

the claimants had not corrected the claims in the six months since the bar date passed.  *Id.* at

146:22–147:9.   That reasoning holds even more strongly here, where the General Bar Date passed

a year ago, and the False Police Report Claimants already failed to correct their errors.

## V.    Waiver of Local Rule 3007-1(f)(iii)

63.    The Reorganized Debtors request that the Court waive the requirement of Local

Rule 3007-1(f)(iii), to the extent that provision applies to this Objection.  The Local Rules require

each omnibus claims objection to be "filed as either substantive or non-substantive, but not both,"

and the title of the objection must clearly state the same.  Del. Bankr. L.R. 3007-1(e)(i)(A), (B).

Local Rule 3007-1(d) states an exhaustive list of "non-substantive" objections.  *See* Del. Bankr.

L.R. 3007-1(d) (listing eight grounds, including duplicate claims, wrong debtor claims, and late

filed claims).  If an omnibus objection is filed as "substantive", other than to misclassified claims,

then Local Rule 3007-1(f)(iii) requires the omnibus objection to include all "substantive"

objections to the claim.  Del. Bankr. L.R. 3007-1(f)(iii).  Local Rule 1001-1(c) gives the Court discretion to modify the application of the Local Rules.  Del. Bankr. L.R. 1001-1(c).

64.    Here, the Reorganized Debtors file this Objection consistent with the Court's August 18 ruling and the Scheduling Order, as the objections discussed herein are threshold bankruptcy issues related to allowance of the False Police Report Claimants' claims.  *See* Aug. 18, 2021 Transcript at 24:6–9 ("I think the reorganized debtors' suggestion of doing this in tiers is appropriate.  There are many preliminary issues relevant to allowance of those claims that should be addressed"); Scheduling Order ¶ 2 (requiring the Reorganized Debtors to "[file all preliminary objections to the False Police Report Claimants' proofs of claim . . . by no later than September 20, 2021]").  The Reorganized Debtors have styled this Objection as "substantive" only because it does not expressly fall within the eight enumerated "non-substantive" grounds under Local Rule 3007-1(d).[18]  However, these "substantive" objections are procedural in nature, as they relate to the False Police Report Claimants' failure to file or state proper claims, not the underlying merits of the claims or allegations.  In other words, this Objection is akin to a motion to dismiss.  To the extent the Court overrules this Objection with respect to any of the Disputed Claims, the Reorganized Debtors respectfully request the Court waive Local Rule 3007-1(f)(iii) to allow them to assert further objections, if applicable, on any grounds permitted under applicable law.

65.    Such a waiver is authorized under Local Rule 1001-1(c), is consistent with the Court's August 18 ruling and Scheduling Order, and ensures the express reservation of the Reorganized Debtors' rights in the tiered process for litigating the False Police Report Claimants' claims.  Moreover, the Court has recently granted similar relief.  *See In re The Hertz Corporation*,

---

[18] The Disputed Claims arguably could be subject to an objection for "insufficient documentation" (*see* Local Rule 3007-1(d)(vi)), but filing a pro forma non-substantive objection on that basis would not properly present all of the threshold issues with the Disputed Claims.

Case No. 20-11218 (MFW) (Bankr. D. Del. June 25, 2021) (D.I. 5428) (granting waiver of rule

for substantive objection to certain "no liability" claims); *see also In re Mallinckrodt plc*, Case No.

20-12522 (JTD) (Bankr. D. Del. July 30, 2021) (D.I. 3478) (granting waiver for all substantive

omnibus objections in cases).  The Reorganized Debtors respectfully request the same relief here.

<u>**RESPONSES TO THIS OBJECTION**</u>

66.    <u>Filing and Service of Responses</u>: To contest the Objection, a claimant must file and

serve a written response to the Objection (a "**Response**") so that it is actually received by the Clerk

of the Court and the parties in the following paragraph no later than October 20, 2021 (the

"**Response Deadline**").    Claimants should locate their names and Disputed Claims on

**Schedules 1–3** to the Proposed Order, and carefully review the Objection.  A Response must

address each ground upon which the Reorganized Debtors object to a particular Disputed Claim.

A hearing to consider the Reorganized Debtors' Objection, if necessary, will be held on

November 4, 2021 at 10:30 a.m. (E.T.), before the Honorable Mary F. Walrath, United States

Bankruptcy Judge (the "**Hearing**").    The Hearing may be held via videoconference or

teleconference, with access instructions to be filed on the Court's docket with the agenda for the

Hearing.

67.    Each Response must be filed and served on the following entities at the following

addresses: (a) if not filed using the Court's CM/ECF system, Office of the Clerk of the United

States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor,

Wilmington, DE 19801; counsel for the Reorganized Debtors, (i) White & Case LLP,

J. Christopher    Shore    and    Samuel    P.    Hershey    (cshore@whitecase.com;

sam.hershey@whitecase.com); and (ii) Richards, Layton & Finger, P.A., Robert J. Stearn, Jr.,

Brett M. Haywood, and Christopher M. De Lillo (stearn@rlf.com; haywood@rlf.com;

delillo@rlf.com).

68.  <u>Content of Responses</u>: Each Response to this Objection must, at a minimum, contain the following information:

   i.  a caption setting forth the name of the Court, the name of the Reorganized Debtors, the case number, and the title of the Objection to which the Response is directed;

   ii.  the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

   iii.  the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection; and

   iv.  the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Reorganized Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

69.  If a claimant fails to timely file a Response by the Response Deadline, the Reorganized Debtors may present to the Court an appropriate order disallowing the Disputed Claims without further notice to the claimant or a hearing.

70.  <u>Separate Contested Matter</u>: The objection by the Reorganized Debtors to each claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

<u>**RESERVATION OF RIGHTS**</u>

71.  The Reorganized Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Reorganized Debtors and their estates.

72.  Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Reorganized

Debtors, or any successor to the Reorganized Debtors, may have to enforce rights of setoff against the claimants.

73.     Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Reorganized Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; or (f) a waiver of any of the Reorganized Debtors' claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## COMPLIANCE WITH LOCAL RULE 3007-1

74.     To the best of the Reorganized Debtors' knowledge and belief, this Objection complies with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes any deviations are not material and respectfully requests that the Court waive any requirement.

## NOTICE

75.     Notice of this Objection has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the Committee; (iii) the claimants whose claims are subject to this Objection; (iv) counsel of record to the claimants; and (v) any other party entitled to receive notice pursuant to Bankruptcy Rule 2002 in accordance with paragraph 78 of the Confirmation Order.  The Reorganized Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **NO PREVIOUS REQUEST**

76.    No previous request for the relief sought herein has been made by the Reorganized

Debtors to this or any other court.

WHEREFORE the Reorganized Debtors respectfully request that the Court sustain this Objection and grant such other and further relief as it deems just and proper.

Dated:  September 20, 2021

*/s/ Christopher M. De Lillo*
**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
Christopher M. De Lillo (No. 6355)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Collins@rlf.com
Stearn@rlf.com
Knight@rlf.com
Haywood@rlf.com
DeLillo@rlf.com
Noble@rlf.com

—and—

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:      (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (admitted *pro hac vice*)
David M. Turetsky (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Andrea Amulic (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:      (212) 819-8200
cshore@whitecase.com
david.turetsky@whitecase.com
sam.hershey@whitecase.com
andrea.amulic@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone:      (312) 881-5400
jzakia@whitecase.com
laura.baccash@whitecase.com

Ronald K. Gorsich (admitted *pro hac vice*)
Aaron Colodny (admitted *pro hac vice*)
Andrew Mackintosh (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:      (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
amackintosh@whitecase.com
doah.kim@whitecase.com

*Co-Counsel to the Reorganized Debtors*